JEROME F. BIRN, JR., State Bar No. 128561
CATHERINE E. MORENO, State Bar No. 264517
DYLAN G. SAVAGE, State Bar No. 310452
ELIZABETH R. GAVIN, State Bar No. 305017
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: jbirn@wsgr.com
        cmoreno@wsgr.com
        dsavage@wsgr.com
        bgavin@wsgr.com

Attorneys for Defendants
eHealth, Inc., Scott N. Flanders, David K.
Francis, and Derek N. Yung

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIGNESHKUMAR B. PATEL, individual and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>EHEALTH, INC., SCOTT N. FLANDERS, DEREK N. YUNG, and DAVID K. FRANCIS,<br><br>                    Defendant. | CASE NO.: 4:20-cv-02395<br><br>**DECLARATION OF CATHERINE E. MORENO IN SUPPORT OF JOINT STIPULATION REGARDING RESPONSE TO COMPLAINT** |

I, Catherine E. Moreno, declare:

1.      I am a partner at the law firm of Wilson Sonsini Goodrich & Rosati P.C., counsel for defendants eHealth, Inc., Scott N. Flanders, David K. Francis, and Derek N. Yung (collectively, "Defendants"), and am licensed to practice law in the State of California and admitted to practice before this Court.  I have personal knowledge of the facts set forth herein and, if called as a witness, could testify thereto.

2.      On April 8, 2020, Plaintiff Jigneshkumar B. Patel ("Plaintiff"), individually and on behalf of all others similarly situated, commenced this action by filing a putative class action complaint (the "Patel Complaint") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (ECF No. 1).

3.      This action is governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3) (the "PSLRA"), which, *inter alia*, provides that, following notice to the proposed class, the Court must consolidate any substantially similar actions and appoint a lead plaintiff for prosecution of the consolidated action.

4.      The PSLRA (15 U.S.C. § 78u–4(b)(3)(B)) also provides that, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary."

5.      Furthermore, in *Medhekar v. United States District Court*, 99 F.3d 325 (9th Cir. 1996) the Ninth Circuit Court of Appeals held that the initial disclosure requirements of Rule 26(a)(1) are "discovery" for purposes of the PSLRA's stay provision, and that such disclosures must be stayed pending the disposition of a motion to dismiss in an action covered by the PSLRA. *Id*. at 328-29.

6.      On April 10, 2020, the Court set an initial case management conference for July 14, 2020, as well as related deadlines under Fed. R. Civ. P. 26 and ADR L.R. 3-5 & 16-9 (ECF No. 8) (the "April 10 Order").  The April 10 Order would require the parties to make initial disclosures pursuant to Fed R. Civ. P. 26(a) and to file an associated Rule 26(f) report.

7.    On April 20, 2020, Plaintiff filed his Notice of Publication of PSLRA Notice Pursuant to Local Rule 23-1(a) ("PSLRA Notice") (ECF No. 10).  As set forth in the PSLRA Notice, the deadline under the PSLRA for any member of the purported class to move the Court to serve as lead plaintiff is June 8, 2020.

8.    Following the appointment of a lead plaintiff and lead counsel, the parties expect that a consolidated, amended complaint will be filed, which will supersede the existing complaint.

9.    On April 21, 2020, I executed on behalf of each of Defendants a Waiver of the Service of Summons ("Waivers").  Pursuant to these Waivers, Defendants' deadline to respond to the Patel Complaint is June 19, 2020.

10.    The parties have conferred regarding Defendants' deadline to respond to the complaint, and agree that, in the interests of judicial efficiency and economy of the parties' resources, Defendants should not be obligated to respond to the complaint until after a lead plaintiff has been appointed, a lead counsel selected, and a consolidated and/or amended complaint is filed or designated.

11.    The parties also agree that, in light of the PSLRA's discovery stay, no Rule 26(a) disclosures or Rule 26(f) Report should be required at this time.  The parties further agree that holding a CMC or other ADR proceedings prior to the anticipated filing of an amended consolidated complaint and any response thereto could result in duplicative effort and waste of judicial resources.

12.    The relief requested in the Stipulation and [Proposed] Order Regarding Response to Complaint filed concurrently with this declaration would have the effect of taking Defendants' deadline to respond to the existing complaint (which will be superseded by a consolidated, amended complaint), off calendar pending the Court's appointment of a lead plaintiff, and the filing of a consolidated, amended complaint.  It would further adjourn the case management conference currently set for July 14, 2020 and the related deadlines set forth in Paragraph 6

above and ECF No. 8, including the obligation to complete initial disclosures pursuant to Fed. R. Civ. P. 26(a), file a Fed. R. Civ. P. 26(f) report, and engage in ADR selection processes.

13.    There have been no previous time modifications in this case.

14.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of May, in Los Altos, California.


By:    */s/Catherine E. Moreno*
           Catherine E. Moreno