**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant Billy White*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIGNESHKUMAR B. PATEL, on behalf of himself and a class of similarly situated investors,<br><br>Plaintiff,<br><br>v.<br><br>eHEALTH, INC., SCOTT N. FLANDERS, DEREK N. YUNG, and DAVID K. FRANCIS,<br><br>Defendants. | Case No. 4:20-cv-02395-JST<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S MOTION FOR:**<br>**(1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL**<br><br>Date:        July 22, 2020<br>Time:        2:00 p.m.<br>Courtroom:  6-2nd Floor<br>Judge:      Hon. Jon S. Tigar |
| PATRICE BERTRAND, on behalf of himself and a class of similarly situated investors,<br><br>Plaintiff,<br><br>v.<br><br>eHEALTH, INC., SCOTT N. FLANDERS, DEREK N. YUNG, and DAVID K. FRANCIS,<br><br>Defendants. | Case No. 4:20-cv-02967-JST |

## **TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT ................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ................................................................1

III.    STATEMENT OF FACTS ................................................................................................2

IV.     ARGUMENT ....................................................................................................................3

    A.      Consolidation of the Actions is Appropriate ........................................................3

    B.      Appointing Movant as Lead Plaintiff is Appropriate ...........................................4

        1.      The Procedure Required by the PSLRA .........................................................4

            a.      Movant Is Willing to Serve as Class Representative ........................................5

            b.      Movant Has the Requisite Financial Interest in the Relief Sought by the Class ............5

        2.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ....................................................................................................6

            a.      Movant's Claims Are Typical of the Claims of All the Class Members ........................6

            b.      Movant Will Adequately Represent the Class ...............................................................7

    C.      Approving Movant's Choice of Counsel is Appropriate ........................................8

V.      CONCLUSION ................................................................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL

# TABLE OF AUTHORITIES

## Cases

*Booth v. Strategic Realty Trust, Inc.*,
No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ...........................5

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...............................................................................................1, 5, 6

*Crawford v. Honig*,
37 F.3d 485 (9th Cir. 1994) ............................................................................................................8

*Deinnocentis v. Dropbox, Inc.*,
No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020*)* ............................9

*In re Drexel Burnham Lambert Grp.*,
960 F.2d 285 (2d Cir. 1992)............................................................................................................7

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ....................................................................................................7

*Francisco v. Abengoa, S.A.*,
No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ...........................9

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ........................................................................................................7

*Haung v. Acterna Corp.*,
220 F.R.D. 255 (D. Md. 2004)........................................................................................................6

*Isaacs v. Musk*,
No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27,
2018), .............................................................................................................................................9

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)......................................................................................................3, 4

*Johnson v. OCZ Tech. Grp.*,
2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) .........................................................1, 5, 8

*Levin v. Res. Capital Corp.*,
No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016) .........................9

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998)........................................................................................................6

*Mitchell v. Complete Mgmt., Inc.*,
1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999)..............................................................3

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................................................7

*Pope v. Navient Corp.*,
No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018).....................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S
MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD
PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL

*Primavera Familienstifung v. Askin*,
    173 F.R.D. 115 (S.D.N.Y. 1997) ...................................................................................................3

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993)...........................................................................................................7

*In re Sundial Growers Inc. Sec. Litig.*,
    No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019).......................................................................9

*In re Tesla, Inc. Sec. Litig.*,
    No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17,
    2018) ................................................................................................................................................9

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984)............................................................................................................7

*Weisz v. Calpine Corp.*,
    2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 19, 2002)...............................................................3

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ....................................................................................................3

*Zhang v. Valaris PLC, et al.*,
    No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019)........................................................................9

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)................................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................................................passim

**Rules**

Fed. R. Civ. P. 23(a) ..........................................................................................................1, 6, 7, 8

Fed. R. Civ. P. 42(a) ........................................................................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S
MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD
PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL

## I.    SUMMARY OF ARGUMENT

Presently pending before the Court are two related securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of eHealth, Inc. ("eHealth" or the "Company") between March 19, 2018 and April 7, 2020, inclusive (the "Class Period"). Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.[1]

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Billy White ("Movant") lost approximately $44,106.20 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[2] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) the Actions be consolidated; (2) he be appointed Lead Plaintiff; and (3) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

---

[1] Specifically, Plaintiffs allege violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against eHealth and certain directors and officers of eHealth (the "Individual Defendants" and together with the Company or eHealth, "Defendants").

[2] Movant's certification identifying his transactions in eHealth, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Adam C. McCall ("McCall Decl"), as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired common stock during the Class Period.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL

2.    Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

3.    Whether the Court should appoint Movant's selection of Levi & Korsinsky as lead counsel for the proposed Class.

### III.    STATEMENT OF FACTS[4]

eHealth is a health insurance marketplace with a technology and service platform that provides consumer engagement, education, and health insurance enrollment solutions. ¶ 2. Its common stock trades on the Nasdaq stock exchange under the symbol EHTH. ¶ 15.

Throughout the Class Period, Defendants misrepresented and/or failed to disclose to investors: (1) its highly aggressive accounting and modeling assumptions; (2) its skyrocketing rate of member churn, resulting from eHealth's pursuit of low quality, lossmaking growth; (3) its reliance on direct response television advertising, which attracts an unprofitable, high churn enrollee; and (4) as a result of the foregoing, Defendants' public statements were materially false and misleading at all relevant times. ¶ 4.

In violation of the Exchange Act, eHealth misled investors as to its highly aggressive accounting and modeling assumptions, the significant increase in member churn after eHealth adopted Accounting Standards Codification 606 on or about January 1, 2018, and its booking of multiple years of revenue at one time. ¶ 3. This has led to inflated financial results. Based on these representations, eHealth's stock price soared to a high of $152.19 per share. *Id.*

Before the markets opened on April 8, 2020, analyst Muddy Waters Research published a report in which it wrote that "EHTH's highly aggressive accounting masks what we believe is a significantly unprofitable business." ¶ 5. Muddy Waters continued that "EHTH's persistence assumptions in its LTV2 model seem highly aggressive when compared to reality," that "[a]fter ASC 606 went into effect, member churn immediately skyrocketed," and that "EHTH is pursuing low quality, lossmaking growth while its LTVs are based on lower churn, pre-growth cohorts." *Id.* Muddy Waters concluded that "the key driver of growth since 2018 has been EHTH's reliance on Direct

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws filed in the first-filed Action captioned *Patel v. eHealth, Inc., et al.*, 4:20-cv-02395-JST (N.D. Cal. Apr. 8, 2020) (the "*Patel* Action"). The facts set forth in the Complaint are incorporated herein by reference.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL

Response television advertising, which attracts an unprofitable, high churn enrollee. To generate this unprofitable growth, EHTH has been incinerating cash, which we expect it to continue to do until this value destruction slows down or stops. EHTH management is, in our view, running a massive stock promotion." *Id.*

On this news, EHTH's stock plunged from its close of $116.02 per share on April 7, 2020, to close on April 8, 2020 at $103.20 per share, a drop of approximately 12%, or $12.82. ¶ 6.

## IV.   ARGUMENT

### A.   Consolidation of the Actions is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions."  *Id*.

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation") (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation.  *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454, 1999 U.S. Dist. LEXIS 14460, *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.  *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, at *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL

involve the same subject matter and are based on the same wrongful course of conduct. Each names eHealth and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

**B.      Appointing Movant as Lead Plaintiff is Appropriate**

**1.      The Procedure Required by the PSLRA**

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL

adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at \*4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Actions.

### a.    Movant Is Willing to Serve as Class Representative

On April 8, 2020, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against eHealth and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[8]

Movant has reviewed a complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at \*6.

### b.    Movant Has the Requisite Financial Interest in the Relief Sought by the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* McCall Decl, Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at \*3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased eHealth shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $44,106.20 under a LIFO and *Dura* LIFO analysis. *See* McCall

---

[8] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. A copy of the Notice is attached as Exhibit C to the McCall Decl.

5

Decl, Ex. B.  In addition, Movant held 1,000 shares of eHealth through the end of the Class Period. *Id*.  Movant thus has a significant financial interest in the outcome of this case.  To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**2.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage.  *See Cavanaugh*, 306 F.3d at 730, n.5, 732.  Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage.  *See Takeda*, 67 F. Supp. 2d at 1136.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Federal Rules of Civil Procedure 23, thereby justifying his appointment as Lead Plaintiff.

**a.    Movant's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are

6

"typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent Class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired eHealth securities during the Class Period at prices artificially inflated by the Defendants' materially false and misleading statements, and were damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.      Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class.  Movant is the owner of a fish market, Captain White Seafood City, legally named BRW, Inc., located in Washington, D.C. He resides in Great Falls, Virginia, and considers himself to be a sophisticated investor, having been investing in the stock market for over 40 years. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class.  15 U.S.C. § 78u-4(a)(3)(B); *see*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL

*Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See Johnson*, 2013 U.S. Dist. LEXIS 1610, at *8 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses).

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

### C.   Approving Movant's Choice of Counsel is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these, and are well-qualified to represent the Class. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL

*Deinnocentis v. Dropbox, Inc.,* No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020*); Zhang v. Valaris PLC, et al.,* No. 1:19-cv-07816-NRB (S.D.N.Y. Dec. 23, 2019); *In re Sundial Growers Inc. Sec. Litig.,* No. 1:19-cv-08913-ALC (S.D.N.Y. Dec. 20, 2019); *Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* McCall Decl, Ex. D (the firm résumé of Levi & Korsinsky).

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the consolidated action; (3) approve Levi & Korsinsky as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

*[Signature on Following Page]*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL

Dated: June 8, 2020

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam C. McCall*
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant Billy White and
Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BILLY WHITE'S
MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD
PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL