Whitney E. Street (CA Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street Suite 1250
San Francisco, CA 94111
Tel.: (415) 968-8999
Fax: (617) 507-6020
whitney@blockesq.com

Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockesq.com

Attorneys for Movant Jigneshkumar B. Patel

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| JIGNESHKUMAR B. PATEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>eHEALTH, INC., SCOTT N. FLANDERS, DEREK N. YUNG, and DAVID K. FRANCIS,<br><br>Defendants. | No. 4:20-cv-02395-JST<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF PSLRA CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Date: July 22, 2020<br>Time: 2:00 p.m.<br>Ctrm.: 6<br><br>The Hon. Jon S. Tigar |

| | |
|---|---|
| PATRICE BERTRAND, individually and on behalf of all others similarly situated, | No. 4:20-cv-02967-JST |
| Plaintiff, | |
| v. | |
| eHEALTH, INC., SCOTT N. FLANDERS, DEREK N. YUNG, and DAVID K. FRANCIS, | |
| Defendants. | |

MOTION FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 4:20-cv-02395-JST; 4:20-cv-02967-JST

- 2 -

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on July 22, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Jon S. Tigar, in Courtroom 6 on the 2nd Floor of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, putative class member Jigneshkumar B. Patel ("Patel") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) consolidating the two above-captioned cases; (2) appointing Patel as Lead Plaintiff; and (3) approving Patel's selection of Block & Leviton LLP as Lead Counsel. This Motion is made on the grounds that Patel is the most adequate proposed lead plaintiff.

Patel seeks appointment as Lead Plaintiff and approval of his choice of Block & Leviton LLP as Lead Counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure, and the PSLRA. This Motion is based on this Notice and memorandum of law, the Declaration of Jacob A. Walker, the Court's complete files and records in this action, and such further argument as the Court may allow at a hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On April 8, 2020, Patel filed the above-captioned securities fraud class action on behalf of purchasers of eHealth, Inc. common stock between March 19, 2018 and April 7, 2020 (the "Class Period"). The lawsuit alleges claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated

thereunder (17 C.F.R. § 240.10b-5). On April 30, 2020, a second action was filed alleging the same claims, against the same Defendants, using the same Class Period. *See Bertrand v. eHealth, Inc., et al.*, No 4:20-cv-02967-JST.[1]

The PSLRA requires the Court to "consider any motion made by a purported class member," and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the PSLRA, the Court should "adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Court should appoint Patel as Lead Plaintiff because he has timely moved for such appointment, has a substantial financial interest in the outcome of this litigation, and is a typical and adequate class representative. The Court should also approve Patel's selection of Block & Leviton LLP as Lead Counsel because the firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members. Finally, and prior to the appointment of lead counsel, the Court should consolidate the two above-captioned related PSLRA cases.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the *Patel* and *Bertrand* actions under 15 U.S.C. § 78u-4(a)(3)(B)(ii);

---

[1] The *Bertrand* action has been related to the first-filed *Patel* action, but the two have not yet been formally consolidated. *See* Case No. 4:20-cv-02395, ECF No. 18.

2.      Whether the Court should appoint Patel as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3); and

3.      Whether the Court should approve Patel's selection of Block & Leviton LLP as Lead Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### III.    STATEMENT OF FACTS[2]

eHealth is a health insurance marketplace with a technology and service platform that provides consumer engagement, education, and health insurance enrollment solutions. ¶ 2. The lawsuits allege that, in violation of the Exchange Act, Defendants[3] misled investors as to its highly aggressive accounting and modeling assumptions, the significant increase in member churn after eHealth adopted Accounting Standards Codification 606 on or about January 1, 2018, and its booking of multiple years of revenue at one time. ¶ 3.

On April 8, 2020, analyst Muddy Waters Research published a report in which it wrote that "EHTH's highly aggressive accounting masks what we believe is a significantly unprofitable business." ¶ 5. Muddy Waters Research's report continued that "EHTH's persistent assumptions in its LTV [long-term value] model seem highly aggressive when compared to reality, that "[a]fter ASC 606 went into effect, member churn immediately skyrocketed," and that "EHTH is pursuing low quality, lossmaking growth while its LTVs are based on lower churn, pre-growth cohorts." *Id.* Muddy Waters Research concluded that "the key driver of growth since 2018 has been EHTH's reliance on Direct Response television advertising, which attracts an unprofitable,

---

[2] All references to "¶_" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws filed in the above-captioned *Patel* lawsuit. *See* Case No. 4:20-cv-02395, ECF No. 1.

[3] Defendants in these lawsuits are eHealth, Scott N. Flanders (eHealth's Chief Executive Officer), Derek N. Yung (eHealth's Chief Financial Officer), and David K. Francis (eHealth's Chief Operating Officer). ¶¶ 15-18.

MOTION FOR CONSOLIDATION, APPT. AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos.    - 3 -
4:20-cv-02395-JST; 4:20-cv-02967-JST

high churn enrollee. To generate this unprofitable growth, EHTH has been incinerating cash, which we expect it to continue to do until value destruction slows down or stops. EHTH management is, in our view, running a massive stock promotion." *Id.*

On this news, the price of eHealth common stock fell from its April 7, 2020 closing price of $116.02 to an April 8, 2020 close of $103.20 per share, a one day drop of $12.82 or approximately 12%. ¶ 6. The lawsuit alleges that investors who purchased eHealth common stock during the Class Period suffered damages due to Defendants' misstatements, and asserts claims under §§ 10(b) and 20(a) of the Exchange Act. *Id.*, ¶¶ 1, 7.

## IV.   ARGUMENT

### A.  The Court Should Consolidate the PSLRA Cases

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed," the court shall not make the determination of the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77u-4(a)(3)(B)(ii). Rule 42(a) of the Federal Rules of Civil Procedure grants the court discretion to consolidate "actions involving a common question of law or fact." *Curry v. Hansen Med., Inc.*, No. 09-cv-5094, 2010 WL 702432, at *1 (N.D. Cal. Feb. 25, 2010) (quoting Fed. R. Civ. P. 42(a)).

Here, as described above, the *Patel* and *Bertrand* lawsuits, which have already been related, assert the same legal claims, against the same Defendants, and both arise under the same set of facts. As such, they qualify for consolidation under Fed. R. Civ. P. 42(a). Accordingly, the cases should be consolidated into the first-filed *Patel* action, 4:20-cv-02395-JST. Upon selection as Lead Plaintiff, Patel proposes to file a single consolidated class action complaint.

Motion for Consolidation, Appt. as Lead Plaintiff, and Approval of Lead Counsel - Nos. 4:20-cv-02395-JST; 4:20-cv-02967-JST

- 4 -

**B.  The Court Should Appoint Patel as Lead Plaintiff**

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the federal securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, June 8, 2020), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir 2002).

Patel satisfies each of these requirements, and the Court should therefore appoint him as Lead Plaintiff.

MOTION FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 4:20-cv-02395-JST; 4:20-cv-02967-JST

- 5 -

### a.  The Motion Is Timely

The statutorily-required notice of this action was published on April 8, 2020, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by June 8, 2020. *See* Ex. A to the Declaration of Jacob A. Walker (the "Walker Decl.").

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Patel timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Patel has signed a certification pursuant to the PLRSA. *See* Walker Decl., Ex. B. Patel has selected and retained qualified counsel to represent him and the proposed class. *See* Walker Decl. Ex. D. Accordingly, Patel is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### b.  Patel Has a Substantial Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit).

During the Class Period, as evidenced by, among other things, Patel's accompanying signed certification and loss chart, Patel incurred substantial losses of approximately $2,996.33 on his class period transactions in eHealth stock. *See* Walker Decl. Exs. B, C. At the time of this filing, Patel believes that he possesses the largest financial interest of any movant seeking lead

plaintiff status. Accordingly, Patel is entitled to the presumption that he is the most adequate lead plaintiff.

### c. Patel Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). At the lead plaintiff stage of the litigation, "only a preliminary showing is necessary" for the typicality and adequate of representation requirements. *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009), citing *Cavanaugh*, 306 F.3d at 729-31.

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Cavanaugh*, 306 F.3d at 730 (quoting Fed. R. Civ. P. 23(a)(4)).

Patel has submitted a sworn certification confirming his desire, willingness, and ability to serve as a lead plaintiff. *See* Walker Decl., Ex. B. Like all class members, Patel purchased eHealth stock during the Class Period at allegedly inflated prices and suffered damages when Defendants' alleged misconduct came to light. *Id.* at Exs. B, C. Patel's substantial financial interest indicates that he has the requisite incentive to vigorously represent the putative class's

claims. Moreover, Patel is not subject to unique defenses or aware of any conflicts between his claims and those asserted by the class. Finally, as discussed below, he has selected qualified counsel, highly experienced in securities litigation.

Patel's common interests shared with the class, substantial financial interest in this Action, and selection of qualified counsel demonstrate that he *prima facie* satisfies the Rule 23 inquiries at this stage of the litigation.

### C. The Court Should Approve Patel's Selection of Block & Leviton LLP as Lead Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Patel has selected Block & Leviton LLP, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Walker Decl., Ex. D. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve Patel's selection of Block & Leviton LLP as Lead Counsel.

MOTION FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 4:20-cv-02395-JST; 4:20-cv-02967-JST

- 8 -

## V.    CONCLUSION

Patel has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. Accordingly, Patel respectfully requests that the Court: (1) consolidate the related *Patel* and *Bertrand* actions; (2) appoint Patel as Lead Plaintiff; and (3) approve of Patel's selection of Block & Leviton LLP as Lead Counsel.

Dated: June 8, 2020                    Respectfully submitted,


By:  */s/ Whitney E. Street*
Whitney E. Street (CA Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street Suite 1250
San Francisco, CA 94111
Tel.: (415) 968-8999
Fax: (617) 507-6020
whitney@blockesq.com

Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockesq.com

*[Proposed] Lead Counsel for Patel and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Jacob A. Walker