# "EXHIBIT A"

**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant Billy White*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIGNESHKUMAR B. PATEL, on behalf of himself and a class of similarly situated investors,<br><br>        Plaintiff,<br><br>        v.<br><br>eHEALTH, INC., SCOTT N. FLANDERS, DEREK N. YUNG, and DAVID K. FRANCIS,<br><br>        Defendants. | Case No. 4:20-cv-02395-JST<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF**<br><br>Date:          July 22, 2020<br>Time:          2:00 p.m.<br>Courtroom:   6-2nd Floor<br>Judge:         Hon. Jon S. Tigar |
| PATRICE BERTRAND, on behalf of himself and a class of similarly situated investors,<br><br>        Plaintiff,<br><br>        v.<br><br>eHEALTH, INC., SCOTT N. FLANDERS, DEREK N. YUNG, and DAVID K. FRANCIS,<br><br>        Defendants. | Case No. 4:20-cv-02967-JST |

MOVANT BILLY WHITE'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF
NO. 4:20-CV-02395-JST; NO. 4:20-CV-02967-JST

## I.    PRELIMINARY STATEMENT

Movant Billy White's motion seeking consolidation of the above-captioned actions (the "Related Actions"), appointment as lead plaintiff, and approval of selection of counsel is currently unopposed. On June 8, 2020, motions for appointment as lead plaintiff were filed by: (1) Billy White (ECF No. 19); (2) Jigneshkumar B. Patel (ECF No. 24); and (3) George Lazopoulos (ECF No. 28). Both competing movants, Jigneshkumar B. Patel (ECF No. 24) and George Lazopoulos (ECF No. 28) have subsequently filed notices of non-opposition to Mr. White on June 17, 2020 (ECF No. 33) and June 22, 2020 (ECF No. 35), respectively.

The Court should appoint Mr. White to serve as lead plaintiff in the Related Actions. The Securities Exchange Act of 1934, as modified by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), provides a straight-forward mandate as to how courts should appoint a lead plaintiff. See *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). In any case subject to the PSLRA, the movant with the "largest financial interest" in the litigation that satisfies Rule 23's typicality and adequacy standards shall be appointed as the lead plaintiff. In this case, that movant is Mr. White.

Mr. White is the only remaining movant, and sustained the largest financial loss out of all original movants with an approximate loss of $44,106.20, ***thirteen times*** more than any other movant. Mr. White also meets the typicality and adequacy requirements of Rule 23, entitling him to the presumption of lead plaintiff. Like all members of the Class, Mr. White purchased shares of eHealth during the Class Period, and his claims are substantially similar, if not identical, to the absent Class members.  No proof exists to rebut the strong presumption created in Mr. White' favor, either. In fact, Mr. White has gone beyond the required *prima facie* showing of adequacy by providing the Court with his sophistication as a long-time business owner and his extensive 40 years of investing experience. For these reasons, the Court should grant Mr. White's motion in its entirety and deny all competing motions.

## II.    ARGUMENT

### A.    The PSLRA Process for Selecting a Lead Plaintiff.

Under the PSLRA, this Court is directed to "appoint as lead plaintiff 'the member or members

1

of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members.'" 15 U.S.C. § 78u-4(a)(3)(B)(i); *Wenderhold v. Cylink Corp. Inc.,* 188 F.R.D. 577, 584 (N.D. Cal. 1999).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Pivotal Software*, 2019 U.S. Dist. LEXIS 195360, at *12-13; *In re Stitch Fix, Inc. Sec. Litig.,* 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d at 729-30). "[T]he court must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *Cavanaugh,* 306 F.3d at 730). The movant with the largest financial interest and satisfies Rule 23, is then the "presumptive lead plaintiff". *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Cavanaugh*, 306 F.3d at 730.

**B.      Mr. White Has the Largest Financial Interest in the Relief Sought by the Class.**

The PSLRA does not explain how to calculate the greatest financial interest in the relief sought by the class. Courts in the Ninth Circuit and throughout the country often look to the *Olsten/Lax* factors for guidance, which include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (*i.e.* retained through the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc*., No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016). Most courts have found that the fourth factor, approximate loss suffered, is the most important factor and afford it the greatest weight in determining which movant has the largest financial interest. *Id.* (noting that "the last of these factors typically carries the most weight"); *see also In re Aqua Metals Sec. Litig*., No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *7 (N.D. Cal. May 23, 2018) (equating losses with greatest financial interest).

Mr. White has the largest financial interest in the relief sought by the Class, suffering the

greatest loss by more than ***thirteen times*** of any other movant. *See* ECF Nos. 21-2; 24-2; 29-3.

| MOVANT | GROSS SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | APPROXIMATE LOSSES |
|---|---|---|---|---|
| **Billy White** | **1,000** | **1,000** | **$147,306.20** | **$44,106.20** |
| ~~George Lazopoulos~~ | ~~100~~ | ~~100~~ | ~~$13,000.00~~ | ~~$3,300~~ |
| ~~Jigneshkumar B. Patel~~ | ~~200~~ | ~~200~~ | ~~$25,093.33~~ | ~~$2,996.33~~ |

As Mr. White is the only remaining movant, he has the largest financial interest. Additionally, as demonstrated in the above table, Mr. White has the largest financial interest, by far, under all of the *Olsten/Lax* factors as compared to the other movants. Under the most important factor, approximate loss suffered, Mr. White suffered $40,806.20 more than the nearest original movant, Mr. Lazopoulos. *See Paddock v. Dreamworks Animation SKG, Inc.,* No. CV 14-6053 SJO (Ex), 2014 U.S. Dist. LEXIS 194327, at *6 (C.D. Cal. Oct. 22, 2014) ("approximate loss [] is considered most important."). Therefore, Mr. White has the largest financial interest *vis-à-vis* other movants' totals.

**C.      No Other Movant Can Contest Mr. White's Adequacy and Typicality.**

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff, as they address the personal characteristic of the class representative. *See Ali v. Intel Corp*., No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May 29, 2018) (focusing on typicality and adequacy). Here, Mr. White satisfies both requirements, triggering the statutory presumption of lead plaintiff in his favor. As evidenced in his opening papers, Mr. White purchased ***ten times*** more eHealth shares during the Class period than any other movant, in the same manner as all other Class members, and holds no interest adverse to the rest of the class. *See* ECF Nos. 20 at 6-7; 21-1. Mr. White has also gone beyond making the *prima facie* showing of the typicality and adequacy requirements of Rule 23. He is more than qualified to represent the Class with 40+ years of investing experience and as a successful business

3

owner, managing his own fish market, named Captain White Seafood City in Washington D.C. *See* ECF Nos. 20, at 7; 21-1.

In considering step three of the lead plaintiff appointment process laid out in *Cavanaugh*, competing movants may attempt to rebut the presumptive lead plaintiff's showing of typicality and adequacy only with actual ***proof*** that the presumptive lead plaintiff cannot effectively represent the class or is subject to a unique defense. *In re Cavanaugh*, 306 F.3d at 740-41 ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class'"). "Speculative assertions" are insufficient to rebut the lead plaintiff presumption. See *Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (collecting cases).

Accordingly, no such proof exists to rebut the presumption in favor of Mr White, nor is he subject to a unique defense that would otherwise detract attention from the allegations of the Related Actions.

**D.      Approval of Mr. White's Choice of Counsel is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Sanders v. VeriFone Sys.,* No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000, at *11 (N.D. Cal. Oct. 7, 2013) ("'The District Court does not select class counsel at all', and typically approves the lead plaintiff's selection of counsel") (citing *In re Cavanaugh*, 306 F.3d at 732-34).

Mr. White selected and retained Levi & Korsinsky to serve as Lead Counsel for the Class.  Levi & Korsinsky has extensive experience in litigating securities class actions and has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country. *See Deinnocentis v. Dropbox, Inc.,* No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Roberts v. Bloom Energy Corporation, et al.,* 4:19-cv-02935-HSG (N.D. Cal. Sept. 3, 2019) ; *Melucci v. Corcept Therapeutics, Inc.,* No. 19-CV-01372-LHK, 2019 U.S. Dist. LEXIS 173932 (N.D. Cal. Oct.

4

7, 2019); *Isaacs v. Musk,* No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at \*20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.,* No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions.") *aff'd on mandamus sub nom*; *In re Aqua Metals Sec. Litig.,* No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at \*7 (N.D. Cal. May 23, 2018); Accordingly, Mr. White's choice of lead counsel should be approved. *See also* ECF No. 21-4.

## III.    CONCLUSION

Based on the foregoing, Mr. White respectfully requests that the Court grant his motion: (1) consolidating the Related Actions; (2) appointing Mr. White as lead plaintiff; (3) approving Levi & Korsinsky as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: June 22, 2020                               Respectfully submitted,

**LEVI & KORSINSKY, LLP**
/s/ *Adam C. McCall*
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant Billy White and
Proposed Lead Counsel for the Class*

MOVANT BILLY WHITE'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF
NO. 4:20-CV-02395-JST; NO. 4:20-CV-02967-JST