JEROME F. BIRN, JR., State Bar No. 128561
CATHERINE E. MORENO, State Bar No. 264517
BETTY CHANG ROWE, State Bar No. 214068
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: jbirn@wsgr.com
       cmoreno@wsgr.com
       browe@wsgr.com

Attorneys for Defendants
eHealth Inc., Scott N. Flanders,
Derek N. Yung, and David K. Francis

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE eHEALTH INC. SECURITIES LITIGATION<br><br>. | CASE NO.: 4:20-cv-02395-JST<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hearing Date: February 17, 2021<br>Time: 2:00 p.m.<br>Courtroom: 6<br>Honorable Jon S. Tigar |

DEFS. REQ. FOR JUDICIAL NOT. & NOT. OF
INCORP. ISO MOT. TO DISMISS AM. COMPLT;
CASE NO. 4:20-CV-02395-JST

Defendants eHealth, Inc. ("eHealth" or the "Company"), Scott N. Flanders, Derek N. Yung, and David K. Francis ("Defendants") hereby respectfully request that the Court consider certain documents incorporated by reference in Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint" or "¶") and judicially notice certain documents submitted in support of Defendants' Motion to Dismiss Amended Class Action Complaint ("Motion to Dismiss").  True and correct copies of the documents described herein are attached as exhibits ("Ex.") to the Declaration of Betty Chang Rowe.

## ARGUMENT

The Supreme Court has directed that a court, in ruling on a motion to dismiss a securities fraud complaint, "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1]  Consistent with this directive, Defendants submit for the Court's consideration certain of eHealth's filings with the Securities and Exchange Commission ("SEC"), excerpts from eleven earnings call transcripts, a short-seller report referenced in the Complaint, four analyst reports, and a chart of the Company's historical stock prices.  Not only are many of these documents incorporated by reference into the Complaint, they also are properly subject to judicial notice.  Consideration of documents under both doctrines is appropriate at the motion to dismiss stage.

**I.     THE COURT SHOULD CONSIDER THE FULL TEXT OF DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT**

The Ninth Circuit recently reaffirmed that on a motion to dismiss, the Court is permitted to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)), *cert. denied*, 139 S. Ct. 2615 (2019); *see Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042-43

---

[1] *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (affirming dismissal and reviewing documents incorporated by reference and matters subject to judicial notice).

(9th Cir. 2015) ("We may consider materials incorporated into the complaint") (citation omitted).

Under the "incorporation-by-reference" doctrine, the incorporated documents are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002; *see McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (same). The Court may consider the full text of incorporated documents, "including portions which were not mentioned in the complaints." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see Northstar*, 779 F.3d at 1043 (considering "entire content" of various SEC filings incorporated by reference). The doctrine is "designed to prevent artful pleading by plaintiffs[.]" *Orexigen*, 899 F.3d at 1003. In other words, it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Id.* at 1002; *Hessefort v. Super Micro Computer, Inc.*, 2020 WL 1551140, at *5 n.3 (N.D. Cal. Mar. 23, 2020) (Tigar, J.) (same).

To the extent an incorporated document contradicts a plaintiff's conclusory allegations, the Court need not accept those allegations as true. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"); *Biotechnology Value Fund, L.P. v. Celera Corp.*, 12 F. Supp. 3d 1194, 1201 (N.D. Cal. 2013) (refusing to find scienter based on a "central allegation" that was contradicted by an email incorporated by reference); *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (not accepting as true plaintiffs' allegations that were contradicted by conference call transcript).

Courts have considered a variety of documents under the incorporation by reference doctrine, including SEC filings, press releases, transcripts of earning calls and investor conferences. *See, e.g.*, *Orexigen*, 899 F.3d at 1003-07 (district court properly considered analyst report, blog posts, internet and other articles, agency report and registration statement under incorporation by reference doctrine); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (considering press releases, earnings call transcripts and SEC filings under incorporation by reference doctrine); *Aerohive*, 367 F. Supp. 3d at 1051 (complaint incorporated contents of quarterly earnings call, quarterly SEC reports); *In re SolarCity Corp. Sec. Litig.*, 274

F. Supp. 3d 972, 987-88 (N.D. Cal. 2017) (quarterly shareholder letter, transcripts of earnings call, slide decks, Forms 4, and proxy were referenced or necessarily relied on and were incorporated by reference).

Defendants therefore request that the Court consider the following documents, which the Complaint cites or necessarily relies on and which form the basis of Plaintiff's claims:

| | |
|---|---|
| Exhibit 1 | Excerpts from eHealth's Form 10-K for the year ended December 31, 2019, filed with the SEC on March 2, 2020 (the "2019 Form 10-K"), and cited in the Complaint at ¶¶ 4, 33, 94-98. |
| Exhibit 2 | Excerpts from eHealth's Form 10-K for the year ended December 31, 2018, filed with the SEC on March 14, 2019 (the "2018 Form 10-K"), and cited and/or quoted in the Complaint at ¶ 33. |
| Exhibit 4 | Excerpts from eHealth's Form 10-Q for the period ended June 30, 2019, filed with the SEC on August 8, 2019 and cited and/or quoted in the Complaint at ¶¶ 86-88. |
| Exhibit 6 | Excerpts from the S&P Global's Transcript of eHealth's Q4 2018 Earnings Conference Call on February 21, 2019, cited and/or quoted in the Complaint at ¶¶ 81-83. |
| Exhibit 7 | Excerpts from the S&P Global's Transcript of eHealth's Company Conference Presentation on November 12, 2019, cited and/or quoted in the Complaint at ¶ 111. |
| Exhibit 8 | Excerpts from the S&P Global's Transcript of eHealth's Q4 2019 Earnings Conference Call on February 20, 2020, cited and/or quoted in the Complaint at ¶¶ 90-92. |
| Exhibit 9 | Excerpts from the S&P Global's Transcript of eHealth's Q1 2020 Earnings Conference Call on April 23, 2020, cited and/or quoted in the Complaint at ¶¶ 99-101. |
| Exhibit 10 | Excerpts from eHealth's Form 10-K for the year ended December 31, 2017, filed with the SEC on March 19, 2018 (the "2017 Form 10-K"), and cited and/or quoted in the Complaint at ¶¶ 21-22, 69-71. |
| Exhibit 11 | Excerpts from eHealth's Q3 2019 Financial Results Conference Call Slides, attached as Exhibit 99.2 to eHealth's Form 8-K, filed with the SEC on October 25, 2019 and cited and/or quoted in the Complaint at ¶ 101. |
| Exhibit 15 | Report by Muddy Waters Capital LLC, dated April 8, 2020, and cited and/or quoted in the Complaint at ¶¶ 6, 48-53, 55-60, 63-64, 66-67. |
| Exhibit 23 | Excerpts from the S&P Global's Transcript of eHealth's Q2 2020 Earnings Conference Call on July 23, 2020, cited and/or quoted in the Complaint at ¶¶ 7, 62-65. |
| Exhibit 24 | Excerpts from the S&P Global's Transcript of eHealth's Q2 2018 Earnings Conference Call on July 26, 2018, cited and/or quoted in the Complaint at ¶ 110. |

Exhibit 26    Excerpts from the S&P Global's Transcript of eHealth's Q1 2018 Earnings Conference Call on April 26, 2018, cited and/or quoted in the Complaint at ¶¶ 74-75.

In addition to being incorporated into the Complaint, each of these exhibits is properly subject to judicial notice as shown below.

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF eHEALTH'S SEC FILINGS, CONFERENCE CALL TRANSCRIPTS, SHORT-SELLER AND ANALYST REPORTS AND STOCK PRICE MOVEMENT

Pursuant to Federal Rule of Evidence 201, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2). Courts take judicial notice of information "not subject to reasonable dispute."  *Ritchie*, 342 F.3d at 9008-9 (quoting Fed. R. Evid. 201(b)).  Facts are not subject to reasonable dispute if they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see Ritchie*, 342 F.3d at 909. The Court may consider such facts "at any stage of the proceeding" (Fed. R. Evid. 201(d)), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201."  *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012).

**SEC Filings.**  Courts routinely take judicial notice of filings with the SEC in the context of motions to dismiss.  *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding that district court's judicial notice of "a number of Corinthian's SEC filings . . . was proper"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on review of a Rule 12(b)(6) dismissal, court "may consider . . . any matter subject to judicial notice, such as SEC filings"); *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *3 (N.D. Cal. Mar. 23, 2020) (Tigar, J.) (taking judicial notice of "SEC filings" because the documents are, *inter alia*, "matters of public record" and "capable of determination by sources whose accuracy may not reasonably be questioned"), *appeal docketed*, No. 16033 (9th Cir. May 28, 2020); *Wanca v. Super Micro Computer, Inc.*, 2018 WL 3145649, at *4 (N.D. Cal. June 27, 2018) (taking judicial notice of SEC filings from 2014 and 2015).  "Judicial notice is appropriate

for SEC filings . . . as they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" *In re Network Assocs. Inc. II Sec. Litig.* 2003 WL 24051280, at *1 n.3 (N.D. Cal. Mar. 25, 2003) (quoting Fed. R. Evid. 201(b)).  When taking judicial notice, "[a] court must also consider – and identify – which fact or facts it is noticing[.]" *Orexigen*, 899 F.3d at 999.

Here, eHealth's annual reports from 2017 through 2019, proxy statements from 2017 through 2020, quarterly reports for the periods ending June 20, 2019 and March 31, 2020, press releases dated April 23, 2020 and July 23, 2020, and investor presentations for the Q3-19, Q1-20 and Q2-20 earnings calls are public records filed with the SEC.  The excerpts show eHealth's specific disclosures made to the market relating to the Company, including disclosures relating to its method of estimating the constrained lifetime value ("LTV") of insurance plans, its historical churn rates, financial results, and the risks associated with eHealth's business and LTV estimates.  *See Wanca*, 2018 WL 3145649, at *4 (taking judicial notice of "the fact the [SEC filings] impart particular information").  That eHealth made these disclosures is not subject to reasonable dispute, and they can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned (*i.e.*, filings with the SEC).  Fed. R. Evid. 201(b). Accordingly, the excerpts of eHealth's Forms 10-K for 2017-2019 (Exhibits 1-2, 10), proxy statements for 2017-2020 (Exhibits 29, 31-33), Form 10-Q for the periods ending June 30, 2018, June 30, 2019, and June 30, 2020 (Exhibits 4, 13, 25), press releases (Exhibits 21-22), and investor presentations (Exhibits 3, 11-12) are properly subject to judicial notice.  *See, e.g.*, *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020) (taking judicial notice of Forms 10-Q and 8-K that were not cited in the complaint because "the SEC filings are publicly-filed documents whose accuracy cannot reasonably be questioned"); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (taking judicial notice of Form 10-K that was not mentioned in the complaint "since SEC filings are routinely subject to judicial notice").

In addition, judicial notice of Form 4 filings here is proper "as their authenticity is not contested and the complaint necessarily relies on alleged insider sales to support an inference of scienter." *Curry v. Yelp Inc.*, 2015 WL 1849037, at *4 (N.D. Cal. Apr. 21, 2015) (Tigar, J.)

(taking judicial notice of Form 4 filings), *aff'd*, 875 F.3d 1219, 1226 & n.2 (9th Cir. 2017); *see GoPro*, 2019 WL 1231175, at *7 (taking judicial notice of Forms 4); *SolarCity*, 274 F. Supp. 3d at 988 ("courts in this district have taken judicial notice of SEC Form 4 and proxy statements, even when those documents were not referenced in the pleadings") (citing cases).

The proxy statements and Forms 4 for Mr. Flanders that were filed with the SEC (referenced below) are submitted to show Mr. Flanders' stock transactions that are relevant to Plaintiff's claim that the transactions support an inference of scienter. *See* ¶¶ 115-118. Accordingly, Defendants request that the Court take judicial notice of the following eHealth SEC filings:

| | |
|---|---|
| Exhibit 1 | Excerpts from eHealth's Form 10-K for the year ended December 31, 2019, filed with the SEC on March 2, 2020 and cited in the Complaint at ¶¶ 4, 33, 94-98. |
| Exhibit 2 | Excerpts from eHealth's Form 10-K for the year ended December 31, 2018, filed with the SEC on March 14, 2019, and cited and/or quoted in the Complaint at ¶ 33. |
| Exhibit 3 | Excerpts from eHealth's Q1 2020 Financial Results Conference Call Slides, attached as Exhibit 99.2 to eHealth's Form 8-K, filed with the SEC on April 23, 2020. |
| Exhibit 4 | Excerpts from eHealth's Form 10-Q for the period ended June 30, 2019, filed with the SEC on August 8, 2019 and cited and/or quoted in the Complaint at ¶¶ 86-88. |
| Exhibit 10 | Excerpts from eHealth's Form 10-K for the year ended December 31, 2017, filed with the SEC on March 19, 2018, and cited and/or quoted in the Complaint at ¶¶ 21-22, 69-71. |
| Exhibit 11 | Excerpts from eHealth's Q3 2019 Financial Results Conference Call Slides, attached as Exhibit 99.2 to eHealth's Form 8-K, filed with the SEC on October 25, 2019, and cited and/or quoted in the Complaint at ¶ 101. |
| Exhibit 12 | Excerpts from eHealth's Q2 2020 Financial Results Conference Call Slides, attached as Exhibit 99.2 to eHealth's Form 8-K, filed with the SEC on July 23, 2020. |
| Exhibit 13 | Excerpts from eHealth's Form 10-Q for the period ended June 30, 2020, filed with the SEC on August 6, 2020. |
| Exhibit 21 | eHealth's Press Release, attached as Exhibit 99.1 to eHealth's Form 8-K, filed with the SEC on April 23, 2020. |
| Exhibit 22 | eHealth's Press Release, attached as Exhibit 99.1 to eHealth's Form 8-K, filed with the SEC on July 23, 2020. |

| | |
|---|---|
| Exhibit 25 | Excerpts from eHealth's Form 10-Q for the period ended June 30, 2018, filed with the SEC on August 7, 2019 and cited and/or quoted in the Complaint at ¶¶ 77-78. |
| Exhibit 29 | Excerpts from eHealth's Form DEF 14A, filed with the SEC on May 1, 2017. |
| Exhibit 30 | Forms 4 for Scott N. Flanders, filed with the SEC on June 7, 2016; May 14, 2019; July 31, 2019; January 24, 2020. |
| Exhibit 31 | Excerpts from eHealth's Form DEF 14A, filed with the SEC on April 30, 2018. |
| Exhibit 32 | Excerpts from eHealth's Form DEF 14A, filed with the SEC on April 29, 2019. |
| Exhibit 33 | Excerpts from eHealth's Form DEF 14A, filed with the SEC on April 28, 2020. |

**Conference Call Transcripts.**  Courts also may take judicial notice of transcripts of earnings and conference calls, as they are matters of public record and are capable of determination by sources whose accuracy may not reasonably be questioned.  *See, e.g.*, *Lopes*, 2020 WL 1465932, at *3 (taking judicial notice of earnings call transcripts); *Bodri v. GoPro, Inc*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (Tigar, J.) (taking judicial notice of transcripts of earnings calls and conferences); *Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of transcripts of conference calls for the purpose of demonstrating what was disclosed to investors).  Thus, Defendants request that the Court judicially notice the following excerpts from the transcripts of eHealth's earnings calls and investor conference (many of which are referenced in the Complaint) for the purpose of showing disclosures made to the public.

| | |
|---|---|
| Exhibit 5 | Excerpts from the S&P Global's Transcript of eHealth's Q3 2018 Earnings Conference Call on October 25, 2018. |
| Exhibit 6 | Excerpts from the S&P Global's Transcript of eHealth's Q4 2018 Earnings Conference Call on February 21, 2019, cited and/or quoted in the Complaint at ¶¶ 81-83. |
| Exhibit 7 | Excerpts from the S&P Global's Transcript of eHealth's Company Conference Presentation on November 12, 2019, cited and/or quoted in the Complaint at ¶ 111. |
| Exhibit 8 | Excerpts from the S&P Global's Transcript of eHealth's Q4 2019 Earnings Conference Call on February 20, 2020, cited and/or quoted in the Complaint at ¶¶ 90-92. |

| Exhibit 9 | Excerpts from the S&P Global's Transcript of eHealth's Q1 2020 Earnings Conference Call on April 23, 2020, cited and/or quoted in the Complaint at ¶¶ 99-101. |
| --- | --- |
| Exhibit 14 | Excerpts from the S&P Global's Transcript of eHealth's Q2 2019 Earnings Conference Call on July 25, 2019. |
| Exhibit 23 | Excerpts from the S&P Global's Transcript of eHealth's Q2 2020 Earnings Conference Call on July 23, 2020, cited and/or quoted in the Complaint at ¶¶ 7, 62-65. |
| Exhibit 24 | Excerpts from the S&P Global's Transcript of eHealth's Q2 2018 Earnings Conference Call on July 26, 2018, cited and/or quoted in the Complaint at ¶ 110. |
| Exhibit 26 | Excerpts from the S&P Global's Transcript of eHealth's Q1 2018 Earnings Conference Call on April 26, 2018, cited and/or quoted in the Complaint at ¶¶ 74-75. |
| Exhibit 27 | Excerpts from the S&P Global's Transcript of eHealth's Analyst/Investor Day on May 7, 2019. |
| Exhibit 28 | Excerpts from the S&P Global's Transcript of eHealth's Q3 2019 Earnings Conference Call on October 24, 2019. |

**Short-Seller Report and Analyst Reports.** In addition, "courts routinely take judicial notice of analyst reports, not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public." *In re Century Alum. Co. Sec. Litig.*, 2011 WL 830174, at *8-9 (N.D. Cal. Mar. 3, 2011), *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *see Lopes*, 2020 WL 1465932, at *2-3 (taking judicial notice of analyst reports and conference call transcripts); *Bodri*, 252 F. Supp. 3d at 921 (taking judicial notice of Morgan Stanley research report). Accordingly, Defendants request that the Court judicially notice the following analyst reports and the short seller report that forms the basis of Plaintiff's claim and is referenced in the Complaint:

| Exhibit 15 | Report by Muddy Waters Capital LLC, dated April 8, 2020, and cited and/or quoted in the Complaint at ¶¶ 6, 48-53, 55-60, 63-64, 66-67. |
| --- | --- |
| Exhibit 17 | Credit Suisse, *eHealth: Here We Go Again…Concerns Around Churn/LTV Assumption Weighing on Shares*, dated April 8, 2020. |
| Exhibit 18 | RBC Capital Markets, *eHealth, Inc. Initial reaction to short report: nothing new*, dated April 8, 2020. |
| Exhibit 19 | SunTrust Robinson Humphrey, *eHealth, Inc.: Buyers on Weakness; Reiterate Buy and $250 PT*, dated April 8, 2020. |

Exhibit 20    Cantor Fitzgerald, *eHealth, Inc.: Share Selloff Overdone. Reiterate Overweight*, dated April 8, 2020.

The Court may properly notice these reports, not for the truth of the contents, but to demonstrate "that the market was aware of the information" contained therein. *Curry*, 2015 WL 1849037, at *5 (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999)).

**eHealth Stock Price History.** "Because publicly traded companies historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts *routinely* take judicial notice of them." *Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (emphasis added) (taking judicial notice of "data concerning Ixia's share price").[2] Likewise, the prices of eHealth's publicly traded stock "can be readily ascertained" and "are not subject to reasonable dispute." Therefore, the Court may take judicial notice of a table of eHealth's historical common stock prices from March 19, 2018 (one day prior to the beginning of the Class Period) through July 24, 2020 (one day after the end of the Class Period).[3] Accordingly, Defendants request that the Court take judicial notice of eHealth's stock price:

Exhibit 16    eHealth's daily closing stock price from March 18, 2018 to July 24, 2020, obtained from Yahoo!Finance on October 22, 2020.

---

[2] *See also, Metzler*, 540 F.3d at 1064 n.7 (holding that district court's judicial notice of Corinthian's reported stock price history "was proper"); *Wanca*, 2018 WL 3145649, at *4 (taking judicial notice of "a chart exhibiting the historical prices of Super Micro's common stock"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (taking judicial notice of stock prices).

[3] To the extent the Complaint selectively refers to certain of eHealth's stock prices during this time period (*see, e.g.*, ¶¶ 6, 61, 67), the Court may also consider those prices under the doctrine of incorporation by reference.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider and notice the above-referenced documents in connection with their Motion to Dismiss.

Respectfully submitted,

DATED: October 23, 2020

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: /s/ Jerome F. Birn, Jr.
        Jerome F. Birn, Jr.

Attorneys for Defendants eHealth, Inc., Scott N. Flanders, Derek N. Yung, and David K. Francis