JEROME F. BIRN, JR., State Bar No. 128561
CATHERINE E. MORENO, State Bar No. 264517
BETTY CHANG ROWE, State Bar No. 214068
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:      (650) 493-9300
Facsimile:      (650) 565-5100
Email:          jbirn@wsgr.com
                cmoreno@wsgr.com
                browe@wsgr.com

*Attorneys for Defendants eHealth, Inc.,*
*Scott N. Flanders, and Derek N. Yung*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE eHEALTH, INC. SECURITIES LITIGATION | Case No. 4:20-cv-02395-JST |
| | <u>CLASS ACTION</u> |
| | **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | <u>JURY TRIAL DEMANDED</u> |

Defendants eHealth, Inc. ("eHealth"), Scott N. Flanders ("Flanders"), Derek N. Yung ("Yung"), and David K. Francis ("Francis") (collectively, "Defendants") hereby submit the following Answer to the Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint," Dkt. No. 46) filed by Lead Plaintiff Billy White ("Plaintiff") on August 25, 2020 against Defendants (together with Plaintiff, the "Parties").

On August 12, 2021, the Court issued an Order granting in part and denying in part Defendants' motion to dismiss the Amended Complaint. *See* Dkt. No. 64 (the "Order"). Pursuant to the Order, only the allegations in Paragraphs 74-76 and 90-93 concerning the statements about costs made on April 26, 2018 and February 20, 2020 (the "Challenged Statements") were adequately pled under the standards set forth in the Private Securities Litigation Reform Act ("PSLRA"). Allegations that are not relevant to those remaining Challenged Statements do not require an answer. Defendants' Answer therefore need only respond to those paragraph allegations concerning those statements and matters the Court has deemed to survive Defendants' motion to dismiss. To the extent responses are ultimately deemed required, Defendants will supplement their responses.

Any allegation not expressly admitted is denied.[1] Any allegation that is admitted in part or admitted with qualification is admitted only as stated herein and is otherwise denied. In particular, the headings and prefatory material contained in the Amended Complaint are not substantive allegations to which an answer is required; to the extent that those items are intended as substantive allegations, Defendants deny them.

In answering an allegation, Defendants neither concede that such an allegation survived Defendants' motion to dismiss nor concedes that such allegation is relevant to the claims or remaining Challenged Statements. Furthermore, Defendants deny any allegation in any paragraph of the Amended Complaint which suggests any type of wrongdoing, misconduct, false or misleading statement, or other violation of law, including Section 10(b) (and Rule 10b-5

---

[1] Unless specifically stated otherwise, Defendants' answer to any footnote is included within the answer to the paragraph in the Amended Complaint which references that footnote.

promulgated thereunder) and Section 20(a) of the Securities Exchange Act of 1934 by Defendants, or which suggests that Defendants ever had any intent to deceive, manipulate or defraud, or acted with recklessness or scienter.

This Answer is based on Defendants' knowledge or recollection to date. Defendants reserve their right to amend this Answer during the course of the litigation.

Accordingly, for their Answer and Additional Defenses, Defendants state as follows:

**1.** Defendants admit that Lead Plaintiff purports to bring this suit as a federal securities class action on behalf of purchasers or acquirers of the common stock of eHealth. Defendants admit that Lead Plaintiff purports to represent the putative class over a period of March 19, 2018 through July 23, 2020, inclusive, but no class has been certified in this litigation for any period of time and Defendants deny that any purported class period should span this timeframe in light of the Court's Order. Defendants deny that Lead Plaintiff or any member of the putative class is entitled to any relief, and reserve all arguments in relation to class certification. Defendants otherwise deny the remaining allegations in Paragraph 1.

**2.** Defendants admit that eHealth is a leading private health insurance exchange where individuals, families and small businesses can compare health insurance products from leading insurers side-by-side and purchase and enroll in coverage online. Defendants admit that one of eHealth's primary sources of revenue consists of commissions generated from health insurance carriers associated with selling health insurance plans. eHealth admits that it adopted and implemented Accounting Standard Codification 606 ("ASC 606"), effective January 1, 2018, under the full retrospective method, and recognized revenue pursuant thereto. Defendants otherwise deny the remaining allegations in Paragraph 2.

**3.** To the extent Paragraph 3 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 3. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

**4.** To the extent Paragraph 4 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 4. To the extent a response is required, Defendants admit that eHealth's annual report on Form 10-K for the 2019 fiscal year reported total revenue of $506,201,000 and income from operations as $81,409,000. Defendants otherwise deny the remaining allegations in Paragraph 4.

5.　　To the extent Paragraph 5 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 5.  To the extent a response is required, Defendants admit that eHealth's stock closed at $16.49 per share on January 2, 2018 and closed at $146.09 per share on March 4, 2020.  Defendants otherwise deny the remaining allegations in Paragraph 5.

6.　　To the extent Paragraph 6 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 6.  To the extent a response is required, Defendants admit that Paragraph 6 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny all allegations based on the report.  Defendants admit that eHealth's stock closed at $15.32 per share on March 19, 2018 and opened at $136.32 per share on April 7, 2020, and that eHealth's stock closed at $103.20 per share on April 8, 2020.  Defendants otherwise deny all remaining allegations in Paragraph 6.

7.　　To the extent Paragraph 7 refers to allegations regarding claims that were dismissed by the Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 7.  To the extent a response is required, Defendants admit that eHealth announced its earnings results for the second quarter of fiscal year 2020 on July 23, 2020.  Defendants admit that Paragraph 7 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny all allegations based on the report.  Defendants admit that eHealth's stock closed at $114.00 per share on July 23, 2020 and closed at $79.17 per share on July 24, 2020.  Defendants otherwise deny all remaining allegations in Paragraph 7.

8.　　Defendants admit that Plaintiff purports to bring this action to recover alleged losses for putative class members, but Defendants deny that Plaintiff and any member of the putative class is entitled to damages for such alleged losses, if any.

9. The allegations in Paragraph 9 contain legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction over this action.

10. The allegations in Paragraph 10 contain legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District, admit that eHealth's principal executive offices are located in the city of Santa Clara in the state of California, but deny the remaining allegations in Paragraph 10.

11. The allegations in Paragraph 11 contain legal conclusions as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. Defendants lack knowledge and information sufficient to form a belief as to when Plaintiff purchased eHealth common stock. Defendants deny that the price of eHealth common stock was artificially inflated or that Plaintiff suffered damages, or that there were any "revelations" of any misrepresentations. Defendants deny all allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13 except deny that eHealth is traded on the New York Stock Exchange.

14. Defendants admit that Scott N. Flanders has served as the Chief Executive Officer of eHealth since May 2016 and as a director of eHealth since February 2008. Defendants admit that Mr. Flanders has made certain statements in press releases and earnings conference calls and has reviewed, signed, and/or certified certain public filings regarding eHealth. Defendants otherwise deny the remaining allegations in Paragraph 14.

15. Defendants deny that Derek N. Yung is currently the Chief Financial Officer of eHealth. Mr. Yung resigned from eHealth as of June 11, 2021. Defendants admit that Mr. Yung has made certain statements in press releases and earnings conference calls and has reviewed, signed, and/or certified certain public filings regarding eHealth. Defendants otherwise deny the remaining allegations in Paragraph 15.

DEFENDANTS' ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 4:20-CV-02395-JST

5

**16.** Defendants deny that Mr. Francis is currently the Chief Operating Officer of eHealth. Mr. Francis resigned from eHealth as of August 31, 2020. Defendants admit that Mr. Francis is the former Chief Financial Officer and Chief Operating Officer of eHealth and has made certain statements in press releases and earnings conference calls and has reviewed, signed, and/or certified certain public filings regarding eHealth. Defendants otherwise deny the remaining allegations in Paragraph 16.

**17.** Paragraph 17 contains legal conclusions as to which no response is required. Defendants admit that Messrs. Flanders, Yung, and Francis are named as defendants in this action and are referred to as the "Individual Defendants" in the Amended Complaint, and further admit that Messrs. Flanders, Yung, and Francis each had a role in preparing certain public filings made by eHealth and, in certain instances, other public statements such as press releases or presentations to analysts, but otherwise deny the remaining allegations in Paragraph 17.

**18.** Paragraph 18 is definitional and does not necessitate an answer.

**19.** Paragraph 19 is definitional and does not necessitate an answer.

**20.** Defendants deny the allegations in Paragraph 20.

**21.** To the extent Paragraph 21 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 21. To the extent a response is required, Mr. Yung denies knowledge or information sufficient to admit or deny the allegations of Paragraph 21 to the extent they relate to events prior to his arrival at the Company and on that basis denies the allegations. The remaining Defendants admit that Paragraph 21 purports to quote and characterize statements from an annual SEC filing, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context those statements, and refers to the filing itself. All Defendants otherwise deny the remaining allegations in Paragraph 21.

**22.** To the extent Paragraph 22 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond

to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 22. To the extent a response is required, Mr. Yung denies knowledge or information sufficient to admit or deny the allegations of Paragraph 22 to the extent they relate to events prior to his arrival at the Company and on that basis denies the allegations. The remaining Defendants admit that Paragraph 22 purports to quote and characterize statements from an unidentified source, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context those statements, and refers to the source itself. Defendants otherwise deny the remaining allegations in Paragraph 22.

23.     To the extent Paragraph 23 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 23. To the extent a response is required, Mr. Yung denies knowledge or information sufficient to admit or deny the allegations of Paragraph 23 to the extent they relate to events prior to his arrival at the Company and on that basis denies the allegations. Defendants admit that eHealth's acquisition of Wealth, Health and Life Advisors, LLC (d/b/a GoMedigap) was completed on or around January 22, 2018. Defendants otherwise deny the remaining allegations in Paragraph 23.

24.     To the extent Paragraph 24 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 24. To the extent a response is required, eHealth admits that the Company used a combination of cash and stock to acquire Wealth, Health and Life Advisors, LLC (d/b/a GoMedigap). eHealth admits that the Purchase Agreement provided for the payment of the acquisition price at closing of $15 million in cash, less $0.1 million cash acquired, and approximately 294,637 shares of eHealth's common stock. eHealth further admits that the Purchase Agreement set forth a conditional requirement, following the closing of the acquisition, that members, as defined therein, would be entitled to receive earnout payments with an aggregate value equal to approximately $30 million, consisting of approximately $20 million in cash and an aggregate of

approximately 589,275 shares of Company Common Stock, and that those payments were contingent on the final determination of the achievement of certain milestones in 2018 and 2019. Defendants further admit that, in February 2019 and January 2020, eHealth made its first and second earnout payments consisting of (1) $9.5 million in cash and 294,608 shares of common stock with a value of $17.3 million and (2) $8.8 million in cash and 294,608 shares of common stock with a value of $28.5 million. Defendants otherwise deny the remaining allegations in Paragraph 24.

25.    To the extent Paragraph 25 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 25. To the extent a response is required, Defendants admit that eHealth reported in its Form 10-K, dated March 13, 2019, that its marketing and advertising expenses increased by 26% ($17,065,000 million) between December 31, 2017 and December 31, 2018 and refer to the filing for its complete contents. Defendants otherwise deny the remaining allegations in Paragraph 25.

26.    To the extent Paragraph 26 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 26. To the extent a response is required, Defendants admit that eHealth reported in its Form 10-K, dated March 13, 2019, that there was a 39% growth in Medicare submitted applications, from 190,195 to 264,903 between December 31, 2017 and December 31, 2018. Defendants further admit that eHealth reported in its Form 10-K, dated March 13, 2019, that 239,688 total Medicare members were approved in the year ending December 31, 2018. Defendants refer to the filings for their complete contents. Defendants otherwise deny the remaining allegations in Paragraph 26.

27.    Defendants admit that eHealth generates revenue from commissions paid by health insurance companies for health insurance policies that eHealth sells on their behalf, some

DEFENDANTS' ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 4:20-CV-02395-JST

8

of which are Medicare-related insurance plans. Defendants otherwise deny the remaining allegations in Paragraph 27.

28. To the extent Paragraph 28 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 28. To the extent a response is required, Defendants deny the allegations in Paragraph 28, including, without limitation, because they mischaracterize, oversimplify, and/or inadequately explain the accounting rules and procedures applicable to eHealth's business operations.

29. eHealth admits that it adopted and implemented Accounting Standard Codification 606 ("ASC 606"), effective January 1, 2018, under the full retrospective method. To the extent that Lead Plaintiff purports to characterize ASC 606, Defendants refer to the language of ASC 606 itself. To the extent Paragraph 29 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 29. To the extent a response is required, Defendants deny the allegations in Paragraph 29, including, without limitation, because they mischaracterize, oversimplify, and/or inadequately explain the accounting rules and procedures applicable to eHealth's business operations.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants admit that the table included in Paragraph 31 purports to reflect a table that eHealth included in its Form 8-K dated December 17, 2018 and in its Form 10-K filed on March 14, 2019 to reflect the impact of the Company's ASC 606 adoption to its 2016 Income Statement. To the extent that Lead Plaintiff purports to quote and/or characterize data or figures from that table, Defendants refer to the filings themselves. Defendants deny any remaining allegations in Paragraph 31.

32. Defendants admit that the table included in Paragraph 32 purports to reflect a table that eHealth included in its in its Form 8-K dated December 17, 2018 and in its Form 10-K filed

on March 14, 2019 to reflect the impact of the Company's ASC 606 adoption to its 2017 Income Statement. To the extent that Lead Plaintiff purports to quote and/or characterize data or figures from that table, Defendants refer to the filings themselves. Defendants deny any remaining allegations in Paragraph 32.

33.    Defendants admit that the table included in Paragraph 33 purports to reflect a table that eHealth included in its Form 10-K filed on March 2, 2020 comparing various financial metrics across 2017, 2018, and 2019. To the extent that Lead Plaintiff purports to quote and/or characterize data or figures from that table, Defendants refer to the filings themselves. Defendants deny any remaining allegations in Paragraph 33.

34.    To the extent Paragraph 34 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 34. To the extent a response is required, Paragraph 34 purports to cite statements from an unnamed former employee. Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee or as to the purported substance of those statements and, on that basis, deny the allegations. Mr. Yung denies knowledge or information sufficient to admit or deny the allegations of Paragraph 34 to the extent they relate to events prior to his arrival at the Company and on that basis denies the allegations. All Defendants otherwise deny the remaining allegations in Paragraph 34.

35.    To the extent Paragraph 35 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 35. To the extent a response is required, Paragraph 35 purports to cite statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Mr. Yung denies knowledge or information sufficient to admit or deny the allegations of Paragraph 35 to the extent

they relate to events prior to his arrival at the Company and on that basis denies the allegations. All Defendants otherwise deny the remaining allegations in Paragraph 35.

36.    To the extent Paragraph 36 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 36. To the extent a response is required, Paragraph 36 purports to cite statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Mr. Yung denies knowledge or information sufficient to admit or deny the allegations of Paragraph 36 to the extent they relate to events prior to his arrival at the Company and on that basis denies the allegations. All Defendants otherwise deny the remaining allegations in Paragraph 36.

37.    To the extent Paragraph 37 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 37. To the extent a response is required, Defendants admit that eHealth implemented ASC 606 in accordance with its terms. Defendants otherwise deny all remaining allegations in Paragraph 37, including, without limitation, the final two sentences of Paragraph 37.

38.    To the extent Paragraph 38 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 38. To the extent a response is required, Defendants admit that Paragraph 38 purports to quote and characterize certain correspondence between eHealth and the U.S. Securities and Exchange Commission, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context that correspondence, and refers to the correspondence directly, including, without limitation, other related correspondence. Defendants admit that the LTV for a policy is based on several factors, including the rate at which approved

members convert to paying members, expected member attrition, and the commission rates expected to be received per paying member. Defendants otherwise deny the remaining allegations in Paragraph 38, including, without limitation, because they mischaracterize, oversimplify, and/or inadequately explain the complexities of eHealth's business operations.

39. To the extent Paragraph 39 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 39. To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40. To the extent Paragraph 40 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 40. To the extent a response is required, Paragraph 40 purports to cite statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Mr. Yung denies knowledge or information sufficient to admit or deny the allegations of Paragraph 40 to the extent they relate to events prior to his arrival at the Company and on that basis denies the allegations. All Defendants otherwise deny the remaining allegations in Paragraph 40.

41. To the extent Paragraph 41 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 41. To the extent a response is required, Paragraph 41 purports to cite statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Mr. Yung denies knowledge or information sufficient to admit or deny the allegations of Paragraph 41 to the extent

they relate to events prior to his arrival at the Company and on that basis denies the allegations. All Defendants otherwise deny the remaining allegations in Paragraph 41.

42.    To the extent Paragraph 42 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 42. To the extent a response is required, Paragraph 42 purports to cite statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Defendants otherwise deny the remaining allegations in Paragraph 42.

43.    To the extent Paragraph 43 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 43. To the extent a response is required, Paragraph 43 purports to cite statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Defendants otherwise deny the remaining allegations in Paragraph 43.

44.    To the extent Paragraph 44 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 44. To the extent a response is required, Paragraph 44 purports to cite statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Defendants otherwise deny the remaining allegations in Paragraph 44.

**45.** To the extent Paragraph 45 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 45. To the extent a response is required, Paragraph 45 purports to cite statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Defendants otherwise deny the remaining allegations in Paragraph 45.

**46.** To the extent Paragraph 46 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 46. To the extent a response is required, Defendants admit that eHealth's stock closed at $16.49 per share on January 2, 2018 and that its stock closed at $146.09 on March 4, 2020. Defendants otherwise deny the remaining allegations in Paragraph 46.

**47.** To the extent Paragraph 47 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 47. To the extent a response is required, Defendants admit that some equity grants made to executives were tied to eHealth's stock price but deny all remaining allegations in Paragraph 47.

**48.** To the extent Paragraph 48 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 48. To the extent a response is required, Defendants admit that Paragraph 48 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 48.

49. To the extent Paragraph 49 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 49. To the extent a response is required, Defendants admit that Paragraph 49 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 49.

50. To the extent Paragraph 50 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 50. To the extent a response is required, Defendants admit that Paragraph 50 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 50.

51. To the extent Paragraph 51 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 51. To the extent a response is required, Defendants admit that Paragraph 51 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 51.

52. To the extent Paragraph 52 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph

52. To the extent a response is required, Defendants admit that Paragraph 52 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 52.

**53.** To the extent Paragraph 53 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 53. To the extent a response is required, Defendants admit that Paragraph 53 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 53.

**54.** To the extent Paragraph 54 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 54. To the extent a response is required, Defendants admit that Paragraph 54 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 54.

**55.** To the extent Paragraph 55 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 55. To the extent a response is required, Defendants admit that Paragraph 55 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context

the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 55.

56. To the extent Paragraph 56 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 56. To the extent a response is required, Defendants admit that Paragraph 56 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 56.

57. Defendants admit that Paragraph 57 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 57.

58. Defendants admit that Paragraph 58 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 58.

59. Defendants admit that Paragraph 59 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 59.

60. To the extent Paragraph 60 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of

scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 60. To the extent a response is required, Defendants admit that Paragraph 60 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants admit that certain Section 16 officers sold stock in 2019 and 2020. Defendants otherwise deny the remaining allegations in Paragraph 60.

61. To the extent Paragraph 61 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 61. To the extent a response is required, Defendants admit that Paragraph 61 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants further admit that eHealth's stock closed at $130.57 per share on April 6, 2020, closed at $116.90 per share on April 7, 2020, and closed at $103.20 per share on April 8, 2020. Defendants otherwise deny the remaining allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. To the extent Paragraph 63 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 63. To the extent a response is required, Defendants admit that Paragraph 63 purports to quote and characterize statements from a report by Muddy Waters Capital, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report and deny all allegations based on the report. Defendants admit that eHealth's conference call slides for the second quarter of 2020 contain Medicare advantage plan member

turnover figures which are based on certain estimates, and refer to the document itself. Defendants otherwise deny the remaining allegations in Paragraph 63.

64.    To the extent Paragraph 64 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 64. To the extent a response is required, Defendants admit that Paragraph 64 purports to quote and characterize statements from a report by Muddy Waters Capital, the second quarter earnings call, and an interview with Mr. Flanders, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the report, transcript, and/or the interview, and deny all allegations based on the report. Defendants otherwise deny the remaining allegations in Paragraph 64.

65.    To the extent Paragraph 65 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 65. To the extent a response is required, Defendants admit that Paragraph 65 purports to quote and characterize statements from a quarterly earnings call, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context the call. Defendants admit that eHealth reported in its Form 10-Q filed on August 6, 2020 that the estimated constrained lifetime value of commissions per approved member for Medicare Advantage was $983 in 2019 and $945 in 2020 and refer to the filing for its complete contents. Defendants otherwise deny the remaining allegations in Paragraph 65.

66.    Defendants deny the allegations in Paragraph 66.

67.    To the extent Paragraph 67 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 67. To the extent a response is required, Defendants admit that eHealth's stock closed at $114

per share on July 23, 2020 and closed at $79.17 per share on July 24, 2020. Defendants otherwise deny the remaining allegations in Paragraph 67.

68.     To the extent Paragraph 68 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 68. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69.     Paragraph 69 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 69.

70.     Paragraph 70 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 70.

71.     Paragraph 71 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 71.

72.     To the extent Paragraph 72 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 72. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73.     To the extent Paragraph 73 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 73. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74.     Defendants admit that eHealth held its quarterly earnings call for Q1 2018 on April 26, 2018. Defendants further admit that eHealth provided investors with information about the company's quarterly results, that Mr. Flanders and Mr. Francis were present during the Q&A

session that followed, and that Mr. Flanders and Mr. Francis addressed questions posed by analysts at that time. Defendants otherwise deny the remaining allegations in Paragraph 74.

75. Defendants admit that Paragraph 75 purports to quote and characterize statements from a quarterly earnings call, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context those statements, and refers to the transcript(s). Defendants otherwise deny the remaining allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Paragraph 77 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 77.

78. Paragraph 78 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 78.

79. Paragraph 79 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 79.

80. Paragraph 80 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 80.

81. Paragraph 81 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 81.

82. Paragraph 82 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 82.

83.     Paragraph 83 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 83.

84.     Paragraph 84 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 84.

85.     Paragraph 85 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 85.

86.     Paragraph 86 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 86.

87.     Paragraph 87 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 87.

88.     Paragraph 88 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 88.

89.     Paragraph 89 contains allegations regarding claims that were dismissed by the Order.  As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 89.

90.     Defendants admit that eHealth held its quarterly earnings call for Q4 2019 on February 20, 2020.  Defendants further admit that eHealth provided investors with information about the company's quarterly results, that Mr. Flanders and Mr. Yung were present during the Q&A session that followed, and that Mr. Flanders and Mr. Yung addressed questions posed by analysts at that time.  Defendants otherwise deny the remaining allegations in Paragraph 90.

**91.** Defendants admit that Paragraph 91 purports to quote and characterize statements from a quarterly earnings call, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference out of context those statements, and refers to the transcript(s). Defendants otherwise deny the remaining allegations in Paragraph 91.

**92.** Defendants deny the allegations in Paragraph 92.

**93.** Defendants deny the allegations in Paragraph 93.

**94.** Paragraph 94 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 94.

**95.** Paragraph 95 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 95.

**96.** Paragraph 96 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 96.

**97.** Paragraph 97 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 97.

**98.** Paragraph 98 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 98.

**99.** Paragraph 99 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 99.

**100.** Paragraph 100 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 100.

**101.** Paragraph 101 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 101.

**102.** Paragraph 102 contains allegations regarding claims that were dismissed by the Order. As a result, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 102.

**103.** To the extent Paragraph 103 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 103. To the extent a response is required, Defendants admit that, during the putative class period, Messrs. Flanders, Francis, and Yung were privy to certain confidential, proprietary information and data about eHealth's business, but Defendants deny the characterization of information to which Messrs. Flanders, Francis, and Yung purportedly were privy as alleged in Paragraph 103. Defendants otherwise deny the remaining allegations in Paragraph 103.

**104.** To the extent Paragraph 104 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 104. To the extent a response is required, Defendants admit that, during the putative class period, Messrs. Flanders, Francis, and Yung were privy to certain confidential, proprietary information and data about eHealth's business, but Defendants deny the characterization of information to which Messrs. Flanders, Francis, and Yung purportedly were privy as alleged in Paragraph 104. To the extent Paragraph 104 purports to rely on or rephrase statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee(s) or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Defendants otherwise deny the remaining allegations in Paragraph 104.

**105.** To the extent Paragraph 105 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 105. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

**106.** To the extent Paragraph 106 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 106. Furthermore, Paragraph 106 contains a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 106.

**107.** To the extent Paragraph 107 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 107. To the extent a response is required, Defendants admit that Paragraph 107 purports to rely on or rephrase statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee(s) or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Defendants further admit that, during the putative class period, certain eHealth executives were privy to certain confidential, proprietary information and data about eHealth's business, but Defendants deny the characterization of information to which the Company's "executives" purportedly were privy as alleged in Paragraph 107. Defendants otherwise deny the remaining allegations in Paragraph 107.

**108.** To the extent Paragraph 108 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 108. To the extent a response is required, Defendants admit that Paragraph 108 purports to rely on or rephrase statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any

unnamed former employee(s) or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Defendants otherwise deny the remaining allegations in Paragraph 108.

109.    To the extent Paragraph 109 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 109. To the extent a response is required, Defendants admit that Paragraph 109 purports to rely on or rephrase statements from unnamed former employee(s). Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee(s) or as to the purported substance of the statement(s) and, on that basis, deny the allegations. Defendants otherwise deny the remaining allegations in Paragraph 109.

110.    To the extent Paragraph 110 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 110. To the extent a response is required, Defendants admit that Paragraph 110 purports to quote and characterize statements from a transcript of eHealth's second quarter 2018 earnings call, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference the statements out of context, and refers to the transcript(s). Defendants otherwise deny the remaining allegations in Paragraph 110.

111.    To the extent Paragraph 111 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 111. To the extent a response is required, Defendants admit that Paragraph 111 purports to quote and characterize statements from a transcript of an investor conference call, but deny the allegations to the extent they mischaracterize, inaccurately and/or selectively quote, or reference

the statements out of context, and refers to the report and transcript(s).  Defendants otherwise deny the remaining allegations in Paragraph 111.

112.    To the extent Paragraph 112 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 112.  To the extent a response is required, Defendants admit that Paragraph 112 purports to rely on or rephrase statements from unnamed former employee(s).  Defendants lack knowledge and information sufficient to form a belief as to whether the statements were actually made by any unnamed former employee(s) or as to the purported substance of the statement(s) and, on that basis, deny the allegations.  Defendants further admit that, during the putative class period, Messrs. Flanders, Francis, and Yung were privy to certain confidential, proprietary information and data about eHealth's business, but Defendants deny the characterization of information to which Messrs. Flanders, Francis, and Yung purportedly were privy as alleged in Paragraph 112. Defendants otherwise deny the remaining allegations in Paragraph 112.

113.    To the extent Paragraph 113 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 113.  To the extent a response is required, Defendants deny the allegations in Paragraph 113.

114.    To the extent Paragraph 114 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 114.  To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115.    To the extent Paragraph 115 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny

each and every allegation in Paragraph 115. To the extent a response is required, Defendants admit that Mr. Flanders sold 254,521 shares between May 10, 2019 and January 24, 2020 and refer to the publicly filed Forms 4 for information relevant to those transactions. Defendants otherwise deny the remaining allegations in Paragraph 115.

116. To the extent Paragraph 116 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 116. To the extent a response is required, Defendants admit that Paragraph 116 purports to include a table reflecting Mr. Flanders' sales of eHealth stock during the purported class period, and refer to the publicly filed Forms 4 for the information relevant to such transactions. Defendants otherwise deny the remaining allegations in Paragraph 116.

117. To the extent Paragraph 117 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 117. To the extent a response is required, Defendants admit that Mr. Francis sold 28,000 shares between July 30, 2019 and June 2, 2020 and refer to the publicly filed Forms 4 for information relevant to those transactions. Defendants otherwise deny the remaining allegations in Paragraph 117.

118. To the extent Paragraph 118 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 118. To the extent a response is required, Defendants admit that Paragraph 118 purports to include a table reflecting Mr. Francis' sales of eHealth stock during the purported class period, and refer to the publicly filed Forms 4 for the information relevant to such transactions. Defendants otherwise deny the remaining allegations in Paragraph 118.

**119.** To the extent Paragraph 119 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 119. In any event, the allegations in Paragraph 119 are irrelevant because they relate to the stock sales of a non-party. To the extent a response is required, Defendants admit that Mr. Hurley served as eHealth's President of Carrier and Business Development from January 2018 through March 1, 2020, at which time Mr. Hurley became an Executive Advisor. Defendants admit that Mr. Hurley sold 32,313 shares between May 1, 2019 and December 2, 2019 and refer to the publicly filed Forms 4 for information relevant to those transactions. Defendants lack knowledge and information sufficient to form a belief as to any other transactions in eHealth stock by Mr. Hurley. Defendants otherwise deny the remaining allegations in Paragraph 119.

**120.** To the extent Paragraph 120 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 120. In any event, the allegations in Paragraph 120 are irrelevant because they relate to the stock sales of a non-party. To the extent a response is required, Defendants admit that Paragraph 120 purports to include a table reflecting Mr. Hurley's sales of eHealth stock during the purported class period and refer to the publicly filed Forms 4 for information relevant to those transactions. Defendants otherwise deny the remaining allegations in Paragraph 120.

**121.** To the extent Paragraph 121 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 121. In any event, the allegations in Paragraph 121 are irrelevant because they relate to the stock sales of a non-party. To the extent a response is required, Defendants admit that Michael Goldberg has been a director of eHealth since 1999.

Defendants admit that Mr. Goldberg sold 49,511 shares between March 5, 2019 and May 7, 2020 and refer to the publicly filed Forms 4 for information. Defendants also note that the last sentence of this Paragraph refers to Mr. Hurley rather than Mr. Goldberg. Defendants otherwise deny the last sentence of Paragraph 121 as to Mr. Hurley. Defendants deny the remaining allegations in Paragraph 121.

122. To the extent Paragraph 122 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 122. In any event, the allegations in Paragraph 122 are irrelevant because they relate to the stock sales of a non-party. To the extent a response is required, Defendants admit that Paragraph 122 purports to include a table reflecting Mr. Goldberg's sales of eHealth stock during the purported class period and refer to the publicly filed Forms 4 for information relevant to those transactions. Defendants otherwise deny the remaining allegations in Paragraph 122.

123. Defendants admit that Timothy Hannan was eHealth's Chief Marketing Officer from June 2017 through December 2019. Hannan has served as eHealth's Chief Revenue Officer since January 2020. Defendants otherwise deny the remaining allegations in Paragraph 123.

124. To the extent Paragraph 124 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 124. In addition, Paragraph 124 contains a legal conclusion as to which no response is required. In any event, the allegations in Paragraph 124 are irrelevant because they relate to the stock sales of a non-party. To the extent a response is required, Defendants admit that Hannan sold 30,141 between July 30, 2019 and July 10, 2020 and refer to the publicly filed Forms 4 for details relevant to those transactions. Defendants otherwise deny the remaining allegations in Paragraph 124.

125. To the extent Paragraph 125 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 125. In any event, the allegations in Paragraph 125 are irrelevant because they relate to the stock sales of a non-party. To the extent a response is required, Defendants admit that Paragraph 125 purports to include a table reflecting Hannan's sales of eHealth stock on or about July 30, 2019, and refer to the publicly filed Forms 4 for details relevant to those transactions. Defendants otherwise deny the remaining allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126 to the extent it refers to Livingston Randall. To the extent the allegations in Paragraph 126 relate to Mr. Randall S. Livingston, Defendants admit the allegations in Paragraph 126.

127. To the extent Paragraph 127 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 127. In any event, the allegations in Paragraph 127 are irrelevant because they relate to the stock sales of a non-party. To the extent a response is required, Defendants deny the allegations in Paragraph 127 to the extent it refers to Livingston Randall. Defendants admit that Mr. Randall S. Livingston sold 45,750 shares between August 1, 2018 and June 2, 2020 and refer to the publicly filed Forms 4 for information relevant to such transactions. Further Defendants note that the last sentence of Paragraph 127 refers to Mr. Hurley. Defendants deny the last sentence of Paragraph 127 as to Mr. Hurley. Defendants otherwise deny the remaining allegations in Paragraph 127.

128. To the extent Paragraph 128 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 128. In any event, the allegations in Paragraph 128 are

irrelevant because they relate to the stock sales of a non-party. To the extent a response is required, Defendants deny the allegations in Paragraph 128 to the extent it refers to Livingston Randall. Defendants admit that Paragraph 128 purports to include a table reflecting Mr. Randall S. Livingston's sales of eHealth stock during the purported class period and refer to the publicly filed Forms 4 for information relevant to such transactions. Defendants otherwise deny the remaining allegations in Paragraph 128.

129. To the extent Paragraph 129 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 129. In any event, the allegations in Paragraph 129 are irrelevant because they relate to the stock sales of a non-party. To the extent a response is required, Defendants admit that Ian Kalin served as eHealth's Chief Technology Officer but deny that he held that position at all relevant times. Mr. Kalin joined eHealth in May 2017 as the Company's Chief Data Officer. Defendants admit that Mr. Kalin sold 5,500 shares on July 30, 2019 and refer to the publicly filed Form 4 for information relevant to that transaction. Defendants otherwise deny the remaining allegations in Paragraph 129.

130. To the extent Paragraph 130 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 130. In any event, the allegations in Paragraph 130 are irrelevant because they relate to the stock sales of a non-party. To the extent a response is required, Defendants note that Paragraph 130 purports to refer to stock sales by Mr. Hannan. To the extent Paragraph 130 is intended to refer to Mr. Kalin, Defendants admit that Paragraph 130 purports to include a table reflecting Mr. Kalin's sales of eHealth stock during the purported class period and refer to the publicly filed Forms 4 for information relevant to such transactions. Defendants otherwise deny the remaining allegations in Paragraph 130.

131. To the extent Paragraph 131 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 131. In any event, the allegations in Paragraph 131 contain legal conclusions as to which no response is required. To the extent a response is required, Defendants refer to their answers to Paragraphs 115-130 above. Defendants otherwise deny the remaining allegations in Paragraph 131.

132. To the extent Paragraph 132 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 132. To the extent a response is required, Defendants admit that some executives' compensation primarily consisted of a base salary, an annual cash incentive award, and a mix of performance-based and service-based long-term equity incentive awards. Defendants otherwise deny the remaining allegations in Paragraph 132.

133. To the extent Paragraph 133 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 133. To the extent a response is required, Defendants admit that the equity award program makes certain officers eligible to earn performance-based equity awards. Defendants admit that eHealth's stock price was trading at approximately $11.38 per share when the performance-based restricted stock awards were approved. Defendants further admit that certain named executive officers became eligible to vest in the performance-based restricted stock units if, in any 30 trading day period, eHealth's average stock price traded at the price thresholds set forth in eHealth's Schedule 14A filed on April 30, 2018, reflecting a percentage increase in stock price from the award approval date to achieve the price threshold ranging from 23% to 128%, and refer to the filing for its complete contents. Defendants otherwise deny the remaining allegations in Paragraph 133.

134. To the extent Paragraph 134 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 134. To the extent a response is required, Defendants admit that the equity award program makes certain officers eligible to earn performance-based equity awards. Defendants admit that eHealth's stock price was trading at approximately $16.11 per share when the performance-based restricted stock awards were approved. Defendants further admit that certain named executive officers became eligible to vest in the performance-based restricted stock units if, in any 30 trading day period, eHealth's average stock price traded at the price thresholds set forth in eHealth's Schedule 14A filed on April 29, 2019, reflecting a percentage increase in stock price from the award approval date to achieve the price threshold ranging from 19% to 59% and refer to the filing for its complete contents. Defendants otherwise the allegations in Paragraph 134.

135. To the extent Paragraph 135 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 135. To the extent a response is required, Defendants admit that the equity award program makes certain officers eligible to earn performance-based equity awards. Defendants admit that eHealth's stock price was trading at approximately $58.01 per share when the performance-based restricted stock awards were approved. Defendants further admit that certain named executive officers became eligible to vest in the performance-based restricted stock units if, in any 30 trading day period, eHealth's average stock price traded at the price thresholds set forth in eHealth's Schedule 14A filed on April 28, 2020, reflecting a percentage increase in stock price from the award approval date to achieve the price threshold ranging from 29% to 55% and refer to the filing for its complete contents. Defendants otherwise deny the allegations in Paragraph 135.

136. To the extent Paragraph 136 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 136. To the extent a response is required, Defendants admit that, in 2017, certain shares subject to performance-based RSUs became eligible for one-year time-based vesting. Defendants further admit that eHealth's stock closed at $17.37 per share on December 29, 2017 and closed at $38.42 per share on December 31, 2018, and that eHealth's stock closed at $96.08 on December 31, 2019 and refer to the content of the Company's Schedule 14A filings for information concerning the vesting of performance base RSUs. Defendants otherwise deny the remaining allegations in Paragraph 136.

137. To the extent Paragraph 137 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, or the Court's analysis of scienter, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 137. To the extent a response is required, Defendants admit that eHealth reported in its Schedule 14A Proxy Statement dated April 28, 2020 the stock awards for Messrs. Flanders, Francis, and Yung for 2017 – 2019, where applicable, and refer to the filing itself. Mr. Yung specifically denies the accuracy of the figure provided for his purported equity compensation for 2018. Defendants otherwise deny the remaining allegations in Paragraph 137.

138. Defendants admit that Messrs. Flanders, Francis, and Yung's base salaries ranged from approximately 188,000 to $600,000. Defendants otherwise deny the remaining allegations in Paragraph 138.

139. To the extent Paragraph 139 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 139. To the extent a response is required, Defendants admit the allegations in Paragraph 139.

**140.** To the extent Paragraph 140 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 140. To the extent a response is required, Defendants admit the allegations in Paragraph 140.

**141.** To the extent Paragraph 141 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 141. To the extent a response is required, Defendants admit the allegations in Paragraph 141.

**142.** To the extent Paragraph 142 refers to allegations that are not relevant to the remaining Challenged Statements, as set forth in the Court's Order, Defendants need not respond to these allegations and, on that basis, Defendants deny each and every allegation in Paragraph 142. To the extent a response is required, Defendants deny the allegations in Paragraph 142.

**143.** Paragraph 143 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 143.

**144.** Paragraph 144 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to admit or deny the allegations of subparagraphs (a) and (d) and on that basis deny them. Defendants otherwise deny the remaining allegations in Paragraph 144.

**145.** Paragraph 145 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 145.

**146.** Paragraph 146 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 146.

**147.** Paragraph 147 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations of subparagraph (c), which is the subject of expert discovery, and on that basis deny it. Defendants otherwise deny the remaining allegations in Paragraph 147.

148. Paragraph 148 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that eHealth was listed on NASDAQ, filed the required periodic reports, communicated with public investors via a variety of means, and was followed by certain securities analysts. Defendants otherwise lack knowledge or information sufficient to admit or deny the balance of the allegations in Paragraph 148, including without limitation the allegation that the market for eHealth common stock was an efficient market, and on that basis deny them.

149. Paragraph 149 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants lack information or knowledge sufficient to admit or deny whether the market for eHealth's common stock promptly digested current information regarding eHealth from all publicly available sources and reflected such information in the price of eHealth's common stock, which is the subject of expert discovery, and on that basis deny the allegations of Paragraph 149. Defendants otherwise deny the balance of the allegations in Paragraph 149.

150. Paragraph 150 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 150.

151. Paragraph 151 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 151.

152. Paragraph 152 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 152.

153. Defendants incorporate and restate each and every response contained above as if fully set forth herein.

154. Paragraph 154 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 154.

155. Paragraph 155 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 155.

156.    Paragraph 156 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 156.

157.    Paragraph 157 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 157.

158.    Paragraph 158 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Defendants were privy to certain confidential information about eHealth's business and operations, but deny the balance of the allegations in Paragraph 158.

159.    Paragraph 159 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that they were obligated to obey the federal securities laws and deny the balance of the allegations in Paragraph 159.

160.    Paragraph 160 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny whether eHealth stock traded in an "active and efficient" market, which is the subject of expert discovery, and on that basis deny the allegations. Defendants otherwise deny the balance of the allegations in Paragraph 160.

161.    Paragraph 161 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 161.

162.    Paragraph 162 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 162.

163.    Defendants incorporate and restate each and every response contained above as if fully set forth herein.

164.    Paragraph 164 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Messrs. Flanders, Yung, and Francis participated in the conduct of eHealth's business affairs. Defendants otherwise deny the balance of the allegations in Paragraph 164.

165. Paragraph 165 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that they were obligated to obey the federal securities laws and deny the balance of the allegations in Paragraph 165.

166. Paragraph 166 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 166.

167. Paragraph 167 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 167.

168. Paragraph 168 contains legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 168.

169. Defendants admit that Lead Plaintiff purports to bring this suit as a federal securities class action on behalf of purchasers or acquirers of the common stock of eHealth pursuant to Federal Rule of Civil Procedure 23. Defendants admit that Lead Plaintiff purports to represent the putative class over a period of March 19, 2018 through July 23, 2020, inclusive, but no class has been certified in this litigation for any period of time and Defendants deny that any purported class period should span this timeframe in light of the Court's Order. Defendants deny that Lead Plaintiff or any member of the putative class is entitled to any relief. Defendants otherwise deny the remaining allegations in Paragraph 169.

170. Defendants deny that eHealth's stock is traded on the New York Stock Exchange. Defendants admit that eHealth's stock is traded under the ticker symbol "EHTH." Defendants lack information or knowledge sufficient to admit or deny the balance of the allegations in Paragraph 170, which is the subject of expert and/or class discovery, and on that basis deny the remaining allegations in Paragraph 170.

171. Defendants admit the allegations in Paragraph 171.

172. Paragraph 172 contains legal conclusions as to which no response is required. To the extent a response is required Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 172, which are the subject of class and/or expert discovery, and on that basis deny the allegations in Paragraph 172.

**173.**   Paragraph 173 contains legal conclusions as to which no response is required.  To the extent a response is required Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 173, which are the subject of class and/or expert discovery, and on that basis deny the allegations in Paragraph 173.

**174.**   Paragraph 174 contains legal conclusions as to which no response is required.  To the extent a response is required Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 174, which are the subject of class and/or expert discovery, and on that basis deny the allegations in Paragraph 174.

**175.**   Paragraph 175 contains legal conclusions as to which no response is required.  To the extent a response is required Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 175, which are the subject of class and/or expert discovery, and on that basis deny the allegations in Paragraph 175.

**176.**   Paragraph 176 contains legal conclusions as to which no response is required.  To the extent a response is required Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 176, which are the subject of class and/or expert discovery, and on that basis deny the allegations in Paragraph 176.

**177.**   Paragraph 177 contains legal conclusions as to which no response is required.  To the extent a response is required Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 177, which are the subject of class and/or expert discovery, and on that basis deny the allegations in Paragraph 177.

**178.**   Plaintiffs' prayer for relief and jury demand do not require a response.  To the extent any response is required, Defendants deny all allegations therein.

## AFFIRMATIVE DEFENSES

Defendants assert the following additional defenses, without assuming the burden of proof as to any such defenses or portions thereof which would otherwise rest with Lead Plaintiff. Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

**FIRST DEFENSE**

Information about various factors affecting eHealth's businesses, including, but not limited to, the Company's costs, were publicly disclosed by the Defendants or otherwise publicly available at all relevant times during the purported class period. Accordingly, Lead Plaintiff's and class members' claims are barred in whole or in part under the doctrines of truth on the market, assumption of risk, or failure to mitigate damages.

**SECOND DEFENSE**

Based upon the allegations of the Amended Complaint, and facts to be developed through discovery including discovery of absent class members, Defendants will show that, if any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Lead Plaintiff and members of the putative class based on alleged violations of the Securities Exchange Act of 1934 are barred, in whole or in part, because Lead Plaintiff and members of the putative class were aware of the misstatement or omission and/or did not rely upon those in purchasing eHealth securities, and/or would have acquired eHealth securities even if, when those securities were acquired, Lead Plaintiff and each member of the putative class would have known of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Defendants' purported liability rests.

**THIRD DEFENSE**

Section 21D(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f)(3)(A), provides that if Lead Plaintiff does not establish a knowing violation, a covered person against whom a final judgment is entered shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person. This provision further provides that any recovery for damages allegedly incurred by Lead Plaintiff or members of the putative class is limited to the percentage of responsibility by a defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to such alleged damages. Based upon the allegations of the Amended Complaint, and other facts to be

developed through discovery, if Lead Plaintiff were to obtain a judgment for damages, one or more Defendants would show that he or it is not liable pursuant to this provision.

### FOURTH DEFENSE

Lead Plaintiff purports to assert a claim against Messrs. Flanders, Francis, and Yung for control person liability under Section 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t(a), because they allegedly directly or indirectly controlled a person liable as a primary violator. Section 20(a) further provides, however, that individual defendants such as Messrs. Flanders, Francis, and Yung shall not be liable if they acted in good faith and did not directly or indirectly induce the violation(s). Based upon the allegations of the Amended Complaint, and other facts to be developed through discovery, if Lead Plaintiff were to prove a primary violation, Messrs. Flanders, Francis, and Yung would show that they are not liable under Section 20(a) for these reasons.

### FIFTH DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then every act or omission was done or omitted in good faith conformity with the rules and regulations of the Securities and Exchange Commission and, therefore, pursuant to Section 23(a) of the Securities Exchange Act of 1934, there is no liability for any act or omission alleged.

### SIXTH DEFENSE

Messrs. Flanders, Francis, and Yung each acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

### SEVENTH DEFENSE

Plaintiff's losses, if any, were not caused by any misstatement or omission by Defendants, and in any event any recovery for damages allegedly incurred by Plaintiff or members of the putative class is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

## EIGHTH DEFENSE

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Plaintiff and the putative class are barred in whole or in part because such misrepresentations or omissions did not cause or were not a material causal factor in the decline in the price of eHealth's securities as alleged in the Complaint. All or a portion of the damages alleged by Plaintiff and members of the putative class are attributable to causes other than ay actions or omission for which Defendants allegedly are responsible.

## NINTH DEFENSE

To the extent the claims asserted by Plaintiff or members of the putative class are based on any predictions, expressions of opinion, or forward looking statement, such claims are not actionable under the statutory safe harbor in the PSLRA, 15 U.S.C. § 78u-5(c)(1)(A), (B) and/or the bespeaks caution doctrine.

## TENTH DEFENSE

Plaintiff and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## ELEVENTH DEFENSE

The claims of Plaintiff and members of the putative class are barred in whole or in part by the doctrine of assumption of risk because the risks of investing in eHealth securities were publicly disclosed to Plaintiff and the market at all relevant times. Plaintiff and members of the putative class knew or should have known of the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

## TWELFTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiff and members of the putative class, if any, is subject to offset in the amount of any benefits, and the amount of any tax benefits, actually received by Plaintiff or members of the putative class through their investment in eHealth.

DEFENDANTS' ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 4:20-CV-02395-JST

43

## THIRTEENTH DEFENSE

To the extent Plaintiff alleges that any trades were conducted on the basis of material non-public information, Defendants deny such allegations. For trades conducted pursuant to a plan adopted under SEC Rule 10b5-1, such plan constitutes an affirmative defense against any allegation of improper trading on the basis of material non-public information.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants expressly and specifically reserve the right to amend this Answer, to add, delete and/or modify affirmative defenses based upon legal theories, facts, and circumstances which may be developed through discovery and/or further legal analysis of the alleged facts in this litigation.

Defendants may be entitled to a right of contribution from other individuals or entities whose acts or omissions may have contributed to the occurrence of the alleged injury, damage, and/or loss, if any, should any plaintiff receive judgment against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for Judgment as follows:

1. Dismissing with prejudice the remaining Challenged Statements and, thereby, Lead Plaintiff's Amended Complaint against Defendants in its entirety; and

2. For such other and further relief as this Court deems just and proper, including, but not limited to, costs, disbursements, and reasonable attorneys' fees incurred by them in defending this action plus interest on any sums awarded thereunder.

Dated:  October 1, 2021

Respectfully submitted,

By:   /s/ *Catherine E. Moreno*
        Catherine E. Moreno

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

JEROME F. BIRN, JR., SBN 128561
CATHERINE E. MORENO, SBN 264517
BETTY CHANG ROWE, SBN 214068
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:    (650) 493-9300
Facsimile:    (650) 565-5100
Email:        jbirn@wsgr.com
              cmoreno@wsgr.com
              browe@wsgr.com

*Attorneys for Defendants eHealth, Inc.,*
*Scott N. Flanders, and Derek N. Yung*

Dated:  October 1, 2021

By:   /s/ *Anna E. White*
        Anna E. White

MORRISON & FOERSTER LLP

Anna E. White (CA SBN 161385)
AWhite@mofo.com
David J. Wiener (CA SBN 291659)
DWiener@mofo.com
Andre B. Fontana (CA SBN 324801)
AFontana@mofo.com
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7126
Facsimile:  (415) 268-7522

*Attorneys for Defendant David K. Francis*

DEFENDANTS' ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT
CASE NO. 4:20-CV-02395-JST

45

**ATTESTATION**

I, Catherine E. Moreno, am the ECF User whose identification and password are being used to file Defendants' Answer to Plaintiff's Amended Complaint.  In compliance with Local Rule 5-1(i)(3), I hereby attest that counsel for Defendant David K. Francis, Anna E. White of Morrison & Foerster LLP, concurs in this filing.


Dated: October 1, 2021                    /s/ *Catherine E. Moreno*
                                             Catherine E. Moreno

                                          WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation