**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Fax: (415) 484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Proposed Lead Plaintiff Qui-Nhi Tran-Nguyen*
*and Lead Counsel for the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE eHEALTH INC. SECURITIES LITIGATION | Case No.: 4:20-cv-02395-JST |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUI-NHI TRAN-NGUYEN'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL** |
| | Date: May 12, 2022 |
| | Time: 2:00 p.m. |
| | Courtroom: 6-2nd Floor |
| | Judge: Hon. Jon S. Tigar |

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on May 12, 2022 at 2:00 p.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Jon S. Tigar at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 6 on the 2nd Floor, 1301 Clay Street, Oakland, California 94612, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1.    Appointing Qui-Nhi Tran-Nguyen ("Movant") as Lead Plaintiff;

2.    Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel; and

3.    Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of her motion for: (a) appointment of Movant as Lead Plaintiff; and (b) approval of Levi & Korsinsky as Lead Counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT ..................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ....................................................................1

III.    STATEMENT OF FACTS .......................................................................................................2

IV.     PROCEDURAL HISTORY.....................................................................................................3

V.      ARGUMENT.............................................................................................................................3

       A.      Movant's Appointment as Lead Plaintiff Is Appropriate. ...............................................3

            1.      The Procedure Required by the PSLRA ...................................................................3

                  a.      Movant Is Willing to Serve as Class Representative. ............................4

                  b.      Movant Has the Largest Financial Interest in the Relief Sought by the Class. .....................................................................................................5

            2.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ...................................................................................................5

                  a.      Movant's Claims Is Typical of the Claims of All Class Members. ........6

                  b.      Movant Will Adequately Represent the Class. .....................................7

       B.      Approval of Movant's Choice of Counsel Is Appropriate............................................8

VI.     CONCLUSION.........................................................................................................................9

**TABLE OF AUTHORITIES**

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
    No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ..........................5

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...................................................................................................... 1, 5, 6

*In re Coinbase Global Securities Litigation*,
    No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) .......................................................8

*Crawford v. Honig,*
    37 F.3d 485 (9th Cir. 1994) ...........................................................................................................7

*Daniels Family 2001 v. Las Vegas Sands Corp.*,
    2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) .......................................................................8

*Deinnocentis v. Dropbox, Inc.,*
    2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)................................................................8

*In re Drexel Burnham Lambert Grp.*,
    960 F.2d 285 (2d Cir. 1992)............................................................................................................7

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................................................6

*Gen. Tel. Co. of the Southwest v. Falcon*,
    457 U.S. 147 (1982).........................................................................................................................6

*Gold v. Lumber Liquidators, Inc.,*
    323 F.R.D. 280 (N.D. Cal. 2017).....................................................................................................6

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ........................................................................................................6

*Haung v. Acterna Corp.,*
    220 F.R.D. 255 (D. Md. 2004).........................................................................................................6

*Hessefort v. Super Micro Computer, Inc,*
    317 F.Supp.3d 1056 (N.D. Cal. 2018) .............................................................................................6

*Johnson v. OCZ Tech. Grp.*,
    2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) ............................................................... 1, 4

*In re LendingClub Sec. Litig.,*
    282 F.Supp.3d 1171 (N.D. Cal. 2017) .........................................................................................6, 7

*In re Milestone Sci. Sec. Litig.*,
    183 F.R.D. 404 (D.N.J. 1998)..........................................................................................................6

*Nickerson v. American Electric Power Company, Inc., et al.*,
    No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020) ............................................................8

iii

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................6

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993)..................................................................................................6

*Veal v. LendingClub Corporation,*
    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ......................................................................6

*White Pine Invs. v. CVR Ref.,*
    2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)..........................................................8

**<u>Statutes</u>**

15 U.S.C. § 78u-4 ......................................................................................................*passim*

**<u>Rules</u>**

Fed. R. Civ. P. 23(a) ...........................................................................................1, 5, 6, 7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUI-NHI TRAN-NGUYEN'S MOTION FOR:
(1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

## I. SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all persons who purchased or otherwise acquired the securities of eHealth, Inc. ("eHealth" or the "Company") between March 19, 2018 and April 7, 2020, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $2,753.98 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis. *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[1] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the Class, and she will fairly and adequately represent the interests of the Class.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) she be appointed Lead Plaintiff; and (2) her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

2. Whether the Court should appoint Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

---

[1] Movant's certification identifying her transactions in eHealth, as required by the PSLRA, as well as a chart identifying her losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl."), as Exhibits A and B, respectively.

[2] The "Class" is comprised of all persons who purchased or otherwise acquired securities during the Class Period.

**III. STATEMENT OF FACTS[3]**

eHealth is a health insurance marketplace with a technology and service platform that provides consumer engagement, education, and health insurance enrollment solutions. ¶ 2. Its common stock trades on the Nasdaq stock exchange under the symbol EHTH. ¶ 15.

Throughout the Class Period, Defendants misrepresented and/or failed to disclose to investors: (1) its highly aggressive accounting and modeling assumptions; (2) its skyrocketing rate of member churn, resulting from eHealth's pursuit of low quality, lossmaking growth; (3) its reliance on direct response television advertising, which attracts an unprofitable, high churn enrollee; and (4) as a result of the foregoing, Defendants' public statements were materially false and misleading at all relevant times. ¶ 4.

In violation of the Exchange Act, eHealth misled investors as to its highly aggressive accounting and modeling assumptions, the significant increase in member churn after eHealth adopted Accounting Standards Codification 606 on or about January 1, 2018, and its booking of multiple years of revenue at one time. ¶ 3. This has led to inflated financial results. Based on these representations, eHealth's stock price soared to a high of $152.19 per share. *Id.*

Before the markets opened on April 8, 2020, analyst Muddy Waters Research published a report in which it wrote that "EHTH's highly aggressive accounting masks what we believe is a significantly unprofitable business." ¶ 5. Muddy Waters continued that "EHTH's persistence assumptions in its LTV2 model seem highly aggressive when compared to reality," that "[a]fter ASC 606 went into effect, member churn immediately skyrocketed," and that "EHTH is pursuing low quality, lossmaking growth while its LTVs are based on lower churn, pre-growth cohorts." *Id.* Muddy Waters concluded that "the key driver of growth since 2018 has been EHTH's reliance on Direct Response television advertising, which attracts an unprofitable, high churn enrollee. To generate this unprofitable growth, EHTH has been incinerating cash, which we expect it to continue to do until this value destruction slows down or

---

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws filed in the first-filed Action captioned *Patel v. eHealth, Inc., et al.*, 5:20-cv-02395-JST (N.D. Cal. Apr. 8, 2020) (the "*Patel* Action"). The facts set forth in the Complaint are incorporated herein by reference.

stops. EHTH management is, in our view, running a massive stock promotion." *Id.*

On this news, EHTH's stock plunged from its close of $116.02 per share on April 7, 2020, to close on April 8, 2020 at $103.20 per share, a drop of approximately 12%, or $12.82. ¶ 6.

## IV. PROCEDURAL HISTORY

On June 8, 2020, class members, including former Lead Plaintiff Billy White ("Mr. White"), filed competing motions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for appointment as lead plaintiff in this securities class Action. After briefing, no movant contested that Mr. White had the largest financial interest of any movant. On June 24, 2020, the court appointed Mr. White as the Lead Plaintiff in this Action and appointed his attorneys, Levi & Korsinsky, as Lead Counsel for the proposed class. ECF No. 19. On August 25, 2020, the Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") was filed against Defendants. ECF No. 46. On October 23, 2020, Defendants moved to dismiss the Amended Complaint. ECF No. 47. On August 12, 2021, the Court denied Defendants' motion to dismiss the Amended Complaint, in part. ECF No. 64.

On October 28, 2021, Lead Counsel, Levi & Korsinsky, filed a Suggestion of Death pertaining to Mr. White. ECF No. 78. On January 10, 2022, the Court reopened the lead plaintiff process to replace Mr. White. ECF No. 85. Pursuant to the Court's order, Lead Counsel caused a notice to be published on January 17, 2022, informing class members that the Action would be stayed pending the appointment of a new lead plaintiff and any class member seeking appointment as lead plaintiff had until March 17, 2022 to file a motion for lead plaintiff.

## V. ARGUMENT

### A. Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against her. Therefore, Movant is entitled to the presumption that she is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a.  Movant Is Willing to Serve as Class Representative.

On January 17, 2022, Levi & Korsinsky, the Court-appointed Lead Counsel, caused a notice (the "Renewed Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that the lead plaintiff deadline in the Action had been reopened, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUI-NHI TRAN-NGUYEN'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

Action.[4] Movant has reviewed the operative complaint filed in the pending Action and has timely filed her motion pursuant to the Renewed Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at \*6.

**b. Movant Has the Largest Financial Interest in the Relief Sought by the Class.**

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at \*3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased eHealth shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately \$2,753.98 under a LIFO and *Dura* LIFO analysis. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of her knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

---

[4] The Notice was published over *PRNewswire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

5

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying her appointment as Lead Plaintiff.

### a.  Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because her claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend

to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired eHealth securities during the Class Period and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover is similar to those of other Class members and her losses results from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss she suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has demonstrated her adequacy through his selection of Levi & Korsinsky to serve as Lead Counsel for the Class. As discussed below, Levi & Korsinsky is highly qualified and experienced in the area of securities class action litigation and, as the current Court-appointed Lead Counsel, has zealously represented the class in this litigation to date.  15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movant considers herself to be a sophisticated investor, having been investing in the stock market for over twelve years. She resides in Bowmanville, Ontario, Canada, and possess a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUI-NHI TRAN-NGUYEN'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

bachelor's science degree in pharmacy. Movant is currently employed with Northumberland Hills Hospital as staff pharmacist. Further, Movant has experience overseeing attorneys, as she has hired attorneys for a real estate matter. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of her motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Action as a result of the defendants' alleged wrongdoing, she is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### B. Approval of Movant's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at \*10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914 at \*21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at \*8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at \*10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUI-NHI TRAN-NGUYEN'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl., Ex. E (the firm résumé of Levi & Korsinsky).

## VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: March 18, 2022                    Respectfully submitted,


**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Fax: (415) 484-1294
Email: aapton@zlk.com
Email: amccall@zlk.com

**LEVI & KORSINSKY, LLP**
Nicholas I. Porritt (admitted *pro hac vice*)
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (212) 363-7171
Email: nporritt@zlk.com

*Attorneys for Proposed Lead Plaintiff Qui-Nhi Tran-Nguyen and Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF QUI-NHI TRAN-NGUYEN'S MOTION FOR:
(1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL