CATHERINE E. MORENO, State Bar No. 264517
BETTY CHANG ROWE, State Bar No. 214068
DYLAN G. SAVAGE, State Bar No. 310452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email: cmoreno@wsgr.com
        browe@wsgr.com
        dsavage@wsgr.com

GREGORY L. WATTS, State Bar No. 197126
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500
Facsimile:   (206) 883-2699
Email: gwatts@wsgr.com

*Attorneys for Defendants eHealth Inc.,
Scott N. Flanders, and Derek N. Yung*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE eHEALTH INC. SECURITIES LITIGATION | CASE NO.:  4:20-cv-02395-JST |
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |
| | Hearing Date: February 23, 2023<br>Time: 2:00 p.m.<br>Courtroom: 6<br>Honorable Jon S. Tigar |

Defendants eHealth, Inc. ("eHealth" or the "Company"), Scott N. Flanders, and Derek N. Yung ("Defendants") hereby respectfully request that the Court consider certain documents incorporated by reference in Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws, as supplemented on November 29, 2022 ("Complaint" or "¶"), and judicially notice certain documents submitted in support of Defendants' Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) ("Motion for Judgment"). True and correct copies of the documents described herein are attached as exhibits ("Ex.") to the Declaration of Betty Chang Rowe in support of Defendants' Motion for Judgment on the Pleadings.

## ARGUMENT

The Supreme Court has directed that a court, in ruling on a motion to dismiss a securities fraud complaint, "must consider the complaint in its entirety, as well as … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1] Consistent with this directive, Defendants submit for the Court's consideration excerpts of eHealth's annual reports on Form 10-K, filed with the Securities and Exchange Commission ("SEC") on March 19, 2018 and March 14, 2019, a report by Muddy Waters Capital LLC, dated April 8, 2020, excerpts from eHealth's quarterly report filed on Form 10-Q filed with the SEC on November 8, 2019, full transcripts from eHealth's April 26, 2018 and February 20, 2020 earnings conference calls, and exhibits to Forms 8-K filed with the SEC on April 26, 2018 and February 20, 2020.

Not only are many of these documents incorporated by reference into the Complaint, they also are properly subject to judicial notice. Consideration of documents under both doctrines is appropriate at the pleadings stage, including for the adjudication of a Rule 12(c) motion. *See Valiente v. Swift Transp. Co. of Arizona, LLC*, 2020 WL 8812885, at *1 (C.D. Cal. Apr. 24, 2020); *Summit Media LLC v. City of Los Angeles*, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008); *Landmark Equity Fund, II, LLC v. Arias*, 2015 WL 5882321, at *3 (E.D. Cal. Oct. 5, 2015).

---

[1] *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (affirming dismissal and reviewing documents incorporated by reference and matters subject to judicial notice).

## I.     THE COURT SHOULD CONSIDER THE FULL TEXT OF DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT

The Ninth Circuit reaffirmed that on a dismissal motion, the Court is permitted to consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)); *see Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042-43 (9th Cir. 2015) ("We may consider materials incorporated into the complaint ….") (citation omitted).

Under the "incorporation-by-reference" doctrine, the incorporated documents are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002; *see McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (same).  The Court may consider the full text of incorporated documents, "including portions which were not mentioned in the complaints." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see Northstar*, 779 F.3d at 1043 (considering "entire content" of various SEC filings incorporated by reference).  The doctrine is "designed to prevent artful pleading by plaintiffs …." *Orexigen*, 899 F.3d at 1003.  In other words, it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom— their claims." *Id*. at 1002; *Hessefort v. Super Micro Computer, Inc.*, 2020 WL 1551140, at *5 n.3 (N.D. Cal. Mar. 23, 2020) (Tigar, J.) (same).

To the extent an incorporated document contradicts a plaintiff's conclusory allegations, the Court need not accept those allegations as true. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"); *Biotechnology Value Fund, L.P. v. Celera Corp.*, 12 F. Supp. 3d 1194, 1201 (N.D. Cal. 2013) (refusing to find a strong inference of scienter based on a "central allegation" that was contradicted by an email incorporated by reference); *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (not accepting as true plaintiffs' allegations that were contradicted by conference call transcript).

Courts have considered a variety of documents under the incorporation by reference doctrine, including SEC filings, press releases, transcripts of earning calls, and investor conferences. *See, e.g.*, *Orexigen*, 899 F.3d at 1003-07 (district court properly considered analyst report, blog posts, internet and other articles, agency report, and registration statement under incorporation by reference doctrine); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (considering press releases, earnings call transcripts and SEC filings under incorporation by reference doctrine); *Aerohive*, 367 F. Supp. 3d at 1051 (complaint incorporated contents of quarterly earnings call, quarterly SEC reports); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 987-88 (N.D. Cal. 2017) (quarterly shareholder letter, transcripts of earnings call, slide decks, Forms 4, and proxy were referenced or necessarily relied on and were incorporated by reference).

Defendants therefore request that the Court consider the following documents, which the Complaint cites or necessarily relies on, and which form the basis of Plaintiff's claims:

| | |
|---|---|
| Exhibit 1 | A true and correct copy of the S&P Global's Transcript of eHealth's Q1 2018 Earnings Conference Call on April 26, 2018 and cited in the Complaint, ¶¶ 74-76. |
| Exhibit 2 | A true and correct copy of eHealth's Press Release attached as Exhibit 99.1 to eHealth's Form 8-K filed with the SEC on April 26, 2018 and discussed in the Complaint, ¶¶ 17, 148. |
| Exhibit 3 | A true and correct copy of excerpts from eHealth's Form 10-K for the year ended December 31, 2017, filed with the SEC on March 19, 2018 and cited in the Complaint, ¶¶ 69-73. |
| Exhibit 4 | A true and correct copy of the S&P Global's Transcript of eHealth's Q4 2019 Earnings Conference Call on February 20, 2020 and cited in the Complaint, ¶¶ 90-93. |
| Exhibit 5 | A true and correct copy of eHealth's Press Release attached as Exhibit 99.1 to eHealth's Form 8-K, filed with the SEC on February 20, 2020 and discussed in the Complaint, ¶¶ 17, 148. |
| Exhibit 7 | A true and correct copy of a report by Muddy Waters Capital LLC, dated April 8, 2020, and cited and/or quoted in the Complaint, ¶¶ 6, 48-53, 55-60, 63-64, 66-67. |
| Exhibit 8 | A true and correct copy of excerpts from eHealth's Form 10-K for the year ended December 31, 2018, filed with the SEC on March 14, 2019 and cited and/or quoted in the Complaint, ¶¶ 69-73. |

In addition to being incorporated into the Complaint, most of these exhibits is properly subject to judicial notice as shown below.

**II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF EHEALTH'S SEC FILINGS, CONFERENCE CALL TRANSCRIPTS, AND PRESS RELEASES**

Pursuant to Federal Rule of Evidence 201, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Courts take judicial notice of information "not subject to reasonable dispute." *Ritchie*, 342 F.3d at 908-09 (quoting Fed. R. Evid. 201(b)). Facts are not subject to reasonable dispute if they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Ritchie*, 342 F.3d at 909. The Court may consider such facts "at any stage of the proceeding" (Fed. R. Evid. 201(d)), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012).

**SEC Filings**. Courts routinely take judicial notice of filings with the SEC in the context of dispositive motions. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding that district court's judicial notice of "a number of Corinthian's SEC filings ... was proper"); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on review of a Rule 12(b)(6) dismissal, court "may consider ... any matter subject to judicial notice, such as SEC filings"); *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *3 (N.D. Cal. Mar. 23, 2020) (Tigar, J.) (taking judicial notice of "SEC filings" because the documents are, *inter alia*, "matters of public record" and "capable of determination by sources whose accuracy may not reasonably be questioned"), *aff'd*, 848 F. App'x 278 (9th Cir. 2021); *Wanca v. Super Micro Computer, Inc.*, 2018 WL 3145649, at *4 (N.D. Cal. June 27, 2018) (taking judicial notice of SEC filings from 2014 and 2015). "Judicial notice is appropriate for SEC filings ... as they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" *In re Network Assocs., Inc. II Sec. Litig.*, 2003 WL 24051280, at *1 n.3 (N.D. Cal.

Mar. 25, 2003) (quoting Fed. R. Evid. 201(b)).  When taking judicial notice, "[a] court must also consider—and identify—which fact or facts it is noticing[.]"  *Orexigen*, 899 F.3d at 999.

Here, eHealth's annual reports for 2017 and 2018, quarterly reports for the period ended September 30, 2019, and Forms 8-K filed April 26, 2018 and February 20, 2020, including the press releases attached thereto, are public records filed with the SEC.  The excerpts show eHealth's specific disclosures made to the market relating to the Company, including disclosures relating to its operating expenses, customer care expenses, and eHealth's adherence to revenue recognition policies used under ASC 606.  *See Wanca*, 2018 WL 3145649, at \*4 (taking judicial notice of "the fact the [SEC filings] impart particular information").  That eHealth made these disclosures is not subject to reasonable dispute, and they can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned (*i.e.*, filings with the SEC).  Fed. R. Evid. 201(b).  Accordingly, the excerpts of eHealth's Forms 10-K for 2017 and 2018 (Exhibits 3, 8), Forms 8-K filed April 26, 2018 and February 20, 2020 (Exhibits 2, 5), and Form 10-Q for the period ended September 30, 2019 (Exhibit 6) are properly subject to judicial notice.  *See, e.g.*, *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at \*5 (N.D. Cal. July 21, 2020) (taking judicial notice of Forms 10-Q and 8-K that were not cited in the complaint because "the SEC filings are publicly-filed documents whose accuracy cannot reasonably be questioned"); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at \*7 (N.D. Cal. Mar. 29, 2019) (taking judicial notice of Form 10-K that was not mentioned in the complaint "since SEC filings are routinely subject to judicial notice").

**Conference Call Transcripts**.  Courts also may take judicial notice of transcripts of earnings and conference calls, as they are matters of public record and are capable of determination by sources whose accuracy may not reasonably be questioned.  *See, e.g.*, *Lopes*, 2020 WL 1465932, at \*3 (taking judicial notice of earnings call transcripts); *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (Tigar, J.) (taking judicial notice of transcripts of earnings calls and conferences); *Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at \*10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of transcripts of conference calls for the purpose of demonstrating what was disclosed to investors).  Defendants request that the Court judicially notice the transcript

of eHealth's Q1 2018 Earnings Conference Call on April 26, 2018 and Q4 2019 Earnings Conference Call on February 20, 2020 for the purpose of showing disclosures made to the public.

For the reasons above, Defendants request that the Court judicially notice the following documents:

| | |
|---|---|
| Exhibit 1 | S&P Global's Transcript of eHealth's Q1 2018 Earnings Conference Call on April 26, 2018, cited and/or quoted in the Complaint, ¶¶ 74-76. |
| Exhibit 2 | A true and correct copy of eHealth's Press Release attached as Exhibit 99.1 to eHealth's Form 8-K filed with the SEC on April 26, 2018, cited and/or quoted in the Complaint, ¶¶ 17, 148. |
| Exhibit 3 | A true and correct copy of excerpts from eHealth's Form 10-K for the year ended December 31, 2017, filed with the SEC on March 19, 2018, cited and/or quoted in the Complaint, ¶¶ 69-73. |
| Exhibit 4 | S&P Global's Transcript of eHealth's Q4 2019 Earnings Conference Call on February 20, 2020, cited and/or quoted in the Complaint, ¶¶ 49, 80. |
| Exhibit 5 | A true and correct copy of eHealth's Press Release attached as Exhibit 99.1 to eHealth's Form 8-K, filed with the SEC on February 20, 2020, cited and/or quoted in the Complaint, ¶¶ 17, 148. |
| Exhibit 6 | A true and correct copy of excerpts from eHealth's Form 10-Q for the quarterly period ended September 30, 2019. |
| Exhibit 8 | A true and correct copy of excerpts from eHealth's Form 10-K for the year ended December 31, 2018, filed with the SEC on March 14, 2019, cited and/or quoted in the Complaint, ¶¶ 69-73. |

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider and notice the above-referenced documents in connection with their Motion for Judgment on the Pleadings.

Respectfully submitted,

DATED: December 22, 2022

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: /s/ *Gregory L. Watts*
GREGORY L. WATTS, SBN 197126
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:    (206) 883-2500
Facsimile:    (206) 883-2699
Email:         gwatts@wsgr.com

CATHERINE E. MORENO, SBN 264517
BETTY CHANG ROWE, SBN 214068
DYLAN G. SAVAGE, SBN 310452
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:     (650) 493-9300
Facsimile:     (650) 565-5100
Email:cmoreno@wsgr.com
        browe@wsgr.com
        dsavage@wsgr.com

*Attorneys for Defendants eHealth, Inc., Scott N. Flanders, and Derek N. Yung*