Anna Erickson White (SBN 161385)
AWhite@mofo.com
David J. Wiener (SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

*Attorneys for Defendant David K. Francis*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE eHEALTH INC. SECURITIES LITIGATION | Case No.:  4:20-cv-02395 JST |
| | **NOTICE OF MOTION AND MOTION OF DAVID K. FRANCIS FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Hearing Date: February 23, 2023 |
| | Time:  2:00 p.m. |
| | Courtroom:  6, 2nd Floor |
| | Honorable Jon S. Tigar |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................2

BACKGROUND ...................................................................................................................3

ARGUMENT .........................................................................................................................4

I.   JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED IN FAVOR OF A DEFENDANT WHERE THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THEM. ...................................................................................................4

II.  THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST FRANCIS. ...................................................................................................................5

   A.   Plaintiff Fails to State a Section 10(b) Claim Against Francis. ....................5

   B.   Plaintiff Also Fails to State a Section 20(a) Claim Against Francis. ............6

CONCLUSION ......................................................................................................................8

TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 23, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Jon. S. Tigar, United States District Court, Northern District of California, 1301 Clay Street, Oakland, CA 94612, Defendant David K. Francis will and hereby does move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that the Amended Complaint for Violations of the Federal Securities Laws (Dkt. 46), as supplemented by Lead Plaintiff Chicago & Vicinity Laborers' District Council Pension Fund ("Chicago Pension Fund") on November 29, 2022 (Dkt. 116) (the "Complaint"), fails to state a claim against him upon which relief may be granted.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the pleadings and other files on record, and such other written and oral argument as may be presented to the Court.  In addition, Francis hereby joins Defendants eHealth, Inc., Flanders, and Yung's Motion for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) (Dkt. 117).  The arguments and authorities presented therein apply with equal force to the claims asserted against Francis and, therefore, Francis also requests that the Court grant him judgment on the pleadings on those additional grounds.

## ISSUES TO BE DECIDED

1.      Whether Francis is entitled to judgment on the pleadings with respect to Plaintiff's claim under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") because he did not make any of the remaining challenged statements under the meaning of *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011).

2.      Whether Francis is entitled to judgment on the pleadings with respect to Plaintiff's claim under Section 20(a) of the Exchange Act because the Complaint does not allege facts showing that he controlled the alleged primary violators.

**INTRODUCTION**

On August 12, 2021, this Court granted in part and denied in part Defendants' Motion to Dismiss Amended Complaint for Violations of the Federal Securities Laws (Dkt. 64) (the "Order"). The Court dismissed all claims based on allegations that eHealth's filings with the SEC on Forms 10-Q and 10-K included false and misleading statements about eHealth's revenue and customer churn. The statements dismissed by the Court included the only allegedly false or misleading statements attributed to Defendant David Francis in the Complaint.

The only statements that remain in the case after this Court's Order are extemporaneous oral statements made by Defendants Scott N. Flanders and Derek N. Yung in response to questions from investment analysts on eHealth's Q1 2018 and Q4 2019 earnings calls. Because Francis did not "make" any of the remaining challenged statements under the meaning of *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011), he is entitled to judgment on the pleadings with respect to all claims brought against him under Section 10(b) of the Securities Exchange Act of 1934.

Plaintiff's control person claim against Francis under Section 20(a) of the Exchange Act also fails. The Complaint provides only generic and boilerplate allegations that do not distinguish between the Defendants or their unique roles and positions at eHealth during the Class Period. The Complaint also lacks any allegations that Francis exercised "control" over the alleged primary violators here—CEO Flanders (to whom Francis reported) or CFO Yung—much less that he had the power to control their unscripted responses to questions from analysts on eHealth's earnings conference calls.

The pleadings are closed. After dismissal of the claims arising from eHealth's SEC filings, none of the allegedly fraudulent statements that remain in the case are attributed to Francis or are alleged to have been within his control. Francis is, therefore, entitled to judgment on the pleadings.

## **BACKGROUND**

eHealth is a health insurance broker that provides online and tele-sales assistance to consumers seeking to buy insurance from health insurance providers.  (¶ 2.[1])  During the Class Period, Francis was eHealth's Chief Operating Officer.  (¶ 16.)  Francis was also eHealth's interim Chief Financial Officer until June 2018, when eHealth named Defendant Yung Chief Financial Officer.

Plaintiff White filed the Complaint on August 25, 2020.  The Complaint asserts violations of Section 10(b) of the Exchange Act against eHealth, Flanders, Francis, and Yung; and control person claims under Section 20(a) of the Exchange Act against Flanders, Francis, and Yung.[2]

Plaintiff alleges in the Complaint that Defendants made false and misleading statements in certain of eHealth's SEC filings and on quarterly earnings calls during the March 19, 2018, to July 23, 2020 Class Period.  Plaintiff alleges that the revenue recognized and reported by eHealth was "falsified and inflated" because the Company's revenue recognition assumptions "disregarded evidence of increased churn" among members.  (Order at 2.)  Plaintiff also alleges that these reported revenue metrics and certain statements in SEC filings and on conference calls were false and misleading because they "concealed increased churn caused by eHealth's shift to direct-response advertising."  (Order at 6.)  Additionally, Plaintiff alleges that statements made on the April 26, 2018 and February 20, 2020 Earnings Calls were false and misleading because they "concealed the operating costs that eHealth must incur to retain members and that must be offset against any commissions it receives from insurance companies."  (Order at 14.)

The only alleged false statements attributed to Francis in the Complaint are statements related to eHealth's revenue recognition that were made in eHealth's March 19, 2018 Form 10-K, which Francis signed.  (¶ 69-73.)  The only substantive allegations in the Complaint relating to Francis concern his access to "contemporaneous data on member churn" (¶¶ 40-41; 106); alleged

---

[1] All ¶ _ references are to the Complaint.

[2] On November 29, 2022, after being appointed lead plaintiff, Chicago Pension Fund filed a supplement to add itself as a party to the Complaint in place of Plaintiff White.  (Dkt. 116.)

"retention issues" eHealth was experiencing during the Class Period (¶ 110); and eHealth's implementation of ASC 606 with respect to its revenue recognition (¶¶ 34-35).

In the Order, the Court dismissed all claims challenging statements related to eHealth's revenue recognition and member churn. (Order at 6-14.) The Court denied Defendants' Motion to Dismiss with respect to just three statements—made by Defendants Flanders and Yung on the April 26, 2018 and February 20, 2020 Earnings Calls. With respect to these statements, the Court found that Plaintiff "plausibly alleged" that Flanders and Yung "concealed the operating costs that eHealth must incur to retain members and that must be offset against any commissions it receives from insurance companies." (Order at 14-17.) The Order also denied Defendants' Motion to Dismiss control person claims under Section 20(a) "to the extent that it is predicated on the challenged statements made on April 26, 2018, and February 20, 2020," by Flanders and Yung. (Order at 21.) The Order (like the Complaint) did not analyze or assess Francis' involvement with or control over these statements.

The Court granted Plaintiff White leave to amend the Complaint within 30 days of the Order. (Order at 21–22.) The Court ordered that "[a] failure to file an amended complaint will result in dismissal with prejudice of all claims predicated on challenged statements other than those made on April 26, 2018, and February 20, 2020." (*Id.*) Plaintiff White declined the Court's invitation to amend. The only statements that remain at issue in this case, therefore, are those made by Flanders and Yung on April 26, 2018, and February 20, 2020.

## ARGUMENT

I. **JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED IN FAVOR OF A DEFENDANT WHERE THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THEM.**

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings "after the pleadings are closed." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Heliotrope Gen., Inc., v. Fort Motor Co.*, 189 F.3d 971, 978–79 (9th Cir. 1999) (internal quotation and citation omitted). The analysis under Rule 12(c) is "substantially identical" to the analysis under Rule 12(b)(6). *Chavez v. United States*, 683 F.3d

1102, 1108 (9th Cir. 2012).

The stringent pleading requirements of the Private Securities Litigation Reform Act of 1995 (the "Reform Act") apply in a motion for judgment on the pleadings. *Heliotrope*, 189 F.3d at 979–981 (applying Reform Act standards to motion for judgment on the pleadings.)  As this Court held in the Order, under the Reform Act, Plaintiff must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading."  (Order at 4.) Moreover, Plaintiff is required to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  (Order at 4.)  If a "plaintiff fails to plead either the alleged misleading statements or scienter with particularity, his or her complaint must be dismissed."  (Order at 4–5.)

## II.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST FRANCIS.

The Complaint asserts claims against Francis under Section 10(b) and Section 20(a) of the Exchange Act.  Both claims fail.

### A.   Plaintiff Fails to State a Section 10(b) Claim Against Francis.

Francis is entitled to judgment on the pleadings on Plaintiff's Section 10(b) claim because Francis did not "make" any allegedly false or misleading statement, as required by *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011).

Section 10(b) liability attaches ***only*** to the "maker" of a challenged statement. *Janus*, 564 U.S. at 141.  The maker of a statement is "the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." *Id.* at 142.  The Supreme Court explained in *Janus* that "[t]his rule might best be exemplified by the relationship between a speechwriter and a speaker.  Even when a speechwriter drafts a speech, the content is entirely within the control of the person who delivers it.  And it is the speaker who takes credit— or blame—for what is ultimately said." *Id.* at 142–43.  Thus, oral statements made on conference calls—like those at issue here—"can be attributed to the speaker only." *M & M Hart Living Tr. v. Glob. Eagle Entm't, Inc.*, Case No. CV 17-1479 PA (MRWX), 2017 WL 5635424, at \*12 (C.D. Cal. Aug. 20, 2017); *see also Murphy v. Precision Castparts Corp.*, No. 3:16-CV-00521-SB,

2020 WL 4040827, at *24 (D. Or. July 17, 2020) (compiling cases), *on reconsideration on other grounds*, No. 3:16-CV-00521-SB, 2021 WL 2080016 (D. Or. May 24, 2021), *aff'd sub nom.* No. 21-35516, 2022 WL 2800825 (9th Cir. July 18, 2022); *In re Coinstar Inc. Sec. Litig.*, No. C11–133 MJP, 2011 WL 4712206, at *10-11 (W.D. Wash. Oct. 6, 2011); *In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1092 (C.D. Cal. 2008).

The ***only*** statements that remain in this case are extemporaneous oral statements made on conference calls by CEO Flanders and CFO Yung. (Order at 14, citing ¶ 75; Order at 16-17, citing ¶ 91.) Because Francis did not make these statements under the meaning of *Janus*, he is entitled to judgment on the pleadings on Plaintiff's Section 10(b) claims.

**B.      Plaintiff Also Fails to State a Section 20(a) Claim Against Francis.**

Plaintiff also fails to state a claim for control person liability under Section 20(a).

To plead a claim under Section 20(a), Plaintiff must plead facts showing (1) a primary violation of federal securities laws; and (2) that the defendant exercised actual power or control over the primary violator. *See Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). Control is defined as "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." *Hessefort v. Super Micro Computer, Inc.*, No. 18-CV-00838-JST, 2021 WL 1169906, at *14 (N.D. Cal. Mar. 29, 2021).

Conclusory assertions that defendants had direct and supervisory control over a company's day-to-day operations are insufficient to establish control. *Purple Mountain Trust v. Wells Fargo & Co.*, 432 F.Supp.3d 1095, 1106–07 (N.D. Cal. 2020). Rather, Plaintiff must plead facts showing the defendant's "power to control corporate actions," *Howard*, 228 F.3d at 1065, through, for example, allegations regarding the defendant's individual responsibilities and roles or "control over the preparation and release of the allegedly false and misleading statements." S*ee e.g.*, *Abadilla v. Precigen, Inc.*, No. 20-CV-06936-BLF, 2022 WL 1750033, at *10 (N.D. Cal. May 31, 2022).

Plaintiff's allegations against Francis fall far short of meeting this burden. There are no allegations that Francis had the power to control CEO Flanders or CFO Yung, the alleged primary

violators here. Nor could there be—Francis *reported to* CEO Flanders, not the other way around. *Middlesex Ret. Sys. v. Quest Software Inc.*, 527 F.Supp.2d 1164, 1194 (C.D. Cal. 2007) (dismissing control person claim because the plaintiff's allegations did not answer the question "how can [the defendant] exercise control over either his peer[s] or his supervisors[?]"). Plaintiff also does not even allege that Francis had the power to control the remaining challenged statements. Plaintiff alleges *only* that Francis "control[led] the contents of the various reports, press releases and public filings which eHealth disseminated in the marketplace during the Class Period concerning eHealth's operations." (¶ 166.) The remaining challenged statements were not in such reports and public filings.

The *only* statements that remain in the case are oral statements made by executives other than Francis. There are no allegations regarding Francis' role in preparing for the earnings calls or his involvement in or authority over Flanders' and Yung's extemporaneous statements made on the earnings calls. Plaintiff has not, therefore, alleged that Francis exercised actual power or control over the alleged primary violators here. *See In re Energy Recovery Inc. Sec. Litig.*, No. 15-cv-00265-EMC, 2016 WL 324150, at *26 (N.D. Cal. Jan. 27, 2016) (dismissing Section 20(a) claim where "[t]here is no allegation that [the chief marketing officer] directed or exercised control over [CEO] who allegedly made the false and misleading statements" during company earnings calls); *see also Precision Castparts Corp.*, 2020 WL 4040827, at *25 (rejecting Section 20(a) claim where record did "not support a conclusion that [CFO] had any meaningful control over what words came out of [CEO's] mouth during [earnings] calls").

Moreover, Plaintiff does not offer any allegations regarding Francis' role at any point in the Class Period, much less show that this role granted him control over the alleged primary violators or the Company. Plaintiff's control person allegations against the individual defendants are limited to six paragraphs of the Complaint. (*See* ¶¶ 163–168.) Nowhere in these paragraphs are there "factual allegations of control specific to" Francis, as is required to state a claim under Section 20(a). *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 690 F.Supp.2d 959, 979 (D. Ariz. 2010). Instead, Plaintiff offers bald assertions that "Defendants"—as a group—"participated in the operation and management of eHealth, and

conducted and participated, directly and indirectly, in the conduct of [e]Health's business affairs" (¶ 164) and "Defendants"—as a group—"were able to, and did, control the contents of the various reports, press releases and public filings which eHealth disseminated in the marketplace during the Class Period concerning eHealth's operations." (¶ 166.) Vague and conclusory allegations, like these, are insufficient to state a claim. *Purple Mountain Trust*, 432 F.Supp.3d at 1106–07 (dismissing "barebones allegations" that officers had power and ability to control primary violator "by virtue of their positions and their power to control public statements"); *Precigen, Inc.*, 2022 WL 1750033, at \*10 (generalized allegations about defendant's title and management of business unit that was the subject of the challenged statements insufficient to state a control person claim); *Special Situations Fund III QP, L.P. v. Brar*, No. 14-CV-04717-SC, 2015 WL 1393539, at \*10 (N.D. Cal. Mar. 26, 2015) (describing similar allegations as "boilerplate allegations that courts have typically rejected"); *In re Accuray, Inc. Sec. Litig.*, 757 F.Supp.2d 936, 952 (N.D. Cal. 2010) (finding conclusory allegations that defendants "influenced and controlled" the company based on their "high-level positions" insufficient); *Apollo Group*, 690 F.Supp.2d at 979–80 (dismissing as insufficient complaint that lacked detailed allegations about COO's day-to-day roles and responsibilities in company to show liability as a control person).

## CONCLUSION

Francis respectfully requests that the Court grant judgment on the pleadings with respect to all claims against him.

Dated: December 22, 2022

ANNA ERICKSON WHITE
DAVID J. WIENER
MORRISON & FOERSTER LLP

By:    *s/ Anna Erickson White*
      Anna Erickson White

      Attorneys for Defendant
      David K. Francis