ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DOUGLAS R. BRITTON (188769)
LUCAS F. OLTS (234843)
RAPHAELLA FRIEDMAN (323324)
MEGAN A. ROSSI (318643)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
lolts@rgrdlaw.com
rfriedman@rgrdlaw.com
mrossi@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re eHEALTH INC. SECURITIES LITIGATION | ) ) ) ) | Case No. 4:20-cv-02395-JST |
|---|---|---|
| | | CLASS ACTION |
| | | DECLARATION OF LUCAS F. OLTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE MOTION FOR JUDGMENT ON THE PLEADINGS |

4889-5133-7037.v1

I, LUCAS F. OLTS, declare as follows:

1.    I am an attorney duly licensed to practice before all of the courts of the State of California.  I am a member of the law firm of Robbins Geller Rudman & Dowd LLP, one of the counsel of record for plaintiff in the above-entitled action.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.    Attached are true and correct copies of the following exhibits:

Exhibit 1:    Defendants' Responses and Objections to Lead Plaintiff's Request for Production of Documents, dated January 18, 2023.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 26, 2023, at San Diego, California.

s/ Lucas F. Olts
LUCAS F. OLTS

DECLARATION OF LUCAS F. OLTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE MOTION FOR JUDGMENT ON THE PLEADINGS - 4:20-cv-02395-JST                    - 1 -
4889-5133-7037.v1

# EXHIBIT 1

CATHERINE E. MORENO, SBN 264517
DYLAN G. SAVAGE, SBN 310452
BETTY CHANG ROWE, SBN 214068
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100
Email: cmoreno@wsgr.com
        dsavage@wsgr.com
        browe@wsgr.com

GREGORY L. WATTS, SBN 197126
STEPHANIE L. JENSEN, *pro hac vice forthcoming*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile:  (206) 883-2699
Email: gwatts@wsgr.com
        sjensen@wsgr.com

*Attorneys for Defendants eHealth Inc.,*
*Scott N. Flanders, and Derek N. Yung*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE eHEALTH, INC. SECURITIES LITIGATION | CASE NO.:  4:20-cv-02395-JST |
| | **DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant Federal Rule of Civil Procedure ("Rule") 34, Defendants eHealth, Inc. ("eHealth" or the "Company"), Scott N. Flanders, Derek N. Yung, and David K. Francis (with eHealth, the "Defendants"), through their undersigned counsel, hereby submit these responses and objections to Lead Plaintiff's First Request for Production of Documents to Defendants (each a "Request," and collectively the "Requests").

## GENERAL OBJECTIONS

A.      The following general objections ("General Objections") are incorporated into the Objections to Definitions, Objections to Instructions, Objections to Production Format, Objections to Production of ESI, Objections to Relevant Time Period, and Specific Objections as if set forth fully therein.

B.      Defendants object to the Requests because discovery is stayed pursuant to the Private Securities Litigation Reform Act's ("PSLRA") automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

C.      Defendants object to the Requests to the extent that they impose any differing or additional obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of California, and other applicable law.

D.      Defendants object to all Definitions, Instructions, and Requests to the extent they seek the disclosure of information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the disputed issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, in accordance with Rule 26(b)(1).

DEFENDANTS' RESPONSES AND OBJECTIONS
TO LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-1-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

E.      Defendants object to the Requests to the extent that they are vague or ambiguous, oppressive, overly broad, unduly burdensome, and subject Defendants to undue and unnecessary expense in responding to the demands contained therein.

F.      Defendants object to the Requests to the extent that they are unreasonably cumulative and duplicative.

G.      Defendants object to the Requests to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, constitutional, statutory, foreign and/or common law rights of privacy, or any other applicable privilege, immunity, protection, or doctrine ("Privileged Information").  Any inadvertent disclosure of Privileged Information is not intentional and should not be construed as a waiver of such privilege, immunity, protection, or doctrine.  Upon being notified of any inadvertent production of Privileged Information, Plaintiff shall promptly return or destroy the specified document or information (and any work product generated therefrom), and any copies thereof, and may not use or disclose the information contained therein in any way.

H.      Defendants object to the Requests to the extent that they seek private, personal, or other information protected by law.

I.      Defendants object to the Requests to the extent that they purport to require the production of documents in violation of a legal or contractual obligation of nondisclosure or are otherwise prohibited by law.

J.      Defendants object to the Requests to the extent that they seek trade secrets information or non-public, commercially sensitive research, development, technology, planning, financial, business and/or proprietary information of Defendants or any other person or entity.

K.      The failure of Defendants to object to any specific request on any particular ground shall not be construed as a waiver of their right to object on any additional grounds. The fact that Defendants have answered all or part of any request shall not be construed as a waiver of any part of any objection to any request.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-2-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

L.    Defendants' responses are based upon information presently available to and located by Defendants and their attorneys.  Defendants reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein at any time.  Defendants expressly reserve the right to rely in this action on subsequently discovered information.

M.    No incidental or implied admissions are intended by the responses herein.  The fact that Defendants have answered or objected to any request should not be taken as an admission that (a) Defendants accept or admit the existence of any "facts" or documents set forth or assumed by such request; (b) any particular fact, document, or thing exists, is relevant, is non-privileged, or is admissible in evidence; or (c) any statement or characterization in a request is accurate or complete.

N.    In providing these responses to the Requests, Defendants do not waive but rather hereby reserve the right to assert any and all objections to the admissibility into evidence, at any hearing or at trial in this action or in any other proceeding, of any document produced or referred to in response to the Requests on any and all grounds.

O.    Defendants object to the use of their responses to the Requests in any proceeding other than the above-captioned action.

### OBJECTIONS TO SECTION I -- DEFINITIONS

P.    The following objections to definitions ("Objections to Definitions") are incorporated into the General Objections, Objections to Instructions, Objections to Production Format, Objections to Production of ESI, Objections to Relevant Time Period, and Specific Objections as if set forth fully therein.

Q.    Defendants object to the definition of "eHealth" or the "Company" to the extent that it includes "subsidiaries," "affiliates (foreign and domestic)," and "former officers, directors, employees, agents, directors, and all other persons acting or purporting to act on its behalf" on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome, and to the extent that it seeks information outside the possession, custody, or control of Defendants.  To the extent the Company produces documents, it will only produce documents within its possession, custody,

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-cv-02395-JST

-3-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

or control.  The Company does not intend to collect documents from former officers, directors, employees, agents, or other third parties.

R.      Defendants object to the definition of "Communication" or "communications" on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, particularly to the extent that it encompasses the "exchange of information (in the form of facts, ideas, inquiries, or otherwise)," and oral exchanges or transmissions of information that were not memorialized in a tangible form.

S.      Defendants object to the definition of "Document" to the extent the examples included exceed the definition of "document" contained in Rule 34, including the term "Communication," which is defined to include oral communications not memorialized in a tangible form.

T.      Defendants object to the definitions of "EY" and "Ernst & Young" to the extent that it includes "all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants, and all other persons acting or purporting to act on its behalf" on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome.

U.      Defendants object to the definitions of "Medicare segment," "GoMedigap," and "LTV" on the grounds that they are unduly broad and poorly tailored to the extent that they purport to encompass most or all of the Company's operations.

**OBJECTIONS TO SECTION II -- INSTRUCTIONS**

V.      The following objections to instructions ("Objections to Instructions") are incorporated into the General Objections, Objections to Definitions, Objections to Production Format, Objections to Production of ESI, Objections to Relevant Time Period, and Specific Objections as if set forth fully therein.

W.      Defendants object to Plaintiff's instruction number 1 to the extent it purports to require the production of Privileged Information or materials out of proportion to the needs of the case.  Defendants further object to instruction number 1 to the extent it requires production that would be unduly burdensome to any or all Defendants.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-4-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

X.     Defendants object to Plaintiff's instruction number 2 to the extent it purports to impose a duty as to any Document that is not relevant to any party's claim or defense, not proportional to the needs of the case, or without the possession, custody, or control of any Defendant.  Defendants further object to Plaintiff's instruction number 2 because it purports to impose a duty that exceeds Defendants' obligations under the Federal Rules of Civil Procedure, Local Civil Rules, and other applicable law.  If Defendants are unable to produce a document due to undue burden or expense, Defendants will object on that ground and will make the showing required in Rule 26(b)(2)(B), if necessary, to oppose a motion to compel discovery.

Y.     Defendants object to Plaintiff's instruction number 5 on the ground that it exceeds Defendants' obligations under Rule 26(b)(5)(A)(ii).

Z.     Defendants object to Plaintiff's instructions in section IV numbers 1-12 to the extent that they purport to specify required metadata fields before the parties have agreed upon an ESI protocol.

## OBJECTIONS TO SECTION III -- PRODUCTION OF HARD COPY DOCUMENTS - FORMAT

AA.     The following objections to production of hard copy documents – format ("Objections to Production Format") are incorporated into the General Objections, Objections to Definitions, Objections to Instructions, Objections to Production of ESI, Objections to Relevant Time Period, and Specific Objections as if set forth fully therein.

BB.     Defendants object to Plaintiff's Section III -- Production of Hard Copy Documents – Format in full.  The parties will separately negotiate a Stipulated [Proposed] Protective Order and Stipulated [Proposed] Order re: Discovery of Electronically Stored Information.  Any production will only be made after the entry of such orders and in accordance with such orders.

## OBJECTIONS TO SECTION IV -- PRODUCTION OF ESI

CC.     The following objections to production of ESI ("Objections to Production of ESI") are incorporated into the General Objections, Objections to Definitions, Objections to Instructions,

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-5-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Objections to Production Format, Objections to Relevant Time Period, and Specific Objections as if set forth fully therein.

DD.    Defendants object to Plaintiff's Section IV -- Production of ESI in full.  The parties will separately negotiate a Stipulated [Proposed] Protective Order and Stipulated [Proposed] Order re: Discovery of Electronically Stored Information.  Any production will only be made after the entry of such orders and in accordance with such orders.

**OBJECTIONS TO SECTION V -- RELEVANT TIME PERIOD**

EE.    The following objections to relevant time period ("Objections to Relevant Time Period") are incorporated into the General Objections, Objections to Definitions, Objections to Instructions, Objections to Production Format, Objections to Production of ESI, and Specific Objections as if set forth fully therein.

FF.    Defendants object to the relevant time period on the ground that it is overbroad including "documents and information that relate to such period even if prepared or published outside of the Relevant Period" and therefore would call for the production of documents neither relevant to any party's claim or defense nor proportional to the needs of the case.  Unless indicated otherwise with respect to specific requests, Defendants will produce responsive documents dated within the period January 1, 2018 to July 23, 2020, inclusive (the "Relevant Time Period").

**SPECIFIC OBJECTIONS AND RESPONSES**

The following objections and responses to specific documents requested ("Specific Objections") hereby incorporate by reference the aforementioned General Objections, Objections to Definitions, Objections to Instructions, Objections to Production Format, Objections to Production of ESI, and Objections to Relevant Time Period into each response to each specific request for production (each a "Request," and collectively the "Requests") below as if they were fully set forth therein.  Subject to the foregoing, Defendants respond to each individual Request as follows:

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST
-6-
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**REQUEST FOR PRODUCTION NO. 1:**

eHealth's document retention policies in effect during the Relevant Period and all documents concerning any potential or actual violation of those policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overbroad and unduly burdensome, particularly with regard to the phrase "all documents concerning[.]" Defendants further object to this Request as vague and ambiguous, particularly with regard to its reference to "retention policies."

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce eHealth's document retention policies in effect during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 2:**

Directories, organizational charts, or other documents sufficient to identify eHealth's: (a) organizational structure, officers, and employees during the Relevant Period; (b) accounting structure, including external accountant services; (c) insurance company partnerships; and (d) retained legal counsel, both internal and external, during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants further object to this Request as overbroad, particularly with regard to the inclusion of the phrases "or other documents[,]" "including external accountant services[,]" "insurance company partnerships[,]" and "retained legal counsel, both internal and external[.]"

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                    -7-                    WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents sufficient to describe the Company's organizational structure during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 3:**

All documents, presentations, memoranda, and communications regarding eHealth's contracts with insurance companies for enrollment of potential or actual members, including obligations before and after enrollment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants further object to the Request as vague and overbroad, particularly with regard to the inclusion of the terms "presentations" and "communications[,]" and the phrase "for enrollment of potential or actual members, including obligations before and after enrollment." Defendants further object to the Request to the extent it seeks documents or materials that are subject to privacy and/or confidentiality restrictions. Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606 and is not narrowly tailored and proportional to the needs of the case.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Calendars, date books, telephone logs, telephone bills (local, long distance, and cellular), time sheets, expense reports, visitor logs, and/or appointment books reflecting eHealth-related activities, maintained by each of the Individual Defendants, each current or former eHealth

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-8-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

employee or director to be identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures, or each current or former eHealth employee to be identified as a document custodian.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants further object to this Request as vague, overly broad, and unduly burdensome, particularly with regard to the phrases "reflecting eHealth-related activities" and "maintained by[.]" Defendants further object to the Request as unduly burdensome with regard to its request for "telephone logs, telephone bills (local, long distance, and cellular), time sheets, expense reports, [and] visitor logs[.]" Defendants object that the Request is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to the Request's inclusion of former employees, and to the extent the Request seeks documents or information that are not within Defendants' possession, custody, or control; that are subject to privacy and/or confidentiality restrictions; or that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify all personal and business phone numbers (including all cell phones), email addresses, Twitter accounts, Slack accounts, or accounts on other electronic messaging services (including, but not limited to, Signal, Telegram, WeChat, iMessage, and Duo) for each of the Individual Defendants, each current or former eHealth employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures, or each current or former eHealth employee to be identified as a document custodian.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-9-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overly broad and unduly burdensome. Defendants object that the Request is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to the Request because it seeks information for current or former eHealth employees identified by Plaintiff, an identification for which Defendants may object. Defendants further object to the Request because it seeks personal information from individuals who are not defendants. Defendants further object to the Request's inclusion of former employees, and to the extent the Request seeks documents or information not within Defendants' possession, custody, or control, or that are subject to privacy and/or confidentiality provisions. Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606 and is more akin to an interrogatory not a document request.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 6:**

A current résumé or curriculum vitae for each of the Individual Defendants and each current or former eHealth employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST
-10-
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overly broad and neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to the Request because it seeks information for current or former eHealth employees identified by Plaintiff, an identification for which Defendants may object. Defendants further object to the Request's inclusion of former employees, and to the extent the Request seeks documents or information not within Defendants' possession, custody, or control; that are subject to privacy and/or confidentiality provisions; and that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents regarding any Internet postings by or on behalf of any Individual Defendant concerning eHealth, including documents sufficient to identify any aliases or screen names used by or on behalf of any of the Individual Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents regarding any Internet postings," "by or on behalf of," "concerning," and "any aliases or screen names[.]" Defendants further object to the extent the Request seeks documents or information not within Defendants' possession, custody, or control;

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-11-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

that are subject to privacy and/or confidentiality provisions; that are publicly available; or that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any eHealth board of directors meeting (whether formal or informal and including committee meetings of the boards of directors), and any committee or sub-committee thereof (e.g., Audit Committee, Disclosure Committee, Compensation Committee, etc.), including board packages, financial closing packages, meeting minutes, exhibits, agendas memoranda, resolutions, whether adopted or discussed, notes, reports, and presentations, as well as all documents and communications concerning any action of the eHealth board of directors by written consent relating to eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, Direct Response Television Advertising, eHealth's business or relationship with insurance carriers, enrollment and retention of actual or potential members, costs related to enrollment and retention of actual or potential

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-12-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

members, and commissions or accounts receivables relating to enrollment and retention of actual or potential members with insurance carriers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents concerning[,]" "informal[,]" "board packages," "financial closing packages," "whether adopted or discussed, notes, reports, and presentations[,]" "concerning any action[,]" and "relating to[.]" Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce, meeting minutes and formal presentations to eHealth's Board of Directors, Audit Committee, and/or Disclosure Committee during the Relevant Time Period to the extent they contain documents or information concerning post-enrollment operational costs in the context of ASC 606. Defendants also agree to meet and confer with Plaintiff, once the discovery stay is no longer in effect, to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents sent to or received from any of eHealth's directors concerning eHealth's financial performance, budget, or finances, the board of directors' performance or any eHealth executive's performance, eHealth's stock price, ASC 606, the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses, or eHealth's investors concerning any of these issues.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-cv-02395-JST                              -13-                              WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents . . . concerning[,]" "financial performance," "finances," and the "performance" of directors or executives. Defendants further object to the Request as overly broad with regard to the terms "ASC 606, the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses, or eHealth's investors[.]" Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents provided to eHealth's Board of Directors during the Relevant Time Period to the extent they contain documents or information concerning post-enrollment operational costs in the context of ASC 606. Defendants also agree to meet and confer with Plaintiff, once the discovery stay is no longer in effect, to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning meetings of any disclosure group or committee, including agendas, minutes, notes, reports, and presentations concerning eHealth's financial performance, budget, or finances, eHealth's stock price, ASC 606, the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-14-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents concerning[,]" "meetings of any disclosure group or committee," "notes, reports, and presentations," "financial performance," "finances," and the "performance" of directors or executives. Defendants further object to the Request as overly broad, particularly with regard to the terms "ASC 606, the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses." Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce disclosure committee materials during the Relevant Time Period to the extent they contain documents or information concerning post-enrollment operational costs in the context of ASC 606. Defendants also agree to meet and confer with Plaintiff, once the discovery stay is no longer in effect, to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning meetings with Medicare segment sales representatives, managers, and directors, including agendas, minutes, notes, reports, and presentations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-15-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents concerning[,]" "meetings[,]" and "notes, reports, and presentations." Defendants further object to this Request as overly broad as the meetings are not limited as to subject, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning meetings about applying ASC 606 to eHealth's business, including agendas, minutes, notes, reports, and presentations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents concerning[,]" and "notes, reports, and presentations." Defendants further object to the Request as overly broad as it includes all documents concerning meetings about "applying ASC 606 to eHealth's business," and is not limited to meetings in which post-enrollment operational costs in the context of ASC 606 were discussed. Defendants further object to this Request as overly broad as the participants in the meetings are not limited in any way, and to the extent it seeks Privileged Information.

DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S RFPS CASE NO. 4:20-CV-02395-JST

-16-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce responsive documents during the Relevant Time Period to the extent they contain documents or information concerning post-enrollment operational costs in the context of ASC 606. Defendants also agree to meet and confer with Plaintiff, once the discovery stay is no longer in effect, to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents to, from, or concerning eHealth's independent auditor Ernst & Young regarding ASC 606 and the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses, including, but not limited to Ernst & Young's quarterly reviews, annual audits, audit documentation, or other consulting services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents to, from, or concerning[,]" and "other consulting services." Defendants further object to the Request as overly broad, particularly with regard to the phrase "ASC 606 and the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses[.]" Defendants object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-17-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning eHealth's proposed, draft, or final budgets, or financial plans, including any quarterly or annual budget or financial plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents concerning[,]" "draft," "financial plans," and "financial plan." Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce eHealth's final annual budgets for 2018, 2019, and 2020, and to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show eHealth's quarterly and annual gross revenues and operating income directly or indirectly related to its Medicare segment, including documents sufficient to show the percentage of eHealth's total gross revenues and operating income attributable to its Medicare segment, and analyses regarding the impact, if any, of direct-to-consumer television campaigns, customer retention efforts, GoMedigap services, and other relevant operating costs.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-cv-02395-JST

-18-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents sufficient to show the Company's quarterly and annual operating income and expenses for its Medicare segment, including expenses related to customer retention efforts, and to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents regarding the adoption and implementation of ASC 606, including all assumptions underlying revenue recognition and LTV calculations, as well as subsequent evaluations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents regarding[,]" "adoption and implementation of ASC 606," "assumptions[,]" and "subsequent evaluations." Defendants further object to the Request to the

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-19-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents with third-party consultants regarding the adoption of and transition to ASC 606, the underlying revenue recognition assumptions and LTV calculations, its implementation, and subsequent evaluations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents . . . regarding[,]" "adoption and implementation of ASC 606," "assumptions[,]" "implementation," and "subsequent evaluations." Defendants further object to the Request to the extent that it seeks Privileged Information and materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All documents regarding eHealth's demographic analyses of member customers and advertising strategies, including those prepared by third parties.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-20-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents regarding[,]" "demographic analyses[,]" and "advertising strategies[.]" Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents regarding commissions receivables, eHealth's application of ASC 606, including persistence assumptions and calculations, statistical tools and methodologies to estimate member attrition, and "tail" revenue assumptions and calculations, and applicable forecasts, budgets, projections, and variances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents regarding[,]" "persistence assumptions and calculations, statistical tools and methodologies[,]" "'tail' revenue assumptions and calculations, and applicable

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-21-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

forecasts, budgets, projects, and variances." Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents regarding post-enrollment operational costs in the context of ASC 606, and to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents regarding: (a) costs of revenues; (b) costs to limit turnover and churn, maintain and retain customers, and prevent cancellations of customers; and (c) customer care and enrollment costs, including actual costs and applicable forecasts, budgets, projections, and variances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents regarding post-enrollment operational costs, including the costs related to customer retention, and to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                    -22-                    WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**REQUEST FOR PRODUCTION NO. 22:**

All documents regarding eHealth's "Book of Business" and other documents from insurance carriers provided to eHealth, including data pertaining to new members, existing members, and policy cancellations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents regarding[,]" and "eHealth's 'Book of Business[.]'" Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All documents regarding commissions and bonuses paid to Medicare segment sales representatives, including eHealth's commission and bonus plans and structures, and all documents pertaining to eHealth's systems monitoring to assess performance of sales representatives and call centers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-23-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents regarding[,]" and "eHealth's systems monitoring to assess performance of sales representatives and call centers." Defendants further object to the Request to the extent it seeks documents or materials that are subject to privacy and/or confidentiality restrictions. Defendants further object to the Request because it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning the acquisition of GoMedigap, including the purchase agreement and contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrase "[a]ll documents concerning[.]" Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST
-24-
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning the integration of and services provided by GoMedigap.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrase "[a]ll documents concerning[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents concerning eHealth's marketing initiatives, including Direct Response Television Advertising, the quality of customers obtained through its marketing initiatives, and associated metrics and revenue impacts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents concerning[,]" "quality of customers obtained[,]" and

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST                    -25-                    WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

"associated metrics and revenue impacts." Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning drafts of eHealth's Forms 10-K, 10-Q, and 8-K, quarterly and annual earnings press releases, meeting minutes, reports, memoranda, analyses, or notes concerning such filings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, and unduly burdensome, particularly with regard to the phrases "[a]ll documents concerning[,]" and "analyses, or notes concerning such filings." Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning communications with, requests by, or actions of any federal or state governmental or regulatory agency or entity, including the United States Securities and Exchange Commission, the Financial Industry Regulatory Authority, or the New York Stock Exchange, concerning eHealth's public statements or transactions in eHealth securities.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-26-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents concerning[,]" "communications with, requests by, or actions of[.]" Defendants further object to the Request to the extent it seeks documents or materials that are not within Defendants' possession, custody, or control; are publicly available; or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants will meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Draft and final versions of all press releases issued by or on behalf of eHealth.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overly broad and unduly burdensome, particularly with regard to the phrase "all press releases[.]" Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-27-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning compliance with or violations of any media, social media, insider trading, code of business conduct and ethics, and corporate disclosure policies or procedures in place at eHealth, including copies of the underlying policies or procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents[,]" "compliance[,]" and "violations[.]" Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants will meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 31:**

All documents concerning any policies or practices for sales representatives, managers, or other employees that interacted with actual or potential customers or with insurance carriers regarding member enrollment, retention, or churn, including those focused on Medicare segment sales.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-28-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents[,]" "practices for sales representatives…[,]" "that interacted with[,]" and "focused on[.]" Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All documents constituting any insurance policies, indemnification agreements, hold harmless agreements, director and officer policies, errors, and omissions policies, general liability policies or by-laws under which any defendant may claim coverage to satisfy part or all of any possible liabilities as a result of any of the claims asserted in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague and overly broad as it seeks "[a]ll documents[.]" Defendants further object to the Request to the extent it requests documents or information that are publicly available.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-29-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce the Company's indemnification agreements with the Individual Defendants, the Company's charter and bylaws, and the Company's corporate liability and director and officer liability insurance policies.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning Individual Defendants' holdings and transactions in eHealth stock, including all documents related to: (a) eHealth securities held; (b) transactions in eHealth securities, including purchases, sales, donations, or use of eHealth securities as collateral; and (c) any loans of eHealth stock or options, including, but not limited to, any prepaid variable forward contract or sale lending agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague and overly broad, particularly with regard to the phrases "[a]ll documents" and "related to[.]" Defendants further object to the Request to the extent it seeks documents or materials that are subject to privacy and/or confidentiality restrictions. Defendants further object to the Request to the extent it seeks documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All documents concerning the Individual Defendants' compensation from eHealth, including all documents related to:

(a)     any severance package, termination agreement, or parachute payments;

(b)    payments made pursuant to §280G of the Internal Revenue Code, 26 U.S.C. §280G;

(c)    all bonuses and/or other compensation policies, terms, and agreements;

(d)    any performance reviews;

(e)    the benchmarking of salaries against peer groups;

(f)    performance-based and service-based long-term equity incentive awards, such as restricted stock units (RSUs) and non-monetary compensation and stock grants; and

(g)    all payments, loans, or taxable benefits received from eHealth.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague and overly broad, particularly with regard to the phrases "[a]ll documents" and "related to[.]" Defendants further object to the Request to the extent it seeks documents or materials that are subject to privacy and/or confidentiality restrictions. Defendants further object to the Request to the extent it seeks documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning the resignation, termination, demotion, removal from office, or change in job title of any of your directors, officers, or executives that interacted with the Company's customers, insurance carriers, or had any responsibility concerning the Company's commissions or customer enrollment and retention, including the Individual Defendants, and the assumption of their duties by any other person along with the reasons therefor.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-31-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents[,]" "interacted with[,]" "executives," and "any responsibility concerning[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are subject to privacy and/or confidentiality restrictions or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All documents concerning the resignation, termination, demotion, removal from office, or change in job title of any of your directors, officers, or executives that implemented, discussed, or raised issues with eHealth's application of ASC 606, or had any responsibility concerning the Company's application of ASC 606, including the Individual Defendants, and the assumption of their duties by any other person along with the reasons therefor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-32-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

regard to the phrases "[a]ll documents[,]" "any responsibility[,]" "executives," and "assumption of their duties[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are subject to privacy and/or confidentiality restrictions, are publicly available, or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All documents regarding any Rule 10b5-1 trading plan by or behalf of any Individual Defendant or eHealth officer or employee identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague and overly broad, particularly with regard to the phrase "[a]ll documents[.]"  Defendants further object to the Request to the extent it seeks documents or materials that are subject to privacy and/or confidentiality restrictions.  Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are publicly available.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce all 10b5-1 trading plans implemented by the Individual Defendants.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-33-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**REQUEST FOR PRODUCTION NO. 38:**

Identification of the members of any committee concerning investor relations and their means of communication, including email addresses, email groups, Slack channels and their equivalents, office numbers, secretaries, and/or personal assistants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, particularly with regard to the phrase "any committee concerning investor relations[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606 and is more akin to an interrogatory than a document request.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents sufficient to show the members of any committee concerning investor relations, and to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning any communications, press releases, conference calls, presentations, or meetings with any eHealth shareholders, securities analysts, financial analysts, individual or institutional investors, financial publications, news reporters, journalists, or investment bankers concerning eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct Response Television Advertising, including draft and final versions of all public conference call scripts or presentations and any draft questions and answers.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-34-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents[,]" "communications," "meetings[,]" "concerning[,]" and "any draft[.]" Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning any coverage of eHealth by securities analysts or the news media concerning eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct Response Television Advertising, including any draft or final reports or articles sent to or received by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents[,]" and "any coverage[.]" Defendants further object to the

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-35-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Request to the extent it seeks documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All communications with, and documents sent to or received from, any analyst or analyst firm covering eHealth concerning eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct Response Television Advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrase "[a]ll communications[,]" "concerning[,] and "covering[.]" Defendants further object to the Request to the extent it seeks documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All communications with, and documents sent to or received from, any investors in eHealth common stock concerning eHealth's financial performance, use of ASC 606, operational costs,

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-36-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

member churn, sales commission and incentives structure, and Direct Response Television Advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrase "[a]ll communications[.]"  Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Transfer records or other documents identifying ownership of eHealth common stock.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrase "other documents[.]"  Defendants further object to the Request to the extent it seeks documents or materials that are not in Defendants' possession, custody, or control; are

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-37-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

subject to privacy and/or confidentiality restrictions, or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning eHealth's share price, market capitalization, number of shareholders, volume of shares traded and/or the value of options, or any other eHealth security, including documents concerning price movements in eHealth common stock and the possible or actual factors or reasons that led to any change in the price of eHealth common stock during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents[,]" and "possible or actual factors or reasons[.]" Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are publicly available.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning Defendants' consideration of whether and/or when eHealth should disclose to investors any information about the ongoing operating expenses and costs in retaining new and existing customers.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-38-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, and unduly burdensome, particularly with regard to the phrases "[a]ll documents[,]" and "consideration[.]" Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All documents concerning the retention, engagement, and/or consultation with any public/investor relations, disclosure and/or legal advisors in connection with eHealth's public disclosures during the Relevant Period, including communications with or documents sent to or received from any such consultant or advisor concerning eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct Response Television Advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, and unduly burdensome, particularly with regard to the phrases "[a]ll documents[,]" and "concerning[.]" Defendants further

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-39-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All documents concerning any statement made by any members of senior management to the media, investors, analysts, or public relations firms concerning eHealth, eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and direct-to-consumer television marketing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, particularly with regard to the phrases "[a]ll documents[,]" and "any members of senior management[.]" Defendants further object to the Request to the extent it seeks Privileged Information and to the extent it seeks documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All documents, agendas, presentations, memoranda, communications, responses, and draft responses, concerning the Muddy Waters report.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-40-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, particularly with regard to the phrases "[a]ll documents[,]" "presentations," "communications," "draft responses," and "concerning[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All documents concerning eHealth's disclosure, as set forth in ¶¶62-67 of the Complaint, including all reasons for and the timing of the disclosure on July 23, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague and overly broad, particularly with regard to the terms and phrases "[a]ll documents[,]" "concerning[,]" and "all reasons for and the timing of[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-cv-02395-JST

-41-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All documents supporting or relating to any of Defendants' affirmative and other defenses set forth in Defendants' Answer, including, but not limited to:

(a)    all documents regarding Defendants purported justification for doing any and/or all of the acts alleged in the Complaint;

(b)    all documents regarding the proximate cause of any loss allegedly suffered by Lead Plaintiff or members of the Class, including the individuals or entities that proximately caused any damages allegedly suffered by Lead Plaintiff or members of the Class;

(c)    all documents regarding any factual historical basis for any of Defendants' alleged false or misleading statements;

(d)    all documents regarding any good faith defenses; and

(e)    all documents regarding statements made to Lead Plaintiff or members of the Class regarding the material facts concerning their investments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, to the extent Defendants intend to rely on documents not already subject to production in response to Plaintiff's Requests, Defendants will produce those documents on a rolling basis while preserving an objection to this request to the extent it requests Privileged Information.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-cv-02395-JST

-42-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**REQUEST FOR PRODUCTION NO. 51:**

All documents received from any third-party subpoenaed in this Action and all communications with any such third-party concerning the Action or any subpoena issued in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overly broad, particularly with regard to the phrase "all communications[.]" Defendants further object to the Request to the extent it seeks documents or materials that are subject to privacy and/or confidentiality restrictions.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 52:**

To the extent not captured by the above requests, all documents or communications you know to be relevant to the action. This request is made without regard to the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, and unduly burdensome, particularly with regard to the phrase "all documents or communications you know to be relevant[.]" Defendants further object to the Request to the extent it seeks Privileged Information.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-43-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

Dated: January 18, 2023

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: /s/*Gregory L. Watts*
     Gregory L. Watts

GREGORY L. WATTS, SBN 197126
STEPHANIE L. JENSEN, *pro hac vice forthcoming*
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:    (206) 883-2500
Facsimile:    (206) 883-2699
Email:        gwatts@wsgr.com
              sjensen@wsgr.com

CATHERINE E. MORENO, SBN 264517
BETTY CHANG ROWE, SBN 214068
DYLAN G. SAVAGE, SBN 310452
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:    (650) 493-9300
Facsimile:    (650) 565-5100
Email:        cmoreno@wsgr.com
              browe@wsgr.com
              dsavage@wsgr.com

*Attorneys for Defendants eHealth, Inc., Scott N. Flanders and Derek N. Yung*

**MORRISON AND FOERSTER LLP**

By: /s/*David J. Wiener*
     David J. Wiener

ANNA ERICKSON WHITE
DAVID J. WIENER
425 Market Street
San Francisco, CA 94105-2482
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522
Email:        awhite@mofo.com
              dwiener@mofo.com

*Attorneys for Defendant David K. Francis*

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-44-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

## CIVIL L.R. 5-1(h)(3) ATTESTATION

In compliance with Civil Local Rule 5-1(h)(3), I, Gregory L. Watts, hereby attest that David Wiener has concurred in the serving of these Responses and Objections to Lead Plaintiff's Requests for Production of Documents.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPs
CASE NO. 4:20-CV-02395-JST

-45-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2022, I caused a copy of the foregoing Defendants' Responses and Objections to Lead Plaintiff's Requests for Production of Documents to be served upon the following, by electronic mail, pursuant to the parties' mutual agreement to accept service via email in accordance with Fed. R. Civ. P. 5(b)(2)(F).

Shawn A. Williams
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Email: shawnw@rgrdlaw.com

Michael Albert
Douglas R. Britton
Jennifer N. Caringal
Danielle S. Myers
Lucas F. Olts
Raphaella Friedman
Megan A. Rossi
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Email: malbert@rgrdlaw.com
        dougb@rgrdlaw.com
        jcaringal@rgrdlaw.com
        dmyers@rgrdlaw.com
        lolts@rgrdlaw.com
        rfriedman@rgrdlaw.com
        mrossi@rgrdlaw.com

*Counsel for Chicago & Vicinity Laborers' District Council Pension Fund*

David J. Wiener
Judson Earle Lobdell
Anna E. White
Morrison Foerster LLP
425 Market Street
San Francisco, CA 94105
Email: dwiener@mofo.com
        jlobdell@mofo.com
        awhite@mofo.com

*Counsel for Defendant David K. Francis*

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Seattle, Washington on January 18, 2022.

s/ *Stephanie L. Jensen*
Stephanie L. Jensen, *Pro Hac Vice Forthcoming*
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone: (206) 883-2500
Email:  sjensen@wsgr.com

CERTIFICATE OF SERVICE
CASE NO. 4:20-CV-02395-JST

-1-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100