ROBBINS GELLER RUDMAN
    & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DOUGLAS R. BRITTON (188769)
LUCAS F. OLTS (234843)
RAPHAELLA FRIEDMAN (323324)
MEGAN A. ROSSI (318643)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
lolts@rgrdlaw.com
rfriedman@rgrdlaw.com
mrossi@rgrdlaw.com

Lead Counsel for Lead Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re eHEALTH INC. SECURITIES LITIGATION | )<br>)<br>) | Case No. 4:20-cv-02395-JST<br><br>CLASS ACTION<br><br>PLAINTIFF'S OPPOSITION TO THE MOTION OF DAVID K. FRANCIS FOR JUDGMENT ON THE PLEADINGS |

4895-8961-6459.v1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................1

II.     BACKGROUND .........................................................................................................3

III.    ARGUMENT ...............................................................................................................5

      A.      Francis' Arguments Are Insufficient Grounds for This Court to
            Reconsider Its Order on Defendants' Motion to Dismiss .......................................5

      B.      Francis Fails to Meet Fed. R. Civ. P. 12(c)'s Legal Standards ...............................7

            1.      A Motion for Judgment on the Pleadings Is Inappropriate for the
                   §10(b) Claim Against Francis ....................................................................8

            2.      A Motion for Judgment on the Pleadings is Inappropriate for the
                   §20(a) Claim Against Francis ..................................................................10

IV.     CONCLUSION...........................................................................................................13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................................8

*Baron v. Hyrecar Inc.*,
2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) .........................................................................11

*Brody v. Transitional Hosps. Corp.*,
280 F.3d 997 (9th Cir. 2002) ....................................................................................................8

*Cardoza v. United States*,
1995 WL 810028 (E.D. Cal. Nov. 20, 1995)........................................................................2, 7

*Chavez v. United States*,
683 F.3d 1102 (9th Cir. 2012) ..................................................................................................8

*Dekker v. Vivint Solar, Inc.*,
542 F. Supp. 3d 959 (N.D. Cal. 2021), *appeal dismissed*,
2021 WL 6124511 (9th Cir. Oct. 18, 2021)..............................................................................6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (1989)..............................................................................................................2, 7

*Hefler v. Wells Fargo & Co.*,
2018 WL 1070116 (N.D. Cal., Feb. 27, 2018) ..................................................................11, 12

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
189 F.3d 971 (9th Cir. 1999) ....................................................................................................8

*Howard v. Everex Sys., Inc.*,
228 F.3d 1057 (9th Cir. 2000) .................................................................................................10

*In re Coinstar Inc. Sec. Litig.*,
2011 WL 4712206 (W.D. Wa. Oct. 6, 2011)..........................................................................10

*In re Energy Recovery Inc. Sec. Litig.*,
2016 WL 324150 (N.D. Cal. Jan. 27, 2016)...........................................................................12

*In re Impac Mortg. Holdings, Inc. Sec. Litig.*,
554 F. Supp. 2d 1083 (2008) ..................................................................................................10

*In re LDK Solar Sec. Litig.*,
584 F. Supp. 2d 1230 (N.D. Cal. 2008).....................................................................................7

**Page**

*In re Micron Techs., Sec. Litig.*,
   2007 WL 1232200 (D. Idaho Apr. 25, 2007) ...............................................................................6

*In re Rocket Fuel, Inc. Sec. Litig.*,
   2015 WL 9311921 (N.D. Cal. Dec. 23, 2015) ..............................................................................9

*Janus Cap. Grp., Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011).................................................................................................................1, 8, 9

*Kaplan v. Rose*,
   49 F.3d 1363 (9th Cir. 1994) ...................................................................................................11

*Kmiec v. Powerwave Techs., Inc.*,
   2014 WL 12567781 (C.D. Cal. Feb. 11, 2014)............................................................................6

*M&M Hart Living Tr. v. Glob. Eagle Ent., Inc.*,
   2017 WL 5635424 (C.D. Cal. Aug. 20, 2017)............................................................................10

*McGann v. Ernst & Young*,
   102 F.3d 390 (9th Cir. 1996) ....................................................................................................7

*Middlesex Ret. Sys. v. Quest Software Inc.*,
   527 F. Supp. 2d 1164 (C.D. Cal. 2007) ...................................................................................12

*Milan v. Clif Bar & Co.*,
   489 F. Supp. 3d 1004 (N.D. Cal. 2020) ....................................................................................6

*Murphy v. Precision Castparts Corp.*,
   2020 WL 4040827 (D. Or. Jul. 17, 2020)............................................................................10, 12

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
   927 F. Supp. 2d 870 (C.D. Cal. 2013) ......................................................................................7

*Obendorf v. Wash. Mut. Bank*,
   2007 WL 2433914 (D. Idaho Aug. 22, 2007)...........................................................................2, 7

*Somerville v. W. Town Bank & Tr.*,
   2020 WL 8256358 (D. Md. Dec. 4, 2020)..................................................................................6

*Thomas v. Magnachip Semiconductor Corp.*,
   167 F. Supp. 3d 1029 (N.D. Cal. Mar. 4, 2016) ..................................................................10, 11

*Zhou v. Faraday Future Intelligent Elec. Inc.*,
   2022 WL 13800633 (N.D. Cal. Oct. 20, 2022)...........................................................................9

PLAINTIFF'S OPPOSITION TO THE MOTION OF DAVID K. FRANCIS FOR JUDGMENT ON THE
PLEADINGS - 4:20-cv-02395-JST                                                          - iii -
4895-8961-6459.v1

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §78j(b)................................................................................................................ *passim*
  §78t(a)................................................................................................................ *passim*
  §78u-4 ......................................................................................................................8, 10

Federal Rules of Civil Procedure
  Rule 8(a)..................................................................................................................11, 12
  Rule 9(b) ........................................................................................................................11
  Rule 12(b)(6)..................................................................................................................2, 8
  Rule 12(c)........................................................................................................... *passim*

Local Rules
  Rule 7-9.................................................................................................................1, 2, 5, 6
  Rule 7-18......................................................................................................................6

17 C.F.R.
  §240.10b-5....................................................................................................................8, 10

## I.    INTRODUCTION

The threshold question presented by the Notice of Motion and Motion of David K. Francis ("Francis") for Judgment on the Pleadings (ECF 119) ("MJOP" or the "Motion") is whether this Court should revisit its Order Granting in Part and Denying in Part Motion to Dismiss (ECF 64) (the "MTD Order"), decided over a year ago, when there has been no intervening change in law or fact and when Francis relies exclusively on arguments that he knew about, and elected not to make, in his previously filed Motion to Dismiss.[1]  The answer is conclusively no.  Francis' Motion is, in reality, a motion for reconsideration that fails the strict requirements in this Court's Civil Local Rule 7-9 ("LR 7-9").

Under LR 7-9, a party filing a motion for reconsideration must first seek leave to file the motion and then show that legal or factual circumstances have changed that would warrant the court reviewing its previous order.  The moving party must also show that they were not aware of any changed circumstances at the time that they filed their initial motion.  Despite these stringent requirements, Francis' Motion challenges, again, Plaintiff's falsity and control allegations, arguing that the Supreme Court's 2011 decision in *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011) precludes his liability because he was not the "maker" of a false statement and that the Complaint's[2] allegations are insufficient to show that, as the Chief Operating Officer ("COO") and Chief Financial Officer ("CFO"), he controlled a primary violator.  Francis does not explain why he could not, or did not, make these arguments in his Motion to Dismiss.

Francis instead waited over a year to file what he now terms a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), but cites nothing new that would warrant the Court taking a second look.  In fact, he cites two Ninth Circuit cases to support his Motion but fails to acknowledge that *both* cases involved changes to the applicable pleading standards that required the Court to revisit the district court's analysis.  Instead of citing something new, Francis' Motion –

---

[1]    References to "Motion to Dismiss" or "MTD" are to Defendants' Notice of Motion and Motion to Dismiss the Amended Complaint for Violations of the Federal Securities Laws (ECF 47).

[2]    References to the "Complaint" are to the Amended Complaint for Violations of the Federal Securities Laws (ECF 46).

PLAINTIFF'S OPPOSITION TO THE MOTION OF DAVID K. FRANCIS FOR JUDGMENT ON THE PLEADINGS - 4:20-cv-02395-JST                                                                                                - 1 -
4895-8961-6459.v1

without exception – advances arguments that existed when he filed his Motion to Dismiss, that he certainly knew of, and elected not to make. Francis' Motion should be denied for what it is – a motion for reconsideration that does not meet a single requirement of LR 7-9.

Francis' Motion fails even under motion for judgment on the pleadings standards. In the Ninth Circuit, a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is not just a repeat of a motion to dismiss. A defendants' answer is part of the equation. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (1989). The complaint's allegations are accepted as true and any contravening assertions in the movant's pleadings are treated as false. *Cardoza v. United States*, 1995 WL 810028, at *2 (E.D. Cal. Nov. 20, 1995). And if a defendant denies a material allegation, like Francis did in this case, a motion for judgment on the pleadings should be denied because factual disputes preclude a finding as a matter of law. *Hal Roach*, 896 F.2d at 1550; *see also Obendorf v. Wash. Mut. Bank*, 2007 WL 2433914, at *7-*8 (D. Idaho Aug. 22, 2007) (finding judgment on the pleadings inappropriate where the defendant denied an allegation in the plaintiffs' second amended complaint because such a denial created a disputed issue of fact).

But despite these standards, Francis treats his Fed. R. Civ. P. 12(c) motion like a Fed. R. Civ. P. 12(b)(6) motion to dismiss, completely ignoring his Answer.[3] And like his Motion to Dismiss a year ago, Francis complains again about insufficient allegations while ignoring that he admitted to allegations that raise questions of fact on the "ultimate authority" necessary for primary liability under *Janus* and on the actual exercise of power and control that creates §20(a) liability. Francis, in fact, admits in this case that he "is the former Chief Financial Officer and Chief Operating Officer," that he "made certain statements in press releases and earnings conference calls," that he "has reviewed, signed, and/or certified certain public filings regarding eHealth," and that "[he] participated in the conduct of eHealth's business affairs." Answer, ¶¶16, 103, 104. He also admits that he participated in the very conference call where the actionable misstatements about eHealth Inc.'s ("eHealth" or the "Company") operating costs were made and that, on that call, he "provided investors with information about the Company's quarterly results," that he was "present during the

---

[3] References to the "Answer" are to Defendants' Answer to Plaintiff's Amended Complaint for Violations of the Federal Securities Laws (ECF 76).

Q&A session that followed," and that "Mr. Francis addressed questions posed by analysts at that time." *Id.*, ¶74.  And Francis even spoke on other quarterly earnings calls about "no incremental costs" associated with "improv[ing] retention rates in that 90-day period post-sale," making remarkably similar statements that "concealed operating costs" that this Court has held actionable. MTD Order at 14-17; Complaint, ¶110.

These admissions, taken with Complaint's allegations, raise disputed issues of fact about whether, as the CFO, Francis had "ultimate authority" over the Company's message about its operating costs – a subject within his direct control and responsibility – and about his status as a control person of eHealth, a primary violator.  His Motion should be denied.

## II.     BACKGROUND

On August 25, 2020, plaintiff Billy White ("White") filed the Complaint against eHealth and certain of its executives, including Francis.  *See* Complaint.  Plaintiff White alleged that Francis had violated §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") for making false and misleading statements and omissions in eHealth's Securities and Exchange Commission ("SEC") filings and during eHealth's quarterly earnings calls.  Complaint, ¶¶1,68-102,154-162.  Plaintiff White also alleged that as the COO and former CFO who participated in the management and operation of eHealth, Francis was liable as a control person under §20(a) of the Exchange Act.  *Id.*, ¶¶1,16-17,19,164-168.

On October 23, 2020, all Defendants[4] joined in a single motion to dismiss the Complaint. MTD.  Defendants argued that plaintiff White had failed to plead an actionable misstatement or omission, failed to establish scienter, and consequently, failed to state a §20(a) claim.  MTD at 10-25, 25 n.19.  Francis could have, but elected not to, argue in his Motion to Dismiss that he was not the "maker" of the actionable statements or that plaintiff White's allegations were insufficient to establish his control.  *Id.* at 19-20, 25 n.19.

On August 12, 2021, the Court granted in part and denied in part Defendants' motion to dismiss.  MTD Order.  The Court upheld statements made during the Company's Q1 2018 and Q4

---

[4]     "Defendants" refers to eHealth Inc. ("eHealth" or "Company"), Scott N. Flanders ("Flanders"), Derek N. Yung ("Yung"), and David K. Francis ("Francis").

2019 earnings calls concerning eHealth's operating costs, holding that eHealth's statements "suggest that eHealth did not have to incur any costs, such as operational and customer service expenses, that would need to be offset against its commissions receivable" when "Plaintiff alleges that, in reality, eHealth *did* have operational costs that had to be offset against its commissions receivable, such as costs of 'customer care and enrollment.'" MTD Order at 15.[5]  The Court also denied Defendants' Motion to Dismiss Plaintiff's Section 20(a) claim "[b]ecause the only basis that Defendants have advanced for dismissing Plaintiff's Section 20(a) claim is that Plaintiff failed to state a predicate claim under Section 10(b)." *Id*. at 21.  The Court did, however, address the substance of the claim, noting that "Plaintiff asserts a claim under Section 20(a) against individual Defendants Flanders, Yung, and Francis based on allegations that they exercised power and authority over eHealth's operations and management and that their false and misleading statements caused artificial inflation of eHealth's stock price during the Class Period." *Id*. (citing Complaint, ¶¶163-68).

On October 1, 2021, Francis filed his Answer to the Complaint.  Francis made the following pertinent admissions to the arguments he raises in his instant Motion:

- Defendants admit that Mr. Francis is the former Chief Financial Officer and Chief Operating Officer of eHealth and has made certain statements in press releases and earnings conference calls and has reviewed, signed, and/or certified certain public filings regarding eHealth.  Answer, ¶16.

- Defendants admit that . . . Francis . . . had a role in preparing certain public filings made by eHealth and, in certain instances, other public statements such as press releases or presentations to analysts . . . . *Id.*, ¶17.[6]

- Defendants admit that eHealth held its quarterly earnings call for Q1 2018 on April 26, 2018.  Defendants further admit that eHealth provided investors with information about the company's quarterly results, that Mr. Flanders and Mr. Francis were present during the Q&A session that followed, and that Mr. Flanders and Mr. Francis addressed questions posed by analysts at that time. *Id.*, ¶74.

---

[5]  *See also* MTD Order at 17 (upholding statements that "suggest that eHealth had no operational expenses that would need to be offset against the commissions it expected to receive from insurers" when "Plaintiff alleges that this suggestion contradicted the reality, which was that Defendants *did* have operational expenses that had to be offset against its commissions receivable.").

[6]  Defendants' Answer made the same admissions for Flanders and Yung.  Answer, ¶16.

- Defendants admit that, during the putative class period, Messrs. Flanders, Francis, and Yung were privy to certain confidential, proprietary information and data about eHealth's business. *Id.*, ¶103.

- Defendants admit that . . . Francis participated in the conduct of eHealth's business affairs. *Id.*, ¶164.

On December 22, 2022, Francis filed the instant Motion. MJOP. His Motion does not reference or address any of the facts that he admitted in his Answer.

## III.   ARGUMENT

### A.   Francis' Arguments Are Insufficient Grounds for This Court to Reconsider Its Order on Defendants' Motion to Dismiss

Although Francis styles his Motion as one for judgment on the pleadings, it is in reality a request that the Court reconsider its MTD Order as to him. Like his co-defendants, Francis challenges the same claims, and even the same elements of the same claims, like he did when he joined the other defendants in his combined Motion to Dismiss. MTD. But also like his co-defendants, Francis fails to address a single requirement of Local Rule 7-9, which governs motions for reconsideration. LR 7-9. Under that rule, Francis had to make a showing that would warrant the Court revisiting its MTD Order, including: (1) "a material difference in fact or law . . . that in the exercise of reasonable diligence [he] did not know . . . at the time of the interlocutory order;" (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order;" or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *Id.* Francis' Motion is silent on these requirements.

Francis did not, and cannot, satisfy LR 7-9. There has been no emergence of new material facts or a change of law and the Court certainly did not fail to consider material arguments that Francis presented the first time. That leaves Francis with the limited option of showing that there has been a material difference in fact or law that he did not know about when he filed his Motion to Dismiss. *Id.* Francis cannot make that showing. His present Motion advances two arguments – that he was not the "maker of a statement" as required by *Janus* and that the Complaint's control allegations are insufficient to state a §20(a) claim. MJOP at 5-6. But the Supreme Court issued its

*Janus* opinion in 2011, more than a decade before Francis filed his Motion to Dismiss. And *Janus* is certainly not an opinion that Francis would have overlooked; motions to dismiss in Exchange Act cases routinely cite *Janus* as a basis for dismissal. His failure to cite it does not support his present Motion. LR 7-9 (requiring "the exercise of reasonable diligence"); *Milan v. Clif Bar & Co.*, 489 F. Supp. 3d 1004, 1005 (N.D. Cal. 2020) (denying 12(c) motion where defendant did not raise Ninth Circuit opinion in prior motion to dismiss, stating "[t]here is no good reason why Clif Bar waited until now to take a stand on that case" and that "[i]n effect, it has given itself an improper successive motion to dismiss on arguments [defendants] could, and should, have asserted in [the] prior motion"); *Kmiec v. Powerwave Techs., Inc.*, 2014 WL 12567781, at *2 n.2 (C.D. Cal. Feb. 11, 2014) (finding a motion for judgment on the pleadings, in reality, a motion for reconsideration and holding that "[d]efendants' motion must be denied as they have failed to show any of the three permissible grounds for reconsideration set forth in Local Rule 7-18").

The same is true for Francis' control person argument. His Motion to Dismiss relied heavily on the argument that the Complaint's allegations were insufficient to state its claims, which is the only argument that he advances for the §20(a) claim in his present Motion. MTD Order. The fact that he elected to limit his Motion to Dismiss the §20(a) claim against him to the argument that Plaintiff had failed to plead a predicate violation is not grounds for the Court to reconsider its MTD Order. *Dekker v. Vivint Solar, Inc.*, 542 F. Supp. 3d 959, 967 (N.D. Cal. 2021), *appeal dismissed*, 2021 WL 6124511 (9th Cir. Oct. 18, 2021) (refusing to permit party to "circumvent Civil Local Rule 7-9 and entertain a motion for reconsideration in the guise of a Rule 12(c) motion"); *In re Micron Techs., Sec. Litig.*, 2007 WL 1232200, at *1 (D. Idaho Apr. 25, 2007) ("The need to be right must co-exist, however, with the need for forward progress. A court's opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'")[7]; *see also Somerville v. W. Town Bank & Tr.*, 2020 WL 8256358, at *2 (D. Md. Dec. 4, 2020) (A "Rule 12(c) motion is not simply an opportunity for a defendant to advance arguments in support of dismissal that it failed to raise in an earlier motion to dismiss.").

---

[7]   Citations are omitted and emphasis is added throughout unless otherwise noted.

Francis' Motion should be denied as an unsupported motion for reconsideration. *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1260 (N.D. Cal. 2008) (denying defendants' "largely frivolous" motion to reconsider and noting that the "motion did not warrant the time it has taken away from the consideration of the hundreds of other actions pending in the Court's docket").

### B.    Francis Fails to Meet Fed. R. Civ. P. 12(c)'s Legal Standards

As discussed in detail in Plaintiff's Opposition to the eHealth Defendants' Motion for Judgment on the Pleadings ("Opp. to Co. MJOP"), a Fed. R. Civ. P. 12(c) motion is an improper mechanism to rehash arguments that were already made, or could have been made, in a previously filed motion to dismiss. *See* Opp. to Co. MJOP at §III.B. "A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 927 F. Supp. 2d 870, 874 (C.D. Cal. 2013) (citing *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996)). The defendant's answer is considered and "all of the well pleaded factual allegations in the adversary's pleadings are taken to be true, and all contravening assertions in the movant's pleadings are taken to be false." *Cardoza*, 1995 WL 810028, at *2; *Hal Roach*, 896 F.2d at 1550. A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings can only be granted "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.*; *See also*, Opp. to Co. MJOP at §III.B.

Francis' Motion clearly fails these standards. Francis did not admit to all material allegations of fact in his Answer. *See* Answer, *passim*. In fact, Francis denied most of the allegations, including for the very claim that his Motion challenges, making judgment on the pleadings inappropriate under Ninth Circuit law. *Id.* at 38-39, ¶¶164-168; *see also Negrete*, 927 F. Supp. 2d at 874; *Obendorf*, 2007 WL 2433914, at *7-*8 (finding judgment on the pleadings inappropriate where the defendant denied an allegation in the plaintiffs' second amended complaint because such a denial created a

disputed issue of fact). Since Francis' Answer denied the material allegations against him, his Motion should be denied. [8]

### 1.　A Motion for Judgment on the Pleadings Is Inappropriate for the §10(b) Claim Against Francis

The Court held in its Order that the Complaint stated a §10(b) claim against all Defendants, including Francis. MTD Order at 16-17, 21. As the Court acknowledged, "Defendants [had] move[d] to dismiss the Section 10(b) and Rule 10b-5 claims in the amended complaint on the ground that they fail to satisfy the first two elements, which require, respectively, a misrepresentation or omission, and scienter." *Id*. at 5. The Court then denied Defendants' motion with respect to "[s]tatements that allegedly concealed operating costs," holding that Defendants' statements denying that costs would be offset against commissions "suggest[ed] that eHealth did not have to incur any costs, such as operational and customer service expenses, that would need to be offset against its commissions receivable" when the Complaint alleged that it did. *Id.* at 14-17. The Court held that the Complaint's "allegations are enough to raise the reasonable inference that the challenged statements created 'an impression of a state of affairs that differs in a material way from the one that actually exists.'" *Id.* (quoting *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002)).

Francis now argues, more than a year after the Court upheld these statements, that he cannot be liable because he was not a "maker" of either statement, citing *Janus,* 564 U.S. at 142. He is mistaken. In *Janus*, the Supreme Court did limit §10(b) liability to the "maker of a statement." *Id.*

[8] Francis cites *Chavez v. United States*, 683 F.3d 1102, 1107 (9th Cir. 2012) and *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999) for the proposition that a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) can be a repeat of his Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). MJOP at 4-5. He is mistaken. Both cases actually support Plaintiff since they each involved a fact that does not exist here – a change in pleading standards applicable to plaintiffs' claims that warranted a Rule 12(b)(6)-type analysis. *Chavez*, 683 F.3d at 1107 (("After the Ninth Circuit reinstated plaintiffs' *Bivens* claims against the supervisory defendants, the Supreme Court decided [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)]" and that "[i]n light of *Iqbal*, the supervisory defendants filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)."); *Heliotrope*, 189 F.3d at 979, 980 n.16 (rejecting argument that prior decision denying Rule 12(b)(6) motion requires reversal of ruling on Rule 12(c) motion because "*Silicon Graphics* had not been decided when Judge Moskowitz ruled that Heliotrope's complaint satisfied the pleading standards of the PSLRA."). Francis points to no similar change that would warrant the 12(b)(6) repeat that his Motion presents. Unlike in *Chavez* and *Heliotrope*, this Court analyzed Francis' Motion to Dismiss and the Complaint using the same pleading standards that *Francis* cites now.

But it defined the "maker of a statement" to include "the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it." *Id.* For corporate communications, like the statements the Court upheld in this case, the maker of a statement includes company officers who "'possessed the power and authority to control the contents of the Company's SEC filings, press releases, and other market communications.'" *Zhou v. Faraday Future Intelligent Elec. Inc.*, 2022 WL 13800633, at *11 (N.D. Cal. Oct. 20, 2022) (citing *In re Rocket Fuel, Inc. Sec. Litig.*, 2015 WL 9311921, *10 (N.D. Cal. Dec. 23, 2015).

For the purposes of Francis' Motion, there is a disputed fact about whether he was a "maker" of the statements. Like *Zhou* and *Rocket Fuel*, the Complaint in this case alleges that Francis "possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers, and the investing public, *i.e.*, the market." Complaint, ¶17. Francis, in fact, admits that he "has reviewed, signed, and/or certified certain public filings regarding eHealth" and that he "has made certain statements in press releases and earnings conference calls." Answer, ¶16. He even admits that he participated in the very conference call that contained the actionable misstatements about eHealth's operating costs and that, on that call, he "provided investors with information about the Company's quarterly results," that he was "present during the Q&A session that followed," and that "Mr. Francis addressed questions posed by analysts at that time." *Id.*, ¶74. And, importantly, Francis, like Defendants Flanders and Yung, spoke about eHealth's operating expenses during eHealth earnings calls and denied the existence of "incremental" costs, stating expressly that there were "[n]o incremental costs" associated with eHealth's opportunities to improve retention in the "90-day period post sale" – *i.e.*, the same costs that Flanders and Yung had denied would be offset against commissions receivables. Complaint, ¶110.

eHealth's costs, including when they were recorded, was a subject within the direct control and responsibility of Francis as CFO. Francis was in a position to inform the market "that eHealth did . . . have to incur . . . costs that had to be offset against the commissions it expected to receive from insurance companies." MTD Order at 15. There is a question of fact about whether, as the

CFO, Francis had "ultimate authority" over the Company's message about its operating costs. A judgment on the pleadings is thus inappropriate.[9]

### 2.    A Motion for Judgment on the Pleadings is Inappropriate for the §20(a) Claim Against Francis

The Court similarly found that the Complaint stated a §20(a) claim against Francis. MTD Order at 21. The Court explained that "'[t]o establish a cause of action under [Section 20(a)], a plaintiff must first prove a primary violation of underlying federal securities laws, such as Section 10(b) or Rule 10b-5, and then show that the defendant exercised actual power over the primary violator.'" *Id.* And while the Court denied Defendants' Motion to Dismiss "[b]ecause the only basis that Defendants have advanced for dismissing Plaintiff's Section 20(a) claim is that Plaintiff failed to state a predicate claim under Section 10(b)," it noted that Plaintiff's Section 20(a) claim was "based on allegations that [the Individual Defendants] exercised power and authority over eHealth's operations and management." *Id.* at 20-21.

Francis now argues that Plaintiff's §20(a) allegations are deficient under applicable pleading standards. MJOP at 6-8. This is wrong. For §20(a), "a plaintiff must prove: (1) a primary violation of federal securities laws, and (2) that the defendant exercised 'actual power or control' over the primary violator." *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1048 (N.D. Cal. Mar. 4, 2016) (citing *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000)); MTD

---

[9]    Francis' authority is inapposite. MJOP at 5. He cites a handful of cases where courts reject the application of the group publication presumption. *See M&M Hart Living Tr. v. Glob. Eagle Ent., Inc.*, 2017 WL 5635424, at *12 (C.D. Cal. Aug. 20, 2017) (addressing the group publication presumption, not the *Janus* standard, and holding only that oral statements on conference calls are not the type of "group-published" statements entitled to the group published presumption); *In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1092 (2008) (not applying the *Janus* standard and holding that "under the 'group published doctrine,' oral statements cannot be attributed to a group" because "group pleading is no longer viable under the PSLRA."); *In re Coinstar Inc. Sec. Litig.*, 2011 WL 4712206, at *10 (W.D. Wa. Oct. 6, 2011) (rejecting argument that executives were "liable based on the group pleading doctrine even after *Janus*."). The group publication presumption is unnecessary for Francis given the allegations and the facts he admits in his Answer. *Murphy v. Precision Castparts Corp.*, 2020 WL 4040827, at *24 (D. Or. Jul. 17, 2020), on the other hand, is distinguishable in that it involved a motion for summary judgment. *Precision Castparts*, 2020 WL 4040827, at *24 (testimony revealed that a CFO did not become the maker of a statement by helping prepare the CEO for earnings calls). Plaintiff here has not yet received discovery.

Order at 21.[10]  As this Court has noted, Rule 8(a)'s pleading standard applies to the control element of a §20(a) claim.  *Hefler v. Wells Fargo & Co.*, 2018 WL 1070116, at *14 (N.D. Cal., Feb. 27, 2018) (J. Tigar). ("This Court agrees with the view that Rule 9(b) 'requires only that circumstances constituting fraud . . . shall be stated with particularity.'") (ellipsis in original).

The Complaint meets both of §20(a)'s requirements.  This Court already denied "Defendants' motion to dismiss the Section 20(a) claim to the extent that it is predicated on the challenged statements made on April 26, 2018, and February 20, 2020."  MTD Order at 21.  And under any reasonable interpretation, Francis exercised "'actual power or control' over the primary violator," which includes the Company.  *Hefler*, 2018 WL 1070116, at *14.  The Complaint easily satisfies Fed. R. Civ. P. 8(a)'s standards.  Complaint, ¶¶164-168.  And with Francis' Answer, it raises disputed issues of fact.  As previously discussed, he has admitted that he "is the former Chief Financial Officer and Chief Operating Officer of eHealth and has made certain statements in press releases and earnings conference calls," and that he "has reviewed, signed, and/or certified certain public filings regarding eHealth," including eHealth's 2018 Form 10-K.  Answer, ¶16; Complaint, ¶69.  He even participated in the very conference call that contained the actionable misstatements, "provided investors with information about the Company's quarterly results," was "present during the Q&A session that followed," and "addressed questions posed by analysts at that time."  Answer, ¶74.  And for the specific statements in this case, characterized by the Court as "[s]tatements that allegedly concealed operating costs," Francis, again, made similar statements to investors during eHealth's 2Q 2018 earnings call, including that "[n]o incremental costs" associated with eHealth's opportunities to improve retention in the "90-day period post sale."  MTD Order at 14; Complaint, ¶110.  The Complaint, and these admissions, raise disputed issues of fact about Francis' status as a control person.  *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *17 (C.D. Cal. Dec. 5, 2022) (allegations that defendants occupied high-level positions, participated in HyreCar's operations and

---

[10]   "'Whether [the defendant] is a controlling person is an intensely factual question, involving scrutiny of the defendant's participation in the day-to-day affairs of the corporation and the defendant's power to control corporate actions.'" *Thomas*, 167 F. Supp. 3d at 1065 (alteration in original) (quoting *Kaplan v. Rose*, 49 F.3d 1363, 1382 (9th Cir. 1994)).

its SEC filings, had access to HyreCar's reports, press releases, and filings, and were involved in its day-to-day management sufficient to allege control).[11]

The cases that Francis cites do not support dismissal. MJOP at 7-8. Francis argues that Plaintiff does not meet his pleading burden because "[t]here are no allegations that Francis had the power to control CEO Flanders or CFO Yung," citing *Middlesex Ret. Sys. v. Quest Software Inc.*, 527 F. Supp. 2d 1164, 1194 (C.D. Cal. 2007). MJOP at 7. But *Quest* actually supports Francis' liability. There, the court held that "Lambert [Quest's CFO] may still be properly included as a defendant in Plaintiff's §20(a) claim at this early stage because of his control over Quest" where, like with eHealth here, "Plaintiffs have sufficiently alleged Quest's liability." *Quest*, 527 F. Supp. 2d at 1194. The *Quest* court's discussion about controlling one's peers and supervisors, on which Francis relies, applied to a Vice President, far below Francis' status as CFO. *Id.* And unlike with Francis here, the Plaintiff in *Quest* had "not alleged how [the Vice President] exercised control over Quest." *Id. In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *26 (N.D. Cal. Jan. 27, 2016) and *Precision Castparts* also do not help Francis. MJOP at 7. In *Energy Recovery*, the court held that Plaintiffs had not alleged that a Chief Marketing Officer controlled a primary violator, including the CEO who made the false statements. *Energy Recovery*, 2016 WL 324150, at *26. But the Chief Marketing Officer also did not control the Company because, as the Court noted, she "did not speak on the Company's behalf during earnings conference calls with investors, nor did she sign any SEC filings." *Id.* Francis here did both, as he has admitted. *Precision Castparts*, on the other hand, is inapposite since it was a summary judgment decision. *Precision Castparts*, 2020 WL 4040827, at *25. Plaintiff here has not received discovery.[12]

---

[11] Francis' focus on a single paragraph in the Complaint or "six paragraphs" of control person allegations not only ignores the totality of the Complaint's allegations, but also his own Answer and, consequently, the standards that govern his Motion. MJOP at 7. Even if Francis would have raised this argument in his MTD, it would have been denied. *Hefler*, 2018 WL 1070116, at *13 (noting that "[s]ince Howard, '[c]ourts have found general allegations concerning an individual's title and responsibilities to be sufficient to establish control at the motion to dismiss stage.'") (second alteration in original). The Complaint's allegations were clearly sufficient to put Francis on notice under Fed. R. Civ. P. 8(a). Complaint, ¶¶16, 17, 69, 74, 106, 110, 164-168.

[12] Francis' remaining cases involving "meager," "barebones," and "boilerplate" allegations are far off the mark. MJOP at 7-8 (string citing cases). Francis' admitted involvement in the day-to-day management of eHealth and his act of certifying and signing eHealth's SEC filings and speaking

## IV.    CONCLUSION

There is simply no basis for Francis' motion for judgment on the pleadings.  Given that there are disputed issues of fact, his Motion should be denied.

DATED:   January 26, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON
LUCAS F. OLTS
RAPHAELLA FRIEDMAN
MEGAN A. ROSSI


                              s/ DOUGLAS R. BRITTON
                              DOUGLAS R. BRITTON

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
lolts@rgrdlaw.com
rfriedman@rgrdlaw.com
mrossi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Lead Counsel for Lead Plaintiff

about eHealth expenses during conference calls distinguish this case from the generalized allegations in the cases Francis cites.

PLAINTIFF'S OPPOSITION TO THE MOTION OF DAVID K. FRANCIS FOR JUDGMENT ON THE
PLEADINGS - 4:20-cv-02395-JST                                                    - 13 -
4895-8961-6459.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 26, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DOUGLAS R. BRITTON
DOUGLAS R. BRITTON

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  dougb@rgrdlaw.com

4895-8961-6459.v1

## Mailing Information for a Case 4:20-cv-02395-JST IN RE eHEALTH INC. SECURITIES LITIGATION

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com,bengfelt@rgrdlaw.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Doug Britton**
  dougb@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com,ldeem@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Timothy W. Brown**
  tbrown@thebrownlawfirm.net

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Andre Fontana**
  afontana@coblentzlaw.com,andre-fontana-9619@ecf.pacerpro.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Judson Earle Lobdell**
  jlobdell@mofo.com,magdalena-blackmer-3352@ecf.pacerpro.com,judson-lobdell-6493@ecf.pacerpro.com,mblackmer@mofo.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Catherine Eugenia Moreno**
  cmoreno@wsgr.com,rlustan@wsgr.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Lucas F. Olts**
  Lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com,LOlts@ecf.courtdrive.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Nicholas Ian Porritt**
  nporritt@zlk.com,ecf@zlk.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Megan Allison Rossi**
  MRossi@rgrdlaw.com

- **Betty Chang Rowe**
  browe@wsgr.com

- **Dylan Grace Savage**
  dsavage@wsgr.com,lnicolini@wsgr.com

- **Whitney E. Street**
  WhitneySt@hbsslaw.com,whitney-street-0082@ecf.pacerpro.com

- **Jacob Allen Walker**
  jake@blockleviton.com,jake@ecf.courtdrive.com

- **Gregory Lewis Watts**
  gwatts@wsgr.com,ysheard@wsgr.com,rcarter@wsgr.com

- **Anna Erickson White**
  awhite@mofo.com,anna-erickson-white-9788@ecf.pacerpro.com,andrea-vickery-5658@ecf.pacerpro.com,avickery@mofo.com

- **David Jeremy Wiener**
  dwiener@mofo.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)