Anna Erickson White (SBN 161385)
AWhite@mofo.com
David J. Wiener (SBN 291659)
DWiener@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

*Attorneys for Defendant David K. Francis*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE eHEALTH INC. SECURITIES LITIGATION | Case No.:  4:20-cv-02395 JST<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF DAVID K. FRANCIS'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date: March 16, 2023<br>Time:  2:00 p.m.<br>Courtroom:  6, 2nd Floor<br>Honorable Jon S. Tigar |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................1

ARGUMENT .....................................................................................................................2

I.    THE MOTION WAS TIMELY AND FILED IN COMPLIANCE WITH RULE 12.................................................................................................................................2

    A.    Francis Did Not Delay in Bringing the Motion. ...........................................2

    B.    The Motion's Arguments are Properly Raised Under Rule 12(c).................2

II.   JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED IN FAVOR OF A DEFENDANT WHERE THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THEM. ...................................................................................................4

    A.    Plaintiff Fails to State a Section 10(b) Claim Against Francis. ...................6

    B.    Plaintiff Fails to State a Section 20(a) Claim Against Francis. ...................8

CONCLUSION ..................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abadilla v. Precigen, Inc.*,
  2022 WL 1750033 (N.D. Cal. May 31, 2022) ........................................................................ 10

*In re Accuray, Inc. Sec. Litig.*,
  757 F. Supp. 2d 936 (N.D. Cal. 2010) ................................................................................ 10

*In re Apple iPhone Antitrust Litig.*,
  846 F.3d 313 (9th Cir. 2017) ............................................................................................... 3

*Baron v. Hyrecar Inc.*,
  2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) ...................................................................... 8

*In re Coinstar Inc. Sec. Litig.*,
  2011 WL 4712206 (W.D. Wash. Oct. 6, 2011) .................................................................... 7

*In re CytRx Corp. Sec. Litig.*,
  2015 WL 5031232 (C.D. Cal. July 13, 2015) ...................................................................... 7

*Dekker v. Vivint Solar, Inc.*,
  542 F. Supp. 3d 959 (N.D. Cal. 2021) ................................................................................ 4

*In re Energy Recovery Inc. Sec. Litig.*,
  2016 WL 324150 (N.D. Cal. Jan. 27, 2016) ........................................................................ 9

*Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*,
  896 F.2d 1542 (9th Cir. 1989) ............................................................................................. 5

*Hefler v. Wells Fargo & Co.*,
  2018 WL 1070116 (N.D. Cal. Feb. 27, 2018) ...................................................................... 8

*Heliotrope Gen., Inc., v. Ford Motor Co.*,
  189 F.3d 971 (9th Cir. 1999) ............................................................................................... 4

*In re Impac Mortg. Holdings, Inc. Sec. Litig.*,
  554 F. Supp. 2d 1083 (C.D. Cal. 2008) .............................................................................. 7

*Janus Cap. Grp., Inc. v. First Derivative Traders*,
  564 U.S. 135 (2011) .................................................................................................... 1, 6, 7

*Kmiec v. Powerwave Techs., Inc.*,
  2014 WL 12567781 (C.D. Cal. Feb. 11, 2014) ................................................................. 3, 4

*In re LDK Solar Sec. Litig.*,
  584 F. Supp. 2d 1230 (N.D. Cal. 2008) .............................................................................. 4

*M & M Hart Living Tr. v. Glob. Eagle Entm't, Inc.*,
   2017 WL 5635424 (C.D. Cal. Aug. 20, 2017) ................................................................ 7

*In re Micron Techs., Inc. Sec. Litig.*,
   2007 WL 1232200 (D. Idaho Apr. 25, 2007) .................................................................. 4

*Middlesex Ret. Sys. v. Quest Software Inc.*,
   527 F. Supp. 2d 1164 (C.D. Cal. 2007) .......................................................................... 9

*Milan v. Clif Bar & Co.*,
   489 F. Supp. 3d 1004 (N.D. Cal. 2020) .......................................................................... 4

*Murphy v. Precision Castparts Corp.*,
   2020 WL 4040827 (D. Or. July 17, 2020) .................................................................. 7, 9

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
   927 F. Supp. 2d 870 (C.D. Cal. 2013) ............................................................................ 6

*Obendorf v. Wash. Mut. Bank*,
   2007 WL 2433914 (D. Idaho Aug. 22, 2007) .............................................................. 5, 6

*Purple Mountain Tr. v. Wells Fargo & Co.*,
   432 F. Supp. 3d 1095 (N.D. Cal. 2020) ........................................................................ 10

*In re Rocket Fuel, Inc. Sec. Litig.*,
   2015 WL 9311921 (N.D. Cal. Dec. 23, 2015) ................................................................ 7

*Somerville v. W. Town Bank & Tr.*,
   2020 WL 8256358 (D. Md. Dec. 4, 2020) ...................................................................... 4

*Special Situations Fund III QP, L.P. v. Brar*,
   2015 WL 1393539 (N.D. Cal. Mar. 26, 2015) .............................................................. 10

*Teamsters Local 617 Pension and Welfare Funds v. Apollo Grp., Inc.*,
   690 F. Supp. 2d 959 (D. Ariz. 2010) ............................................................................. 10

*Thomas v. Magnachip Semiconductor Corp.*,
   167 F. Supp. 3d 1029 (N.D. Cal. 2016) .......................................................................... 8

*United States v. Cardoza*,
   1995 WL 810028 (E.D. Cal. Nov. 20, 1995) .................................................................. 5

*Zhou v. Faraday Future Intelligent Elec. Inc.*,
   2022 WL 13800633 (C.D. Cal. Oct. 20, 2022) .............................................................. 7

**Other Authorities**

Fed. R. Civ. P. 12 ............................................................................................................ 2, 3

**INTRODUCTION**

Plaintiff's Opposition (Dkt. 125) largely ignores the arguments and authorities presented in the Motion (Dkt. 119).  Instead, Plaintiff launches unsupported procedural criticisms that are inconsistent with Ninth Circuit authority, ignores the plain language of the Federal Rules of Civil Procedure, and distorts the procedural history of this case.  Plaintiff's attempt to write Rule 12(c)'s motion for judgment on the pleadings out of the Federal Rules is contradicted by Rule 12 itself and the very authorities Plaintiff cites.

The Court's Motion to Dismiss Order significantly narrowed Plaintiff's case and dismissed all statements that were attributed to Francis in the Complaint.  The Opposition does not dispute that the only allegedly misleading statements that remain in this case are extemporaneous oral statements made by Defendants Flanders and Yung.  As the Motion showed, the Complaint does not allege any facts that would extend Section 10(b) or Section 20(a) liability for these statements to Francis.

The Opposition fails to overcome the Motion's showing.  Plaintiff does not cite a single case in which a complaint was found to have adequately alleged a violation of Section 10(b) or Section 20(a) based solely on oral statements made by someone other than the moving individual defendant.  That is unsurprising because, as the Motion showed, (i) the Supreme Court held in *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011), that liability under Section 10(b) extends only to the "maker" of a challenged statement; and (ii) district courts routinely dismiss Section 20(a) claims where, as here, the plaintiff fails to allege facts showing that the individual defendant exercised control over the maker of the alleged misstatements.

Now is the time to consider whether what is left of Plaintiff's case adequately states an Exchange Act claim against Francis.  Because the Complaint does not allege facts showing that Francis made any of the remaining challenged statements or exercised control over an alleged primary violator, Francis is entitled to judgment on the pleadings.

## <u>ARGUMENT</u>

**I.    THE MOTION WAS TIMELY AND FILED IN COMPLIANCE WITH RULE 12.**

**A.    Francis Did Not Delay in Bringing the Motion.**

Under Rule 12(c), a party may move for judgment on the pleadings any time "after the pleadings are closed" that is "early enough not to delay trial."  Fed. R. Civ. P. 12(c).

Francis moved for judgment on the pleadings in compliance with Rule 12.  Francis filed the Motion less than one month after Plaintiff Chicago Pension Fund filed its supplement to the Complaint to replace Plaintiff White (Dkt. 116) and before a case schedule (let alone a trial date) had been set by the Court.  No interrogatories or requests for admissions have been propounded, and no documents have been produced.

Plaintiff's assertion that Francis "waited over a year" after the Court's Motion to Dismiss Order to bring the Motion distorts the history of this litigation.  (*See* Opp. 1.)  The Court issued its Motion to Dismiss Order on August 12, 2021.  (Dkt. 64.)  In a case management statement filed days later, Francis informed the Court that he was considering filing an "appropriate motion[] challenging the sufficiency" of what remained of the operative complaint.  (Dkt. 66 at 3.)  Defendants filed their Answer on October 1, 2021.  (Dkt. 76.)  The next month, Francis learned that then-Lead Plaintiff Billy White had died.  (Dkt. 78.)  After Plaintiff White's death, litigation activity was put on hold for nearly one year, as the Court reopened the lead plaintiff selection process mandated by the Private Securities Litigation Reform Act of 1995.  (Dkt. 83, 85.)  The Court appointed Plaintiff Chicago Pension Fund to the lead plaintiff position on November 9, 2022. (Dkt. 113.)  On November 29, 2022, Chicago Pension Fund filed a supplement to the Complaint to add itself in place of Plaintiff White.  (Dkt. 116.)  Less than one month later, Francis brought this Motion.  There was no delay.

**B.    The Motion's Arguments are Properly Raised Under Rule 12(c).**

Plaintiff's argument that Francis's Motion for Judgment on the Pleadings is an improper and mis-styled motion for reconsideration also fails.

Francis is not requesting that the Court reconsider its Motion to Dismiss Order.  As Plaintiff concedes, Francis's Motion raises arguments that were not made in Defendants' motion

to dismiss and not addressed by the Court in the Motion to Dismiss Order.  (*See, e.g.*, Opp. 1:18-1:19.)  Rather, Francis moved for judgment on the pleadings on the grounds that what remains of Plaintiff's Complaint after the Motion to Dismiss Order fails to state a claim against him.

Rule 12 is explicit that a party may raise a failure to state a claim defense in a Rule 12(c) motion where that same argument was not raised in the earlier motion to dismiss.  Fed. R. Civ. P. 12(h)(2); *see In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("If a failure-to-state-a-claim defense under Rule 12(b)(6) was not asserted in the first motion to dismiss under Rule 12, Rule 12(h)(2) tells us that it can be raised. . . in a post-answer motion under Rule 12(c), or at trial.").

Francis's motion is particularly appropriate under the circumstances of this case. Plaintiff's Complaint challenged more than one dozen allegedly false and misleading statements made over a twenty-eight-month class period.  (Compl. ¶¶ 68-102.)  The statements were scattered across four of eHealth's periodic reports filed with the SEC on Forms 10-Q and 10-K and four earnings conference calls.  (*Id.*)  The Complaint attributed some of these statements to Francis.  (*See* Compl. ¶¶ 69-73.)  In their motion to dismiss, Defendants raised arguments that, in their view, warranted dismissal of all claims and all challenged statements.  (Dkt. 47.)

The scope of Plaintiff's case has changed dramatically since Defendants filed their motion to dismiss.  The Court's Motion to Dismiss Order significantly narrowed Plaintiff's case and dismissed all statements attributed to Francis in the Complaint.  (Mot. 3-4.)  The only statements that remain are extemporaneous oral statements made by Flanders and Yung.  (*Id.*)  Now is the time to consider whether Plaintiff states an Exchange Act claim against Francis for these few remaining alleged misstatements made by other individual defendants.  *See In re Apple*, 846 F.3d at 318-19 (discussing Rule 12 motions and encouraging courts to address arguments on the merits to "secure the just, speedy, and inexpensive determination of every action and proceeding").

Plaintiff's cited cases do not support its argument.  Most of Plaintiff's cases address situations in which a party raised a legal argument that the Court previously rejected.  *Kmiec v. Powerwave Techs., Inc.*, 2014 WL 12567781, at n.2 (C.D. Cal. Feb. 11, 2014) (denying motion "to the extent" that "the Court expressly rejected Defendants' arguments in its order denying

Defendants' motion to dismiss the SACC"); *Dekker v. Vivint Solar, Inc.*, 542 F. Supp. 3d 959, 967 (N.D. Cal. 2021) (criticizing "repetition of arguments originally made in the challenged order" but "[c]onsidering, nevertheless, the substance of [the defendant's] arguments"); *Somerville v. W. Town Bank & Tr.*, 2020 WL 8256358, at *2 (D. Md. Dec. 4, 2020) (denying Rule 12(c) motion based on arguments "that the defense did not prevail on the first time around"). Two ***did not even address motions brought under Rule 12(c)***. *See In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1260 (N.D. Cal. 2008) (denying motion for reconsideration that was based on "defendants' rehash of old arguments"); *In re Micron Techs., Inc. Sec. Litig.*, 2007 WL 1232200, at *1-2 (D. Idaho Apr. 25, 2007) (denying motion for reconsideration where defendants repeated arguments that were "adequately addressed in the Court's earlier decision"). Others expressly considered the substantive arguments raised by the movant over objections that the motion for judgment on the pleadings was an "improper successive motion to dismiss." *See Milan v. Clif Bar & Co.*, 489 F. Supp. 3d 1004, 1005-07 (N.D. Cal. 2020) (analyzing arguments but denying motion for judgment on the pleadings because the movant "misread[]" controlling authority).

Indeed, Plaintiff's own authority acknowledges that a Rule 12(c) motion may properly assert a failure to state a claim defense that was not raised on a previous motion to dismiss. In *Kmiec*, 2014 WL 12567781, the court noted that a motion for judgment on the pleadings may challenge the "legal sufficiency of the opposing party's pleadings." *Id.* at *2. The court denied the motion for judgment on the pleadings "to the extent" that "the Court expressly rejected Defendants' arguments in its order denying Defendants' motion to dismiss" but expressly considered the merits of other arguments that had not been raised previously. *Id.* at *2-4 and fn. 2 (analyzing loss causation arguments not raised on motion to dismiss).

## II.   JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED IN FAVOR OF A DEFENDANT WHERE THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THEM.

As the Motion showed, judgment on the pleadings is appropriate when, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." (Mot. 4, citing *Heliotrope Gen., Inc., v. Ford Motor Co.*, 189 F.3d 971, 978–79 (9th Cir. 1999).) Francis showed that he is entitled to judgment on the pleadings under this standard because even

assuming the truth of Plaintiff's well-pleaded allegations, the Complaint fails to state a claim against him.  (Mot. 5-8.)

Plaintiff does not dispute the standard under Rule 12(c).  Plaintiff, however, argues that the Motion was improper under Ninth Circuit law because "Francis did not admit to all material allegations of fact in his Answer."  (Opp. 7.)  That is not the law.  As Plaintiff's own authorities show, what the answer admits or denies is irrelevant for purposes of the Motion, because "all of the well pleaded factual allegations in the adversary's pleadings are taken to be true" when considering a motion for judgment on the pleadings.  (Opp. 7; Mot. 4-5.)  To the extent that the defendant's answer conflicts with those allegations, such "contravening assertions in the movant's pleadings are taken to be false."  (Opp. 7, citing *United States v. Cardoza*, 1995 WL 810028, at *2 (E.D. Cal. Nov. 20, 1995).)

Plaintiff's reliance on *Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*, 896 F.2d 1542 (9th Cir. 1989) highlights Plaintiff's misleading approach.  Plaintiff cites *Hal Roach* for the proposition that "if a defendant denies a material allegation, like Francis did in this case, a motion for judgment on the pleadings should be denied because factual disputes preclude a finding as a matter of law."  (Opp. 2.)  But *Hal Roach* reversed the district court's grant of a motion for judgment on the pleadings ***brought by the plaintiff***.  *Hal Roach*, 896 F.2d at 1550.  The defendant's answer denied a material allegation in the complaint.  The district court "went beyond the pleadings" to credit the plaintiff's material factual allegation over the defendant's contravening denial.  The Ninth Circuit found that this was improper when considering a Rule 12(c) motion, because "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  *Id.*

Similarly, the court in *Obendorf v. Wash. Mut. Bank*, 2007 WL 2433914 (D. Idaho Aug. 22, 2007), did not deny judgment on the pleadings because the defendant "denied an allegation in the plaintiffs' second amended complaint."  (Opp. 2.)  The district court there merely held that the defendant's denials could not form the basis for granting judgment on the pleadings because "[t]aking the factual assertions in the plaintiff's complaint as true," the plaintiff "ha[d] a valid

claim." *Obendorf*, 2007 WL 2433914, at *7.[1]

As Plaintiff acknowledges, Francis did not rely on denials in his Answer in support of any argument in the Motion. (Opp. 2 (stating that the Motion "completely ignore[es] his Answer").) Instead, Francis assumed for purposes of his Motion that all well-pleaded allegations in the Complaint were true. As discussed below, Francis showed that even with that assumption, the Complaint fails to state a claim against him.

**A.     Plaintiff Fails to State a Section 10(b) Claim Against Francis.**

There is no dispute that the only statements that remain in this case are extemporaneous oral statements made by Defendants Flanders and Yung in response to questions from investment analysts on two eHealth earnings calls. (Mot. 5-6.) The Supreme Court in *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011) explained who is liable in this situation: the speaker. "Even when a speechwriter drafts a speech, the content is entirely within the control of the person who delivers it. And it is the speaker who takes credit—or blame—for what is ultimately said." *Id*. at 142–43. Plaintiff alleges far less than that here. Plaintiff does not allege that Francis reviewed or drafted—much less wielded "ultimate authority" over—Flanders and Yung's unscripted responses to analyst questions.

Plaintiff concedes that *Janus* applies and limits Section 10(b) liability to the "maker of a statement," but argues there is a dispute of fact about whether Francis made the challenged statements. (Opp. 8-9.) Not so. The Complaint alleges that the remaining challenged statements were spoken by Flanders and Yung. (Mot. 5-6.) Whether Francis signed some of eHealth's SEC filings or made other (unchallenged) statements on earnings conference calls is irrelevant. Flanders and Yung made the allegedly false statements remaining in this case, not Francis. Under *Janus*, Francis cannot be held liable for oral statements on conference calls that he did not speak.

---

[1] Plaintiff's citation to *Negrete v. Allianz Life Ins. Co. of N. Am.*, 927 F. Supp. 2d 870, 874 (C.D. Cal. 2013), is similarly misleading. The court in that case did not hold that denials in an answer render judgment on the pleadings "inappropriate under Ninth Circuit law." (Opp. 7.) Rather, the court correctly noted that "*[f]or purposes of the motion*, the moving party concedes the accuracy of the factual allegations of the complaint" and judgment on the pleadings is appropriate only where "taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Negrete*, 927 F. Supp. 2d at 874.

Plaintiff's cited authorities undermine its arguments. *Zhou v. Faraday Future Intelligent Elec. Inc.*, 2022 WL 13800633, at \*11 (C.D. Cal. Oct. 20, 2022) and *In re Rocket Fuel, Inc. Sec. Litig.*, 2015 WL 9311921, at \*10 (N.D. Cal. Dec. 23, 2015) involved challenges to written statements in "press releases" and "SEC filings," *Zhou*, 2022 WL 13800633 at \*11, and written statements on a company website. *See Rocket Fuel*, 2015 WL 9311921, at \*10. The defendants in those cases were alleged to have reviewed the challenged statements before they were issued or had authority to approve the challenged statements before they were published. There is nothing like that alleged here.

Plaintiff's footnoted attempt to distinguish the authority cited in the Motion as merely rejecting the "group publication presumption" ignores Francis's arguments. Each of the cases cited in the Motion addressed the exact issue presented here—oral statements cannot be attributed to individuals other than the speaker. *See M & M Hart Living Tr. v. Glob. Eagle Entm't, Inc.*, 2017 WL 5635424, at \*12 (C.D. Cal. Aug. 20, 2017) (oral statements in earning calls "can be attributed to the speaker only"); *In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1092 (C.D. Cal. 2008) ("[O]ral statements cannot be attributed to a group."); *In re Coinstar Inc. Sec. Litig.*, 2011 WL 4712206, at \*10-11 (W.D. Wash. Oct. 6, 2011) (even though the defendants attended the conferences where the actionable statements were made, "[s]ince they did not make any of the misleading statements that are actionable, [defendants] are not adequately alleged to be liable"); *Murphy v. Precision Castparts Corp.*, 2020 WL 4040827, at \*24 (D. Or. July 17, 2020); *see also In re CytRx Corp. Sec. Litig.*, 2015 WL 5031232, at \*6 (C.D. Cal. July 13, 2015) ("Courts since *Janus* have applied [*Janus*] to disallow Rule 10b-5(b) claims against defendants who merely requested, influenced, helped create, or supplied information for the relevant false or misleading statements.").[2] Plaintiff cites no authority to the contrary.

---

[2] That *Murphy* was decided at summary judgment does not change the analysis. (*See* Opp. 10 and fn. 9.) Even with discovery purportedly showing that the defendant "carefully crafted" the allegedly "false narrative" presented in the challenged oral statements, the *Murphy* court held that only the speaker could be liable under *Janus*. 2020 WL 4040827, at \*24 ("Even if [the CFO] assisted in developing the message that [the CEO] shared during earnings calls, the content of [the CEO's] statement was entirely within his control."). Plaintiff alleges far less than that here.

Francis cannot be held liable under Section 10(b) for oral statements that he did not make. He is entitled to judgment on the pleadings.

**B.      Plaintiff Fails to State a Section 20(a) Claim Against Francis.**

The Opposition concedes that to state a Section 20(a) claim, the Complaint must plead that "the defendant exercised 'actual power or control' over the primary violator." (Opp. 10-11; *see* Mot. 6.)  The Motion showed that Plaintiff's conclusory allegations fail to meet that burden because Plaintiff does not allege that Francis had (much less exercised) actual power or control over Flanders (to whom Francis reported), Yung (who succeeded Francis as eHealth's CFO), or the Company. (Mot. 6-8.)  Indeed, the Motion showed that Plaintiff does not even attempt to allege that Francis controlled the oral statements made by other executives on earnings conference calls—the only statements that remain in this case.  (Mot. 7, citing Compl. ¶ 166.)

Plaintiff does not overcome the Motion's showing.  Plaintiff does not cite a single case allowing a Section 20(a) claim where the only challenged statements at issue were oral statements made by other defendants.  Instead, like its arguments on Section 10(b) liability, Plaintiff relies exclusively on cases involving written statements in press releases and SEC filings that the purported control person was alleged to have wielded authority over.[3]  *See Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1048-49 (N.D. Cal. 2016) (control adequately alleged where major shareholder was "able to control most matters requiring stockholder approval" and "place[d] designees on the board" who "***signed the document(s) containing false statements***") (emphasis added); *Hefler v. Wells Fargo & Co.*, 2018 WL 1070116, at *14 (N.D. Cal. Feb. 27, 2018) (control allegations sufficient where "the Officer and Director Defendants participated in the drafting, preparation and/or approval" of the challenged "SEC filings, shareholder and investor reports and other publicly disseminated communications").

---

[3] *Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *17 (C.D. Cal. Dec. 5, 2022) (cited at Opp. 11-12) did not even address the arguments at issue in the Motion.  The defendants there argued that the Section 20(a) claim should be dismissed only because the complaint "fail[ed] to state a claim for primary violation of the Exchange Act."  The court denied the motion because the "Defendant's challenge to Plaintiff's Section 20(a) claims rises and falls with the Section 10(b) and Rule 10b-5 violations alleged." *Id.*  In any event, the challenged statements there included allegedly false and misleading SEC filings and financial statements.

Plaintiff ignores most of the authority cited in the Motion. Plaintiff's superficial attempts to distinguish the few cases it acknowledges reinforces Francis's arguments.

Plaintiff argues that *Murphy* is "inapposite since it was a summary judgment decision." (Opp. 12.) The procedural posture does not change the substantive law. The court granted summary judgment to the CFO in *Murphy* because "the evidence [did] not support a conclusion that she had any meaningful control over what words came out of [the CEO's] mouth" during the conference calls on which the challenged statements were made. *Murphy*, 2020 WL 4040827, at *25. Here, Plaintiff does not even **allege** that Francis controlled the extemporaneous oral statements made by Flanders and Yung.

Plaintiff argues that *Quest* supports liability because the court did not dismiss the Section 20(a) claim against the CFO. (Opp. 12.) The complaint adequately alleged a control person claim against the CFO in *Quest* because, by virtue of his position, he exercised control over the "***false financial statements*** filed during the Class Period" that formed the basis for the predicate Section 10(b) violation. *Middlesex Ret. Sys. v. Quest Software Inc.*, 527 F. Supp. 2d 1164, 1193-94 (C.D. Cal. 2007). There are no written corporate filings or financial statements at issue in this case. And as the Motion showed, there are no allegations in the Complaint that answer the fundamental question posed by the court in *Quest*: "how can [Francis] exercise control over either his peer[s] or his supervisors[?]" *Id.* at 1194.

Similarly, Plaintiff argues that *Energy Recovery* is distinguishable because the defendant there "did not speak on the Company's behalf during earnings conference calls with investors, nor did she sign any SEC filings." (Opp. 12.) But there are no allegedly false statements at issue from any of the SEC filings that Francis signed. And just like in *Energy Recovery*, there is "no allegation that [Francis] directed or exercised control over [Flanders and Yung] who allegedly made the false and misleading statements" on earnings calls. *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *26 (N.D. Cal. Jan. 27, 2016).

As the Motion showed, courts routinely dismiss Section 20(a) claims based on conclusory assertions that the defendants occupied "high-level positions" at a company and "controlled public statements." (Mot. 7-8.) Plaintiff attempts to wish these cases away by arguing that they

are "off mark" because the Complaint alleges that Francis signed eHealth's SEC filings and was involved in the Company's day-to-day operations. (Opp. 12, n.12.) Plaintiff's allegations are substantively identical to those rejected in the authorities cited in the Motion. *See* Compl. ¶¶ 163-168 (setting forth Plaintiff's control person claim); *Purple Mountain Tr. v. Wells Fargo & Co.*, 432 F. Supp. 3d 1095, 1106–07 (N.D. Cal. 2020) (dismissing "barebones allegations" that officers had power and ability to control primary violator "by virtue of their positions and their power to control public statements"); *Abadilla v. Precigen, Inc.*, 2022 WL 1750033, at *10 (N.D. Cal. May 31, 2022) (generalized allegations about defendant's title and management of business unit that was the subject of the challenged statements insufficient to state a control person claim); *Special Situations Fund III QP, L.P. v. Brar*, 2015 WL 1393539, at *10 (N.D. Cal. Mar. 26, 2015) (describing similar allegations as "boilerplate allegations that courts have typically rejected"); *In re Accuray, Inc. Sec. Litig.*, 757 F. Supp. 2d 936, 952 (N.D. Cal. 2010) (finding conclusory allegations that defendants "influenced and controlled" the company based on their "high-level positions" insufficient); *Teamsters Local 617 Pension and Welfare Funds v. Apollo Grp., Inc.*, 690 F. Supp. 2d 959, 979-80 (D. Ariz. 2010) (granting dismissal where complaint lacked detailed allegations about COO's day-to-day roles and responsibilities in company to show liability as a control person). Like the defendants in those cases, Francis is entitled to judgment on the pleadings with respect to Plaintiff's Section 20(a) claim here.

## CONCLUSION

Francis respectfully requests that the Court grant judgment on the pleadings with respect to all claims against him.

Dated: February 9, 2023

ANNA ERICKSON WHITE
DAVID J. WIENER
MORRISON & FOERSTER LLP

By:   */s/ Anna Erickson White*
          Anna Erickson White

          Attorneys for Defendant
          David K. Francis