February 10, 2023

<u>VIA ECF</u>

Hon. Jon S. Tigar
United States District Court, Oakland
Oakland Courthouse, Courtroom 6 – 2nd floor
1301 Clay Street, Suite 400 S
Oakland, CA 94612

  Re: *In re eHealth Inc. Securities Litigation,*
    No. 4:20-cv-02395 (N.D. Cal.)

Dear Judge Tigar:

  Pursuant to the Court's Standing Order, the following is a joint letter concerning a discovery dispute in the matter referenced above.  The parties met and conferred by email and telephonically, but remain at an impasse.

## 1. Plaintiff's Position

  Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1, Plaintiff asks the Court to compel Defendants to engage in the discovery process, including to meet and confer on a Stipulated Protective Order re: Discovery of ESI (the "ESI Protocol") and produce documents responsive to Plaintiff's First Request for Production of Documents (the "RFPs").[1]  Despite this case being filed almost three years ago and the Court denying in part the Motion to Dismiss (ECF 47) nearly a year and half ago, Defendants refuse to engage in *any* discovery or even meet and confer on discovery issues until the Court rules on their pending Motions for Judgement on the Pleadings ("MJOP"), citing the automatic stay provision applicable to motions to dismiss in the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  ECFs 117, 119.  Defendants' position that the PSLRA's discovery stay was automatically resumed upon the filing of a MJOP under these circumstances is simply wrong and prejudicial to Plaintiff and the class.[2]  The Court should reject Defendants' unilateral decision to stay discovery and further delay this litigation.

---

[1] On December 19, 2022, Plaintiff served Defendants with the RFPs, attached hereto as Ex. 1.  On January 18, 2023, Defendants provided responses and objections to the RFPs, attached hereto as Ex. 2.  Thereafter, the parties conferred by email about the adequacy of Defendants' responses to the RFPs.

[2] The delay that Defendants envision will be substantial.  Defendants originally noticed their motions for a hearing on February 23, 2023, which the Court rescheduled to March 16, 2023.  Due to a scheduling conflict, counsel for Defendants are unavailable and have requested to move the hearing to April 6, 2023, the Court's next available date.  As a result, Defendant's unilateral stay will delay the case by at least several months.

4880-4999-8159.v1

On August 12, 2021, the Court granted in part and denied in part Defendants' Motion to Dismiss.  ECF 64 ("MTD Order").  The Court held that the Complaint had sufficiently alleged that Defendants' statements on April 26, 2018 and February 20, 2020 were actionable.  Defendants filed an Answer on October 1, 2021.  ECF 76.  A suggestion of death was filed shortly thereafter for then Lead Plaintiff Billy White.  ECF 78.  Lead Plaintiff Chicago & Vicinity Laborers' District Council Pension Fund ("Plaintiff") was appointed and filed a Motion to Supplement the Complaint. ECFs 113, 116.  Plaintiff served the RFPs on December 19, 2022, and sent a draft of an ESI Protocol to Defendants on December 21, 2022, asking to meet and confer.  Defendants ignored the request and Plaintiffs' three follow-up emails, and have never provided edits to the draft ESI Protocol.  Defendants served their responses and objections to the RFPs on January 18, 2023, stating they would not engage in discovery while their MJOP was pending.  Ex. 2.

As set forth in Plaintiff's oppositions to the MJOPs, those motions are really improper requests for reconsideration of the Court's year and half old MTD Order.  ECF 124 at 3-5; ECF 125 at 5-7.  Defendants' purported basis for their motions are all identical to ones they raised (or could have raised) in their Motion to Dismiss, and were considered and rejected by the Court.  *Id.*  There has been no change in the law or facts of this case to justify a motion for reconsideration, and Defendants' unpersuasive arguments rely on the same transcript excerpts and exhibits already considered by the Court.  ECF 124 at 3-5.  Even if the Court were to consider the 12(c) motions on their merits, they both simply raise questions of fact that must be considered at summary judgement or trial.  ECF 124 at 5-21; ECF 125 at 7-12.

Under these circumstances, there is no reason for the PSLRA stay to be reinstated by the filing of another Rule 12 motion.  The stated purpose of the PSLRA stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until "'after the court has sustained the legal sufficiency of the complaint.'"  *SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of Cal.*, 189 F.3d 909, 912-13 (9th Cir. 1999).  Where, as here, the Court has already sustained the Complaint and there has been no change in the law or the underlying facts, the purpose of the stay has been served.  "To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse."  *In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 254-55 (S.D.N.Y. 2005); *In re LeapFrog Enter., Inc. Sec. Litig.*, 2017 WL 3263114, at *1 (N.D. Cal. July 28, 2017) ("[a] defendant could file repeated motions for leave to file a motion to reconsider or motions for reconsideration and prolong the PSLRA discovery stay"); *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 202 (N.D. Ill. 2018) (Defendants were not entitled to the stay for discovery while waiting for a decision on their pending motion for reconsideration).[3]

---

[3]    The authority Defendants provided during the meet and confer does not support reinstating the PSLRA stay here.  *See* Email from Stephanie Jensen to Lead Counsel on January 30, 2023, attached hereto as Ex. 3.  In *Petrie v. Elec. Game Card, Inc.*, the Ninth Circuit "assum[ed]" without deciding that a PSLRA discovery stay commenced after the relevant 12(c) motion only because "*[t]he parties* [did] not distinguish between motions to dismiss and motions for judgment on the pleadings," and went on to hold it was an abuse of discretion to strike allegations derived from discovery obtained between the two motions' filings, as no PSLRA stay was in effect.  761 F.3d 959, 962, 968 and n.11 (9th Cir. 2014) (emphasis added).  *Harris v. Cnty. of Orange* makes no mention of discovery stays or a prior motion to dismiss, and unlike here, the argument presented (claim preclusion) was a genuine issue of law raised for the first time.  682 F.3d 1126, 1130-32

Defendants did not seek the Court's permission to reinstate the PSLRA discovery stay. They have done so unilaterally for the same reason they filed their supposed MJOP – to delay discovery into Plaintiff's claims. This case needs to move forward, and the Court should order Defendants to comply with their obligations.

### B.   Defendants' Position

The PSLRA requires that "all discovery and other proceedings **shall** be stayed during the pendency of **any motion to dismiss**, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Thus, what Lead Plaintiff characterizes as Defendants' "unilateral" discovery stay is actually a statutory one. Here, the PSLRA's automatic discovery stay was triggered on December 22, 2022, when Defendants filed their motions for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c), and Lead Plaintiff has not and cannot show that the stay should be lifted out of a necessity to preserve evidence or prevent undue prejudice.

*First*, the PSLRA's discovery stay was triggered by the filing of Defendants' Rule 12 motions and remains in place pending resolution of these motions. The Ninth Circuit has held that "[t]he common sense reading of the PSLRA's plain language 'all discovery and other proceedings shall be stayed' is that **no litigant shall take any steps in pursuit of discovery during the pendency of any motion to dismiss**." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) (emphasis added). A motion for judgment on the pleadings is the functional equivalent of a motion to dismiss. *Id.* at 968 n. 11 (citing *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *id.* at 968 ("'no discovery may proceed until the court has sustained the legal sufficiency of a complaint'") (quoting *SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of Cal.*, 189 F.3d 909, 912-13 (9th Cir. 1999)); *see also Jackson v. Fischer*, 2015 WL 4381263, at *2 (N.D. Cal. July 16, 2015) (under the PSLRA, "while motions to dismiss are pending, the parties may not engage in discovery"); *Fosbre v. Las Vegas Sands Corp.*, 2012 WL 5879783, at *4 (D. Nev. Nov. 20, 2012) ("15 U.S.C. § 78u4(b)(3)(B) [PSLRA's stay of discovery provision] is unambiguous and requires that discovery be stayed when *any* motion to dismiss is pending, subject to permitting particularized discovery that is necessary to preserve evidence or to prevent undue prejudice to a party"); *McGuire v. Dendreon Corp.*, 2009 WL 666863, at *1 (W.D. Wash. Mar. 11, 2009) ("The PSLRA clearly requires that discovery shall be stayed when *any* motion to dismiss is pending"); *Gardner v. Major Automotive Companies*, 2012 WL 1230135, at *4 (E.D.N.Y. Apr. 12, 2012) ("a Rule 12(c) motion is a 'motion to dismiss' within the meaning of the PSLRA automatic stay provision, and [ ] therefore the stay is triggered by defendants' Rule 12(c) motion."); *Tex. Pac. Land Tr. v. Oliver*, No. 3:19-cv-01224-B, slip op at 2 (N.D. Tex. June 25, 2019, ECF No. 42) (relying on *Gardner* in holding defendant's Rule 12(c) motion is a motion to dismiss within the meaning of the PSLRA and thus triggered the discovery stay).

---

(9th Cir. 2012). Finally, Defendants' reliance on an out-of-circuit, unreported magistrate's report and recommendation is misplaced, as again, there was no prior motion to dismiss or holding on that complaint's sufficiency. *Gardner v. Major Auto. Cos.*, 2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012) (ECFs 1-34 reveal no prior motion to dismiss).

The *Gardner* case, which held that a Rule 12(c) motion triggers the PSLRA discovery stay, is particularly applicable. Just as here, plaintiffs in *Gardner* challenged the PSLRA discovery stay during the pendency of a Rule 12(c) motion, claiming the discovery stay only applies to pre-answer motions to dismiss and not to post-answer motions for judgment on the pleadings. The *Gardner* court squarely rejected this argument, noting "the plain language of the PSLRA does not limit the scope of the automatic stay requirement to any particular species of motion to dismiss" and that "the automatic stay provision has been held to apply to both initial and successive motions to dismiss." *Id.* at *3. It further noted that "[s]taying discovery pending judicial evaluation of the sufficiency of the complaint is consistent with the entire purpose of the stay provision, which is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim." *Id.* (citation and internal quotations and punctuation omitted). Accordingly, the court upheld the discovery stay during the pendency of the Rule 12(c) motion, holding that "motions that require a court to determine the facial sufficiency of the pleadings fall within the ambit of the PSLRA's automatic stay provision, regardless of whether the complaint has been answered." *Id.*

None of Lead Plaintiff's cases undermine the application of the discovery stay here. While the court in *In re Salomon Analyst Litigation*, 373 F. Supp. 2d 252, 254-256 (S.D.N.Y. 2005), expressed its concern that "[t]o permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse" and that some judicial discretion to evaluate the renewed stay may be appropriate, the court nonetheless held that "[i]n view of the policy of the PSLRA to deny discovery until a complaint has been authoritatively sustained by the court, it is appropriate to extend the stay under the present circumstances." And *In re LeapFrog Enter., Inc. Sec. Litig.*, 2017 WL 3263114, at *1 (N.D. Cal. July 28, 2017), and *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 202 (N.D. Ill. 2018), are both distinguishable in that they addressed whether the discovery stay applied during the pendency of a **motion for leave** to file a motion for reconsideration and a **motion for reconsideration**, respectively, not an already-filed **Rule 12(c) motion for judgment on the pleadings**, as here. Far more analogous is *Selbst v. McDonald's Corp.*, 2006 WL 566450 (N.D. Ill. Mar. 1, 2006), which the *Beezley* court noted presented a different situation than that in *Beezley*. In *Selbst*, plaintiffs sought to lift the PSLRA discovery stay during the pendency of defendants' second motion to dismiss, claiming the motion was merely pretext to invoke the stay and further delay the action. 2006 WL 566450, at *2. The court rejected plaintiffs' argument and upheld the discovery stay. In sum, Lead Plaintiff fails to cite a single case holding that the automatic PSLRA stay does <u>not</u> apply during the pendency of a Rule 12(c) motion.

*Second*, Lead Plaintiff has failed to show that the automatic discovery stay should be lifted. To do so requires a showing that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to Lead Plaintiff. 15 U.S.C. § 78u-4(b)(3)(B). Lead Plaintiff does not even attempt to satisfy these statutory requirements. Indeed, Lead Plaintiff is not seeking particularized discovery, but rather demands that all discovery proceed without limit. To accept this proposition would be to ignore the statutory requirements of the PSLRA. *See Selbst*, 2006 WL 566450, at *3 (plaintiffs seeking of "a general lifting of the discovery stay as it applies to all document requests to defendants" "does not meet the 'particularized discovery' standard."). Lead Plaintiff also makes no attempt to suggest that discovery is necessary to preserve evidence or to prevent undue prejudice. To the contrary, all Lead Plaintiff complains of is that the stay will delay discovery in this matter. But "any prejudice caused by the delay inherent in the statutorily imposed

- 4 -

discovery stay cannot be 'undue' prejudice because it is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including a plaintiff's need to collect and preserve evidence." *Fosbre*, 2012 WL 5879783, at *4 (quoting *Band v. Ginn Companies, LLC*, 2011 WL 807396, at *2 (M.D. Fla. Mar. 2, 2011) (internal quotations and citation omitted)); *see also Selbst*, 2006 WL 566450, at *3 ("any generalized prejudice resulting from delay on account of a discovery stay is not 'unfair' given the countervailing policy considerations that mandate the stay.") (citation omitted).

*Finally*, Lead Plaintiff's attempts to blame Defendants for the length of time this case has been pending and paint Defendants' valid Rule 12 motions as a delay tactic are unfounded. Lead Plaintiff focuses on the August 2021 filing of the Order on Defendants' initial motion to dismiss, but omits the dates of the (1) suggestion of death of the then-lead plaintiff (November 11, 2021), (2) order reopening the lead plaintiff appointment process (January 3, 2022), (3) order appointing new Lead Plaintiff (November 9, 2022), and (4) Lead Plaintiff's notice supplementing the complaint (November 29, 2022). Defendants filed their Rule 12(c) motions less than a month later (December 22, 2022). This is not delay. *See Selbst*, 2006 WL 566450, at *2 (rejecting plaintiff's argument that motion to dismiss was a pretext to invoke the PSLRA stay and to delay). Defendants should not be deprived their statutory right to a stay because circumstances wholly outside their control halted progress in this case.

And despite Lead Plaintiff's best efforts at reframing, Defendants' Rule 12(c) motions are not motions for reconsideration. The Rule 12(c) motions raise new arguments and present new undisputable public statements—particularly press releases referenced in the alleged misstatements that disclose updated Customer Care & Enrollment expenses by total dollars, dollars per member, and as a percentage of revenue–showing that Defendants disclosed the very same operational expenses Lead Plaintiff alleges they hid from investors. Far from seeking a prolonged delay of discovery, Defendants sought to hasten a decision on the Rule 12(c) motions and limit the length of the discovery stay by negotiating a short briefing schedule that allowed them only two weeks to file their replies in support of the motions and noticed the motions for a hearing on February 23, 2023.[4] Despite the stay, Defendants served their responses and objections to Lead Plaintiff's Requests for Production so that, if the case is not resolved by the Rule 12(c) motions, the parties may immediately move forward in meeting and conferring, where necessary, regarding the scope of the Requests for Production. And in a further effort to compromise (and avoid burdening the Court with this dispute), on February 8, 2023, Defendants offered to move forward with negotiating any necessary stipulations regarding entry of a protective order and/or regarding discovery of electronically stored information. Lead Plaintiffs rejected this proposal.

The PSLRA is clear that while Defendants' Rule 12(c) motions are pending, discovery in this matter is stayed. As the PSLRA's statutory discovery stay is automatic, Defendants urge the Court to deny Lead Plaintiff leave to file a motion regarding this matter.

---

[4]     The Court reset the hearing for March 16. Due to a scheduling conflict, the eHealth Defendants proposed resetting the hearing to March 9, a week earlier. Since the date did not work for all parties or the court, the parties will be submitting a stipulation to reset the hearing to April 6, the Court's next earliest available date.

Respectfully submitted,

DATED:  February 10, 2023

ROBBINS GELLER RUDMAN          WILSON SONSINI GOODRICH &
  & DOWD LLP                   ROSATI, P.C.
DOUGLAS R. BRITTON             GREGORY L. WATTS
LUCAS F. OLTS
MEGAN A. ROSSI
RAPHAELLA FRIEDMAN


          s/ Lucas F. Olts              s/ Gregory L. Watts (with permission)
       LUCAS F. OLTS                     GREGORY L. WATTS

655 West Broadway, Suite 1900      701 Fifth Avenue, Suite 5100
San Diego, CA  92101               Seattle, WA 98104-7036
Telephone:  619/231-1058           Telephone: (206) 883-2500
619/231-7423 (fax)                 (206) 883-2699 (fax)
dougb@rgrdlaw.com                  gwatts@wsgr.com
lolts@rgrdlaw.com
mrossi@rgrdlaw.com                 Attorneys for Defendants eHealth, Inc.,
rfriedman@rgrdlaw.com              Scott N. Flanders, and Derek N. Yung

4880-4999-8159.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Lead Counsel for Lead Plaintiff

MORRISON & FOERSTER LLP
ANNA ERICKSON WHITE
DAVID J. WIENER

s/ David J. Wiener (with permission)
    DAVID J. WIENER

425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
(415) 268-7522
awhite@mofo.com
dwiener@mofo.com

Attorneys for Defendant David K. Francis

Pursuant to Civil L.R. 5-1(h)(3), all signatories concur in filing this joint letter.

DATED:  February 10, 2023

s/ LUCAS F. OLTS
LUCAS F. OLTS

- 7 -

4880-4999-8159.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on February 10, 2023, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the email addresses on the attached Electronic Mail Notice List,

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service

to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Lucas F. Olts
LUCAS F. OLTS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  lolts@rgrdlaw.com

## Mailing Information for a Case 4:20-cv-02395-JST IN RE eHEALTH INC. SECURITIES LITIGATION

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com,bengfelt@rgrdlaw.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Doug Britton**
  dougb@rgrdlaw.com,e_file_sd@rgrdlaw.com,bengfelt@rgrdlaw.com,ldeem@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Peretz Bronstein**
  peretz@bgandg.com

- **Timothy W. Brown**
  tbrown@thebrownlawfirm.net

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Andre Fontana**
  afontana@coblentzlaw.com,andre-fontana-9619@ecf.pacerpro.com

- **Raphaella Friedman**
  rfriedman@rgrdlaw.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Judson Earle Lobdell**
  jlobdell@mofo.com,magdalena-blackmer-3352@ecf.pacerpro.com,judson-lobdell-6493@ecf.pacerpro.com,mblackmer@mofo.com

- **Adam Christopher McCall**
  amccall@zlk.com

- **Catherine Eugenia Moreno**
  cmoreno@wsgr.com,rlustan@wsgr.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Lucas F. Olts**
  Lolts@rgrdlaw.com,e_file_sd@rgrdlaw.com,LOlts@ecf.courtdrive.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Nicholas Ian Porritt**
  nporritt@zlk.com,ecf@zlk.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Megan Allison Rossi**
  MRossi@rgrdlaw.com

- **Betty Chang Rowe**
  browe@wsgr.com

- **Dylan Grace Savage**
  dsavage@wsgr.com,lnicolini@wsgr.com

- **Whitney E. Street**
  WhitneySt@hbsslaw.com,whitney-street-0082@ecf.pacerpro.com

- **Jacob Allen Walker**
  jake@blockleviton.com,jacob-walker-5598@ecf.pacerpro.com

- **Gregory Lewis Watts**
  gwatts@wsgr.com,ysheard@wsgr.com,rcarter@wsgr.com

- **Anna Erickson White**
  awhite@mofo.com,anna-erickson-white-9788@ecf.pacerpro.com,andrea-vickery-5658@ecf.pacerpro.com,avickery@mofo.com

- **David Jeremy Wiener**
  dwiener@mofo.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# EXHIBIT 1

1 | ROBBINS GELLER RUDMAN
   & DOWD LLP
2 | SHAWN A. WILLIAMS (213113)
Post Montgomery Center
3 | One Montgomery Street, Suite 1800
San Francisco, CA  94104
4 | Telephone:  415/288-4545
415/288-4534 (fax)
5 | shawnw@rgrdlaw.com
    – and –
6 | DOUGLAS R. BRITTON (188769)
LUCAS F. OLTS (234843)
7 | RAPHAELLA FRIEDMAN (323324)
MEGAN A. ROSSI (318643)
8 | 655 West Broadway, Suite 1900
San Diego, CA  92101
9 | Telephone:  619/231-1058
619/231-7423 (fax)
10 | dougb@rgrdlaw.com
lolts@rgrdlaw.com
11 | rfriedman@rgrdlaw.com
mrossi@rgrdlaw.com
12 |
Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re eHEALTH INC. SECURITIES LITIGATION | ) ) ) ) | Case No. 4:20-cv-02395-JST |
|---|---|---|
| | | CLASS ACTION |
| | | LEAD PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS |

Pursuant to Federal Rules of Civil Procedure 26 and 34, lead plaintiff Chicago & Vicinity Laborers' District Council Pension Fund ("Lead Plaintiff") requests that defendants eHealth Inc., Scott N. Flanders, Derek N. Yung, and David K. Francis respond to and produce for inspection and copying the documents designated under the heading "Documents Requested" by January 18, 2023 to the offices of Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101-8498, or at such other time and place the parties mutually agree.

The responding parties are required to produce all requested documents that are in their actual or constructive possession, custody, or control, or in the actual or constructive possession, custody, or control of their officers, employees, agents, or representatives. The responding parties shall produce said documents as they are kept in the usual course of business and shall organize and label them to correspond with the categories in the request.

## I.   DEFINITIONS

Unless stated otherwise, the terms set forth below are defined as follows:

1.     "eHealth" or the "Company" refers to eHealth, Inc., any of its direct or indirect subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors, present and former officers, directors, employees, agents, directors, and all other persons acting or purporting to act on its behalf.

2.     "You" or "your" means the person or entity responding to these requests.

3.     The "Action" refers to the lawsuit captioned *In re eHealth Inc. Sec. Litig.*, No. 4:20-cv-02395-JST (N.D. Cal.), including all actions consolidated herein.

4.     "All," "any," and "each" shall each be construed as encompassing any and all.

5.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.     "Communication" or "communications" refers to every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery, or otherwise. This

definition includes emails, text messages, and inter-office instant messaging through applications like Skype, Microsoft Teams, or Slack.

7.      "Complaint" means the Amended Complaint for Violations of the Federal Securities Laws, filed August 25, 2020 (ECF 46).

8.      "Concerning" and "regarding" means relating to, referring to, describing, evidencing, or constituting.

9.      "Refer" or "relate" or "referring" or "relating" means all documents which comprise, explicitly or implicitly refer to, were reviewed in conjunction with, or were created, generated, or maintained as a result of the subject matter of the request, including, without limitation, all documents which reflect, record, memorialize, embody, discuss, evaluate, consider, review, or report on the subject matter of the request.

10.     "Individual Defendants" refers to Scott N. Flanders, Derek N. Yung, and David K. Francis collectively and includes, without limitation, their agents, employees, or other persons occupying similar positions or performing similar functions.

11.     "Defendants" refers to eHealth and the Individual Defendants together.

12.     "Document(s)" is intended to be interpreted in the broadest possible sense under Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence and includes, without limitation, all electronic data, databases, and all communications or information which are stored or retrievable or recorded in any manner, and also includes, without limitation, any writing (as "writings" is defined in Fed. R. Evid. 1001) or other record of information or images, including, without limitation, print, handwriting, photographs, videotapes, films, and recordings (as "recordings" is defined in Fed. R. Evid. 1001).  The term "document(s)" also includes, without limitation, drafts or non-identical copies of any document.

13.     "Electronic data" refers to any original and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notions, or highlighting of any kind), mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts or transmittals, output resulting from the use of any

software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail or "email," electronic messaging services, electronic forums or discussion services, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drives, PDF files, PRF files, batch files, ASCII files, crosswalks, code keys, pull down tables, logs, file layouts, or any miscellaneous files or file fragments regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, backup file, deleted file, or file fragment.  "Electronic data" also includes, without limitation, any items stored on computer, smartphone, or tablet memory or memories, hard drives, zip drives, CD-ROM discs, or in any other vehicle for electronic or digital data storage or transmittal, files, folder tabs, or containers and labels appended to or associated with any physical storage device associated with each original and each copy.

14.   "Employee" refers to any person who at any time acted or purported to act on your behalf or under your supervision, direction, or control, including, without limitation, past and current directors, officers, principals, partners, executives, independent contractors, assigns, businesses, or similar persons or entities.

15.   "EY" and "Ernst & Young" refer to Ernst & Young LLP, Ernst & Young Americas LLC, and Ernst & Young Global Limited and any of their member firms, parents, subsidiaries, areas, divisions, groups, partnerships, or offices, whether national, international, or foreign, and any of its members (as defined by 0.400.12 and 0.400.18, formerly ET §§92.07 and 92.11, respectively, of the American Institute of Certified Public Accountants' Code of Professional Conduct, adopted January 12, 1988 and renumbered effective December 15, 2014) and any of EY's predecessors, successors, parents, subsidiaries, divisions, partnerships, and branches; its international, foreign, national, regional, and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants, and all other persons acting or purporting to act on its behalf.

16.   "Audit documentation" refers to and adopts the definition and requirements of the term "audit documentation" as established or otherwise described by the Public Company Accounting Oversight Board's Auditing Standard No. 1215 ("AS 1215, *Audit Documentation*"),

formerly AU §339, *Audit Documentation* of the American Institute of Certified Public Accountants. As elaborated in these standards, audit documentation includes and consists of all records, workpapers, or other documents (including workpapers prepared using audit software) prepared or received relevant to the engagement, including records of the planning and performance of the work, the procedures applied, test performed, evidence obtained, and conclusions reached. Specific examples of audit documentation include audit programs, analyses, memoranda, letters of confirmation, representation letters, abstracts or photocopies of documents, client-prepared documents, schedules or commentaries, engagement administrative, review and completion documents, workpapers and documentation organizational schedules, indices or elements, permanent files, and correspondence.

17.    "Entity" or "entities" has the same meaning as person (defined below).

18.    "Identify," with respect to persons, means to give, to the extent known, the person's full name, present or last known address, present or last known email address and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

19.    "Identify," with respect to documents, means to give, to the extent known, the: (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

20.    "Meeting" refers to the contemporaneous presence of any natural persons (including by telephone or by any other electronic means) for any purpose, whether such presence was by chance or prearranged, and whether the meeting was formal or informal, or occurred in connection with some other activity.

21.    "Person" or "persons" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

22.    "Security" or "securities" refers to any note, stock, treasury stock, bond, debenture, certificate or other evidence or indebtedness, certificate of interest or participation in any profit sharing agreement, any collateral-trust certificate, preorganization certificate or subscription,

1  transferable share, investment contract, voting-trust certificate, certificate of deposit, or any

2  certificate of interest or participation in, receipt for, or warrant or right to subscribe to or purchase

3  any of the foregoing.

4      23.    "Medicare segment" refers to eHealth's segment regarding Medicare insurance plans,

5  primarily Medicare Advantage, Medicare Supplement, and Medicare Part D policies.

6      24.    "GoMedigap" refers to a platform that provides Medicare Supplement enrollment

7  services to individual customers that eHealth acquired on January 22, 2018.

8      25.    "ASC 606" refers to Accounting Standards Codification 606, *Revenue from Contracts*

9  *with Customers (Topic 606)* issued in May 2014.

10     26.    "LTV" refers to "constrained lifetime value," a metric eHealth devised to signify the

11 revenue eHealth expected to receive over the life of a customer's contract.

12     27.    "Churn" and "member churn" refer to the rate at which customers cancel new policies

13 or fail to renew them.

14     28.    "DRTV" and "Direct Response Television Advertising" refer to direct response

15 television advertising or any television advertising that asks consumers to respond directly to the

16 company, including any late-night television advertising campaigns that eHealth started in or around

17 2017 that referenced $0 monthly plan premiums.

18     29.    "Muddy Waters Report" refers to the report published on April 7, 2020 by Muddy

19 Waters Capital as identified in the Complaint.

20 **II.    INSTRUCTIONS**

21     1.    In responding to these requests, you shall produce all responsive documents which are

22 in your possession, custody or control, or in the possession, custody, or control of your predecessors,

23 successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors,

24 executives, officers, partners, managing agents, agents, employees, accountants, or any other

25 representative.  A document shall be deemed to be within your control if you have the ability or right

26 to secure the document or a copy of the document from another person having possession or custody

27 of the document.

28

2.      Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying by Lead Plaintiff's original documents as they are kept in the usual course of business, and you shall organize and label them to correspond with the categories in these requests.

3.      In responding to these requests, you shall produce all responsive documents available at the time of production, and you shall supplement your responses as required by Fed. R. Civ. P. 26(e).

4.      If any responsive document was, but no longer is, in your possession or subject to your control, state whether the document is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

5.      If you claim any form of privilege or any other objection, whether based on statute, common law, or otherwise, as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information:

(a)      the privilege being asserted;

(b)      the person on whose behalf the privilege is asserted;

(c)      a precise statement of the facts upon which the claim of privilege is based; and

(d)      identify the purported privileged document including:

(i)      the document's nature, *e.g.*, letter, memorandum, tape, etc.;

(ii)      the date the document was prepared;

(iii)      the date the document bears;

(iv)      the date the document was sent;

(v)      the date the document was received;

(vi)      the name of the person who prepared the document;

(vii)      the name(s) of the person(s) who received the document;

(viii)      the name of each person to whom it was sent or was intended to be sent, including all addressees and all recipients of copies; and

1         (ix)    a statement of whom each identified person represented or purported

2 to represent at all relevant times.

3      6.    If a portion of any document responsive to these requests is withheld under claim of

4 privilege pursuant to Instruction 5, any non-privileged portion of such document must be produced

5 with the portion claimed to be privileged redacted.

6      7.    You are to produce each document requested herein in its entirety, without deletion or

7 excision (except as qualified by Instructions 5 and 6 above) regardless of whether you consider the

8 entire document to be relevant or responsive to the requests.

9      8.    The singular of any term includes the plural, and the disjunctive shall include the

10 conjunctive, and vice versa.  Construe the terms "and" and "or" as used in this document in the

11 conjunctive and disjunctive so as to produce the broadest scope of documents pursuant to each

12 request.

13 **III.    PRODUCTION OF HARD COPY DOCUMENTS – FORMAT**

14      Hard-copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images

15 with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat).  The database

16 load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME," and

17 "CUSTODIAN."  The documents should be logically unitized (*i.e.*, distinct documents shall not be

18 merged into a single record, and single documents shall not be split into multiple records) and be

19 produced in the order in which they are kept in the usual course of business.  If an original document

20 contains color, and the color is necessary to understand the meaning or content of the document, the

21 document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high

22 quality setting as to not degrade the original image.  Multi-page OCR text for each document should

23 also be provided.  The OCR software shall maximize text quality.  Settings such as "auto-skewing"

24 and "auto-rotation" should be turned on during the OCR process.

25 **IV.    PRODUCTION OF ESI**

26      1.    ***Format***: Electronically stored information ("ESI") should be produced in single-page,

27 black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet and

28 presentation type files, audio and video files, photo or graphic images, and documents with tracked

1  changes reflected in the metadata, which should be produced in native format.  If an original

2  document contains color, the document should be produced as single-page, 300 DPI JPG images

3  with JPG compression and a high quality setting as to not degrade the original image.  Parties are

4  under no obligation to enhance an image beyond how it was kept in the usual course of business.

5  TIFFs/JPGs should show any and all text, hidden content, and images that would be visible to the

6  reader using the native software that created the document.  For example, TIFFs/JPGs of email

7  messages should include the BCC line, and documents should display comments and hidden content.

8        2.     ***Format – Native Files***: If a document is produced in native format, a single-page,

9  Bates stamped image slip sheet stating the document has been produced in native format should also

10  be provided, with the exception of PowerPoint presentations.  PowerPoint documents should be

11  produced in native format along with single-page, 300 DPI TIFF/JPG images which display both the

12  slide and speaker's notes.  Each native file should be named according to the Bates number it has

13  been assigned, and should be linked directly to its corresponding record in the load file using the

14  NATIVELINK field.  The parties should meet and confer regarding the appropriate production

15  format for communications produced from mobile devices or collaborative tools (e.g., text messages,

16  Slack, Teams, G-chat, etc.).  To the extent that either party believes that specific documents or

17  classes of documents, not already identified within this protocol, should be produced in native

18  format, the parties should meet and confer in good faith.

19        3.     ***De-Duplication***: Each party shall remove exact duplicate documents based on MD5

20  or SHA-1 hash values, at the family level.  Attachments should not be eliminated as duplicates for

21  purposes of production, unless the parent email and all attachments are also duplicates.  An email

22  that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an

23  email that does not include content in those fields, even if all remaining content in the email is

24  identical.  Removal of near-duplicate documents and email thread suppression is not acceptable.  De-

25  duplication should be done across the entire collection (global de-duplication) and the

26  CUSTODIAN-ALL field should list each custodian, separated by a semicolon, who was a source of

27  that document and the FILEPATH-DUP field will list each file path, separated by a semicolon, that

28  was a source of that document.  Should the CUSTODIAN-ALL or FILEPATH-DUP metadata fields

produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents should be produced prior to substantial completion of the document production.

4. ***Technology-Assisted Review***: Predictive coding/technology-assisted review shall not be used for the purpose of culling the documents to be reviewed or produced without notifying the requesting party prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

5. ***Metadata***: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto. The metadata produced should have the correct encoding to enable preservation of the documents' original language. For ESI other than email and e-docs that do not conform to the metadata listed in Table 1, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, Google Docs, etc., the parties should meet and confer as to the appropriate metadata fields to be produced.

6. ***Embedded Objects***: Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved. The embedded files should be marked with a "YES" in the load file under the "Is Embedded" metadata field. The parties agree logos need not be extracted as separate documents as long as they are displayed in the parent document.

7. ***Attachments***: If any part of an email or its attachments is responsive, the entire email and attachments should be produced, except any attachments that must be withheld or redacted on the basis of privilege. The parties should meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege. The attachments should be produced sequentially after the parent email. The parties shall use their best efforts to collect and produce point-in-time documents that are links in documents and emails, including, but not limited to, Google G Suite, Microsoft 365, etc. Documents extracted from links shall be populated with the BEGATTACH and ENDATTACH metadata fields to show the family relationship.

8.      ***Compressed File Types***: Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

9.      ***Structured Data***: To the extent a response to discovery requires production of electronic information stored in a database, the parties should meet and confer regarding methods of production.  Parties should consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

10.      ***Exception Report***: The producing party shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type, and the file location.

11.      ***Encryption***: To maximize the security of information in transit, any media on which documents are produced may be encrypted.  In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

12.      ***Redactions***: If documents that the parties have agreed to produce in native format need to be redacted, the parties should implement redactions while ensuring that proper formatting and usability are maintained.  Spreadsheets requiring redaction should be redacted using native redaction software and produced in native format.

## V.      RELEVANT TIME PERIOD

Unless otherwise specifically indicated, the requests herein refer to the period from January 1, 2017 to January 1, 2021 (the "Relevant Period") and shall include documents and information that relate to such period even if prepared or published outside of the Relevant Period.  If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a request, you must produce the earlier document as well.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the request.

## VI.    DOCUMENTS REQUESTED

REQUEST FOR PRODUCTION NO. 1:

eHealth's document retention policies in effect during the Relevant Period and all documents concerning any potential or actual violation of those policies.

REQUEST FOR PRODUCTION NO. 2:

Directories, organizational charts, or other documents sufficient to identify eHealth's: (a) organizational structure, officers, and employees during the Relevant Period; (b) accounting structure, including external accountant services; (c) insurance company partnerships; and (d) retained legal counsel, both internal and external, during the Relevant Period.

REQUEST FOR PRODUCTION NO. 3:

All documents, presentations, memoranda, and communications regarding eHealth's contracts with insurance companies for enrollment of potential or actual members, including obligations before and after enrollment.

REQUEST FOR PRODUCTION NO. 4:

Calendars, date books, telephone logs, telephone bills (local, long distance, and cellular), time sheets, expense reports, visitor logs, and/or appointment books reflecting eHealth-related activities, maintained by each of the Individual Defendants, each current or former eHealth employee or director to be identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures, or each current or former eHealth employee to be identified as a document custodian.

REQUEST FOR PRODUCTION NO. 5:

Documents sufficient to identify all personal and business phone numbers (including all cell phones), email addresses, Twitter accounts, Slack accounts, or accounts on other electronic messaging services (including, but not limited to, Signal, Telegram, WeChat, iMessage, and Duo) for each of the Individual Defendants, each current or former eHealth employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures, or each current or former eHealth employee to be identified as a document custodian.

REQUEST FOR PRODUCTION NO. 6:

A current résumé or *curriculum vitae* for each of the Individual Defendants and each current or former eHealth employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures.

REQUEST FOR PRODUCTION NO. 7:

All documents regarding any Internet postings by or on behalf of any Individual Defendant concerning eHealth, including documents sufficient to identify any aliases or screen names used by or on behalf of any of the Individual Defendants.

REQUEST FOR PRODUCTION NO. 8:

All documents identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

REQUEST FOR PRODUCTION NO. 9:

All documents concerning any eHealth board of directors meeting (whether formal or informal and including committee meetings of the boards of directors), and any committee or sub-committee thereof (*e.g.*, Audit Committee, Disclosure Committee, Compensation Committee, etc.), including board packages, financial closing packages, meeting minutes, exhibits, agendas memoranda, resolutions, whether adopted or discussed, notes, reports, and presentations, as well as all documents and communications concerning any action of the eHealth board of directors by written consent relating to eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, Direct Response Television Advertising, eHealth's business or relationship with insurance carriers, enrollment and retention of actual or potential members, costs related to enrollment and retention of actual or potential members, and commissions or accounts receivables relating to enrollment and retention of actual or potential members with insurance carriers.

REQUEST FOR PRODUCTION NO. 10:

All documents sent to or received from any of eHealth's directors concerning eHealth's financial performance, budget, or finances, the board of directors' performance or any eHealth executive's performance, eHealth's stock price, ASC 606, the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses, or eHealth's investors concerning any of these issues.

REQUEST FOR PRODUCTION NO. 11:

All documents concerning meetings of any disclosure group or committee, including agendas, minutes, notes, reports, and presentations concerning eHealth's financial performance, budget, or finances, eHealth's stock price, ASC 606, the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses.

REQUEST FOR PRODUCTION NO. 12:

All documents concerning meetings with Medicare segment sales representatives, managers, and directors, including agendas, minutes, notes, reports, and presentations.

REQUEST FOR PRODUCTION NO. 13:

All documents concerning meetings about applying ASC 606 to eHealth's business, including agendas, minutes, notes, reports, and presentations.

REQUEST FOR PRODUCTION NO. 14:

All documents to, from, or concerning eHealth's independent auditor Ernst & Young regarding ASC 606 and the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses, including, but not limited to Ernst & Young's quarterly reviews, annual audits, audit documentation, or other consulting services.

REQUEST FOR PRODUCTION NO. 15:

All documents concerning eHealth's proposed, draft, or final budgets, or financial plans, including any quarterly or annual budget or financial plan.

REQUEST FOR PRODUCTION NO. 16:

Documents sufficient to show eHealth's quarterly and annual gross revenues and operating income directly or indirectly related to its Medicare segment, including documents sufficient to show the percentage of eHealth's total gross revenues and operating income attributable to its Medicare segment, and analyses regarding the impact, if any, of direct-to-consumer television campaigns, customer retention efforts, GoMedigap services, and other relevant operating costs.

REQUEST FOR PRODUCTION NO. 17:

All documents regarding the adoption and implementation of ASC 606, including all assumptions underlying revenue recognition and LTV calculations, as well as subsequent evaluations.

REQUEST FOR PRODUCTION NO. 18:

All documents with third-party consultants regarding the adoption of and transition to ASC 606, the underlying revenue recognition assumptions and LTV calculations, its implementation, and subsequent evaluations.

REQUEST FOR PRODUCTION NO. 19:

All documents regarding eHealth's demographic analyses of member customers and advertising strategies, including those prepared by third parties.

REQUEST FOR PRODUCTION NO. 20:

All documents regarding commissions receivables, eHealth's application of ASC 606, including persistence assumptions and calculations, statistical tools and methodologies to estimate member attrition, and "tail" revenue assumptions and calculations, and applicable forecasts, budgets, projections, and variances.

REQUEST FOR PRODUCTION NO. 21:

All documents regarding: (a) costs of revenues; (b) costs to limit turnover and churn, maintain and retain customers, and prevent cancellations of customers; and (c) customer care and enrollment costs, including actual costs and applicable forecasts, budgets, projections, and variances.

REQUEST FOR PRODUCTION NO. 22:

All documents regarding eHealth's "Book of Business" and other documents from insurance carriers provided to eHealth, including data pertaining to new members, existing members, and policy cancellations.

REQUEST FOR PRODUCTION NO. 23:

All documents regarding commissions and bonuses paid to Medicare segment sales representatives, including eHealth's commission and bonus plans and structures, and all documents

1  pertaining to eHealth's systems monitoring to assess performance of sales representatives and call

2  centers.

3  REQUEST FOR PRODUCTION NO. 24:

4      All documents concerning the acquisition of GoMedigap, including the purchase agreement

5  and contracts.

6  REQUEST FOR PRODUCTION NO. 25:

7      All documents concerning the integration of and services provided by GoMedigap.

8  REQUEST FOR PRODUCTION NO. 26:

9      All documents concerning eHealth's marketing initiatives, including Direct Response

10  Television Advertising, the quality of customers obtained through its marketing initiatives, and

11  associated metrics and revenue impacts.

12  REQUEST FOR PRODUCTION NO. 27:

13      All documents concerning drafts of eHealth's Forms 10-K, 10-Q, and 8-K, quarterly and

14  annual earnings press releases, meeting minutes, reports, memoranda, analyses, or notes concerning

15  such filings.

16  REQUEST FOR PRODUCTION NO. 28:

17      All documents concerning communications with, requests by, or actions of any federal or

18  state governmental or regulatory agency or entity, including the United States Securities and

19  Exchange Commission, the Financial Industry Regulatory Authority, or the New York Stock

20  Exchange, concerning eHealth's public statements or transactions in eHealth securities.

21  REQUEST FOR PRODUCTION NO. 29:

22      Draft and final versions of all press releases issued by or on behalf of eHealth.

23  REQUEST FOR PRODUCTION NO. 30:

24      All documents concerning compliance with or violations of any media, social media, insider

25  trading, code of business conduct and ethics, and corporate disclosure policies or procedures in place

26  at eHealth, including copies of the underlying policies or procedures.

27

28

REQUEST FOR PRODUCTION NO. 31:

All documents concerning any policies or practices for sales representatives, managers, or other employees that interacted with actual or potential customers or with insurance carriers regarding member enrollment, retention, or churn, including those focused on Medicare segment sales.

REQUEST FOR PRODUCTION NO. 32:

All documents constituting any insurance policies, indemnification agreements, hold harmless agreements, director and officer policies, errors, and omissions policies, general liability policies or by-laws under which any defendant may claim coverage to satisfy part or all of any possible liabilities as a result of any of the claims asserted in this action.

REQUEST FOR PRODUCTION NO. 33:

All documents concerning Individual Defendants' holdings and transactions in eHealth stock, including all documents related to: (a) eHealth securities held; (b) transactions in eHealth securities, including purchases, sales, donations, or use of eHealth securities as collateral; and (c) any loans of eHealth stock or options, including, but not limited to, any prepaid variable forward contract or sale lending agreement.

REQUEST FOR PRODUCTION NO. 34:

All documents concerning the Individual Defendants' compensation from eHealth, including all documents related to:

(a)     any severance package, termination agreement, or parachute payments;

(b)     payments made pursuant to §280G of the Internal Revenue Code, 26 U.S.C. §280G;

(c)     all bonuses and/or other compensation policies, terms, and agreements;

(d)     any performance reviews;

(e)     the benchmarking of salaries against peer groups;

(f)     performance-based and service-based long-term equity incentive awards, such as restricted stock units (RSUs) and non-monetary compensation and stock grants; and

(g)     all payments, loans, or taxable benefits received from eHealth.

1   REQUEST FOR PRODUCTION NO. 35:

2        All documents concerning the resignation, termination, demotion, removal from office, or

3   change in job title of any of your directors, officers, or executives that interacted with the

4   Company's customers, insurance carriers, or had any responsibility concerning the Company's

5   commissions or customer enrollment and retention, including the Individual Defendants, and the

6   assumption of their duties by any other person along with the reasons therefor.

7   REQUEST FOR PRODUCTION NO. 36:

8        All documents concerning the resignation, termination, demotion, removal from office, or

9   change in job title of any of your directors, officers, or executives that implemented, discussed, or

10  raised issues with eHealth's application of ASC 606, or had any responsibility concerning the

11  Company's application of ASC 606, including the Individual Defendants, and the assumption of

12  their duties by any other person along with the reasons therefor.

13  REQUEST FOR PRODUCTION NO. 37:

14       All documents regarding any Rule 10b5-1 trading plan by or behalf of any Individual

15  Defendant or eHealth officer or employee identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

16  REQUEST FOR PRODUCTION NO. 38:

17       Identification of the members of any committee concerning investor relations and their

18  means of communication, including email addresses, email groups, Slack channels and their

19  equivalents, office numbers, secretaries, and/or personal assistants.

20  REQUEST FOR PRODUCTION NO. 39:

21       All documents concerning any communications, press releases, conference calls,

22  presentations, or meetings with any eHealth shareholders, securities analysts, financial analysts,

23  individual or institutional investors, financial publications, news reporters, journalists, or investment

24  bankers concerning eHealth's financial performance, use of ASC 606, operational costs, member

25  churn, sales commission and incentives structure, and Direct Response Television Advertising,

26  including draft and final versions of all public conference call scripts or presentations and any draft

27  questions and answers.

28

REQUEST FOR PRODUCTION NO. 40:

All documents concerning any coverage of eHealth by securities analysts or the news media concerning eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct Response Television Advertising, including any draft or final reports or articles sent to or received by you.

REQUEST FOR PRODUCTION NO. 41:

All communications with, and documents sent to or received from, any analyst or analyst firm covering eHealth concerning eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct Response Television Advertising.

REQUEST FOR PRODUCTION NO. 42:

All communications with, and documents sent to or received from, any investors in eHealth common stock concerning eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct Response Television Advertising.

REQUEST FOR PRODUCTION NO. 43:

Transfer records or other documents identifying ownership of eHealth common stock.

REQUEST FOR PRODUCTION NO. 44:

All documents concerning eHealth's share price, market capitalization, number of shareholders, volume of shares traded and/or the value of options, or any other eHealth security, including documents concerning price movements in eHealth common stock and the possible or actual factors or reasons that led to any change in the price of eHealth common stock during the Relevant Period.

REQUEST FOR PRODUCTION NO. 45:

All documents concerning Defendants' consideration of whether and/or when eHealth should disclose to investors any information about the ongoing operating expenses and costs in retaining new and existing customers.

1   REQUEST FOR PRODUCTION NO. 46:

2   All documents concerning the retention, engagement, and/or consultation with any

3   public/investor relations, disclosure and/or legal advisors in connection with eHealth's public

4   disclosures during the Relevant Period, including communications with or documents sent to or

5   received from any such consultant or advisor concerning eHealth's financial performance, use of

6   ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct

7   Response Television Advertising.

8   REQUEST FOR PRODUCTION NO. 47:

9   All documents concerning any statement made by any members of senior management to the

10  media, investors, analysts, or public relations firms concerning eHealth, eHealth's financial

11  performance, use of ASC 606, operational costs, member churn, sales commission and incentives

12  structure, and direct-to-consumer television marketing.

13  REQUEST FOR PRODUCTION NO. 48:

14  All documents, agendas, presentations, memoranda, communications, responses, and draft

15  responses, concerning the Muddy Waters report.

16  REQUEST FOR PRODUCTION NO. 49:

17  All documents concerning eHealth's disclosure, as set forth in ¶¶62-67 of the Complaint,

18  including all reasons for and the timing of the disclosure on July 23, 2020.

19  REQUEST FOR PRODUCTION NO. 50:

20  All documents supporting or relating to any of Defendants' affirmative and other defenses set

21  forth in Defendants' Answer, including, but not limited to:

22  (a)   all documents regarding Defendants purported justification for doing any and/or all of

23  the acts alleged in the Complaint;

24  (b)   all documents regarding the proximate cause of any loss allegedly suffered by Lead

25  Plaintiff or members of the Class, including the individuals or entities that proximately caused any

26  damages allegedly suffered by Lead Plaintiff or members of the Class;

27  (c)   all documents regarding any factual historical basis for any of Defendants' alleged

28  false or misleading statements;

1   (d)   all documents regarding any good faith defenses; and

2   (e)   all documents regarding statements made to Lead Plaintiff or members of the Class

3   regarding the material facts concerning their investments.

4   REQUEST FOR PRODUCTION NO. 51:

5   All documents received from any third-party subpoenaed in this Action and all

6   communications with any such third-party concerning the Action or any subpoena issued in this

7   Action.

8   REQUEST FOR PRODUCTION NO. 52:

9   To the extent not captured by the above requests, all documents or communications you

10   know to be relevant to the action.  This request is made without regard to the Relevant Period.

11   DATED:   December 19, 2022   ROBBINS GELLER RUDMAN
                                    & DOWD LLP
12                                 DOUGLAS R. BRITTON
                                    LUCAS F. OLTS
13                                 RAPHAELLA FRIEDMAN
                                    MEGAN A. ROSSI

14

15                                           s/ MEGAN A. ROSSI
16                                          MEGAN A. ROSSI

17                                 655 West Broadway, Suite 1900
                                    San Diego, CA  92101
18                                 Telephone:  619/231-1058
                                    619/231-7423 (fax)
19                                 dougb@rgrdlaw.com
                                    lolts@rgrdlaw.com
20                                 rfriedman@rgrdlaw.com
                                    mrossi@rgrdlaw.com
21
                                    ROBBINS GELLER RUDMAN
22                                   & DOWD LLP
                                    SHAWN A. WILLIAMS
23                                 Post Montgomery Center
                                    One Montgomery Street, Suite 1800
24                                 San Francisco, CA  94104
                                    Telephone:  415/288-4545
25                                 415/288-4534 (fax)
                                    shawnw@rgrdlaw.com
26
                                    Lead Counsel for Lead Plaintiff
27

28

## DECLARATION OF SERVICE BY EMAIL

I, Ben Engfelt, not a party to the within action, hereby declare that on December 19, 2022, I

served the attached LEAD PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO

DEFENDANTS on the parties in the within action by email addressed as follows:

**COUNSEL FOR PLAINTIFFS**:

| NAME | FIRM | EMAIL |
|------|------|-------|
| Doug Britton<br>Luke Olts<br>Megan Rossi<br>Raffi Friedman | ROBBINS GELLER RUDMAN<br> & DOWD LLP<br>655 West Broadway,<br>Suite 1900<br>San Diego, CA  92101 Telephone:<br>619/231-1058 | dougb@rgrdlaw.com<br>lolts@rgrdlaw.com<br>mrossi@rgrdlaw.com<br>rfriedman@rgrdlaw.com |
| Shawn Williams | ROBBINS GELLER RUDMAN<br> & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street<br>Suite 1800<br>San Francisco, CA 94104<br>Telephone: 415/288-4545 | shawnw@rgrdlaw.com |

**COUNSEL FOR DEFENDANTS**:

| NAME | FIRM | EMAIL |
|------|------|-------|
| Betty Chang Rowe<br>Gregory Lewis Watts | WILSON SONSINI GOODRICH<br>& ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: 650/493-9300 | browe@wsgr.com<br>gwatts@wsgr.com |
| David Jeremy Wiener | MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: 415/268-7000 | dwiener@mofo.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on December

19, 2022, at San Diego, California.

*Benjamin Engfelt*
_____
BEN ENGFELT

**TABLE 1: METADATA FIELDS[1]**

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001  (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003  (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001  (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008  (Unique ID Parent-Child Relationships) | The Document ID number associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD, or Hard Drive. |
| RECORDTYPE | Options: eMail, Attachment, Scanned Doc, eFile | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the email or calendar entry was sent. |
| SENTTIME | HH:MM | The time the email or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETING START DATE | MM/DD/YYYY | Start date of calendar entry. |
| MEETING START TIME | HH:MM | Start time of calendar entry. |
| MEETING END DATE | MM/DD/YYYY | End date of calendar entry. |
| MEETING END TIME | HH:MM | End time of calendar entry. |
| FILEPATH | i.e. /JsmithPC/Users/Jsmith/Desktop | The file path from the location in which the document was stored in the usual course of business.  This field should be populated for both email and e-files. |
| FILEPATH-DUP | i.e.  /JSmith.pst/Inbox<br>/Network Share/Accounting/…<br>/TJohnsonPC/Users/TJohnson/My Documents/... | The file paths from the locations in which the duplicate documents were stored in the usual course of business.  This field should be populated for both email and e-files and separated by semicolons. |
| AUTHOR | jsmith | The author of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and email address of the author of an email/calendar item. An email address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email address of the recipient(s) of an email/calendar item. An email address should always be provided for every email if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the copyee(s) of an email/calendar item.  An email address should always be provided for every email if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the blind copyee(s) of an email or calendar item. An email address should always be provided for every email if a blind copyee existed. |
| SUBJECT | | The subject line of the email/calendar item. |
| MESSAGE TYPE | Appointment, Contact, Task, Distribution List, Message, etc. | An indication of the email system message type. |
| IMPORTANCE | Normal, Low, High | Email Importance Flag |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| SOURCE | Computer, Mobile Phone, Email, Network Share, Database Name, etc. | The source from which the document was collected. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| IS EMBEDDED | Yes or No | The yes/no indicator of whether a file is embedded in another document. |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document.  The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together email threads. |
| REDACTED | Yes or Blank | If a document contains a redaction, this field will display 'Yes'. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in.  **NOTE:** This should be the time zone where the documents were located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC0000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document.  There should be a folder on the deliverable, containing a separate text file per document.  These text files should be named with their corresponding Bates numbers.  **Note:** Emails should include header information: author, recipient, cc, bcc, date, subject, etc.  If the attachment or e-file does not extract any text, then OCR for the document should be provided. |

[1] For ESI other than email and e-docs that do not conform to the metadata listed here, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

# EXHIBIT 2

CATHERINE E. MORENO, SBN 264517
DYLAN G. SAVAGE, SBN 310452
BETTY CHANG ROWE, SBN 214068
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100
Email: cmoreno@wsgr.com
        dsavage@wsgr.com
        browe@wsgr.com

GREGORY L. WATTS, SBN 197126
STEPHANIE L. JENSEN, *pro hac vice forthcoming*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile:  (206) 883-2699
Email: gwatts@wsgr.com
        sjensen@wsgr.com

*Attorneys for Defendants eHealth Inc.,*
*Scott N. Flanders, and Derek N. Yung*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE eHEALTH, INC. SECURITIES LITIGATION | CASE NO.:  4:20-cv-02395-JST |
| | **DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant Federal Rule of Civil Procedure ("Rule") 34, Defendants eHealth, Inc. ("eHealth" or the "Company"), Scott N. Flanders, Derek N. Yung, and David K. Francis (with eHealth, the "Defendants"), through their undersigned counsel, hereby submit these responses and objections to Lead Plaintiff's First Request for Production of Documents to Defendants (each a "Request," and collectively the "Requests").

## **GENERAL OBJECTIONS**

A.      The following general objections ("General Objections") are incorporated into the Objections to Definitions, Objections to Instructions, Objections to Production Format, Objections to Production of ESI, Objections to Relevant Time Period, and Specific Objections as if set forth fully therein.

B.      Defendants object to the Requests because discovery is stayed pursuant to the Private Securities Litigation Reform Act's ("PSLRA") automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

C.      Defendants object to the Requests to the extent that they impose any differing or additional obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of California, and other applicable law.

D.      Defendants object to all Definitions, Instructions, and Requests to the extent they seek the disclosure of information that is neither relevant to any party's claim or defense nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' resources, the importance of the discovery in resolving the disputed issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, in accordance with Rule 26(b)(1).

DEFENDANTS' RESPONSES AND OBJECTIONS
TO LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-1-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

E.      Defendants object to the Requests to the extent that they are vague or ambiguous, oppressive, overly broad, unduly burdensome, and subject Defendants to undue and unnecessary expense in responding to the demands contained therein.

F.      Defendants object to the Requests to the extent that they are unreasonably cumulative and duplicative.

G.      Defendants object to the Requests to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, constitutional, statutory, foreign and/or common law rights of privacy, or any other applicable privilege, immunity, protection, or doctrine ("Privileged Information").   Any inadvertent disclosure of Privileged Information is not intentional and should not be construed as a waiver of such privilege, immunity, protection, or doctrine.   Upon being notified of any inadvertent production of Privileged Information, Plaintiff shall promptly return or destroy the specified document or information (and any work product generated therefrom), and any copies thereof, and may not use or disclose the information contained therein in any way.

H.      Defendants object to the Requests to the extent that they seek private, personal, or other information protected by law.

I.      Defendants object to the Requests to the extent that they purport to require the production of documents in violation of a legal or contractual obligation of nondisclosure or are otherwise prohibited by law.

J.      Defendants object to the Requests to the extent that they seek trade secrets information or non-public, commercially sensitive research, development, technology, planning, financial, business and/or proprietary information of Defendants or any other person or entity.

K.      The failure of Defendants to object to any specific request on any particular ground shall not be construed as a waiver of their right to object on any additional grounds.   The fact that Defendants have answered all or part of any request shall not be construed as a waiver of any part of any objection to any request.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-2-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

L.     Defendants' responses are based upon information presently available to and located by Defendants and their attorneys.  Defendants reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein at any time.  Defendants expressly reserve the right to rely in this action on subsequently discovered information.

M.     No incidental or implied admissions are intended by the responses herein.  The fact that Defendants have answered or objected to any request should not be taken as an admission that (a) Defendants accept or admit the existence of any "facts" or documents set forth or assumed by such request; (b) any particular fact, document, or thing exists, is relevant, is non-privileged, or is admissible in evidence; or (c) any statement or characterization in a request is accurate or complete.

N.     In providing these responses to the Requests, Defendants do not waive but rather hereby reserve the right to assert any and all objections to the admissibility into evidence, at any hearing or at trial in this action or in any other proceeding, of any document produced or referred to in response to the Requests on any and all grounds.

O.     Defendants object to the use of their responses to the Requests in any proceeding other than the above-captioned action.

## OBJECTIONS TO SECTION I -- DEFINITIONS

P.     The following objections to definitions ("Objections to Definitions") are incorporated into the General Objections, Objections to Instructions, Objections to Production Format, Objections to Production of ESI, Objections to Relevant Time Period, and Specific Objections as if set forth fully therein.

Q.     Defendants object to the definition of "eHealth" or the "Company" to the extent that it includes "subsidiaries," "affiliates (foreign and domestic)," and "former officers, directors, employees, agents, directors, and all other persons acting or purporting to act on its behalf" on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome, and to the extent that it seeks information outside the possession, custody, or control of Defendants.  To the extent the Company produces documents, it will only produce documents within its possession, custody,

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-3-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

or control.  The Company does not intend to collect documents from former officers, directors, employees, agents, or other third parties.

R.     Defendants object to the definition of "Communication" or "communications" on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, particularly to the extent that it encompasses the "exchange of information (in the form of facts, ideas, inquiries, or otherwise)," and oral exchanges or transmissions of information that were not memorialized in a tangible form.

S.     Defendants object to the definition of "Document" to the extent the examples included exceed the definition of "document" contained in Rule 34, including the term "Communication," which is defined to include oral communications not memorialized in a tangible form.

T.     Defendants object to the definitions of "EY" and "Ernst & Young" to the extent that it includes "all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants, and all other persons acting or purporting to act on its behalf" on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome.

U.     Defendants object to the definitions of "Medicare segment," "GoMedigap," and "LTV" on the grounds that they are unduly broad and poorly tailored to the extent that they purport to encompass most or all of the Company's operations.

## OBJECTIONS TO SECTION II -- INSTRUCTIONS

V.     The following objections to instructions ("Objections to Instructions") are incorporated into the General Objections, Objections to Definitions, Objections to Production Format, Objections to Production of ESI, Objections to Relevant Time Period, and Specific Objections as if set forth fully therein.

W.     Defendants object to Plaintiff's instruction number 1 to the extent it purports to require the production of Privileged Information or materials out of proportion to the needs of the case.  Defendants further object to instruction number 1 to the extent it requires production that would be unduly burdensome to any or all Defendants.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-4-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1      X.      Defendants object to Plaintiff's instruction number 2 to the extent it purports to

2 impose a duty as to any Document that is not relevant to any party's claim or defense, not

3 proportional to the needs of the case, or without the possession, custody, or control of any

4 Defendant.  Defendants further object to Plaintiff's instruction number 2 because it purports to

5 impose a duty that exceeds Defendants' obligations under the Federal Rules of Civil Procedure,

6 Local Civil Rules, and other applicable law.  If Defendants are unable to produce a document due

7 to undue burden or expense, Defendants will object on that ground and will make the showing

8 required in Rule 26(b)(2)(B), if necessary, to oppose a motion to compel discovery.

9      Y.      Defendants object to Plaintiff's instruction number 5 on the ground that it exceeds

10 Defendants' obligations under Rule 26(b)(5)(A)(ii).

11      Z.      Defendants object to Plaintiff's instructions in section IV numbers 1-12 to the

12 extent that they purport to specify required metadata fields before the parties have agreed upon an

13 ESI protocol.

## OBJECTIONS TO SECTION III -- PRODUCTION OF HARD COPY DOCUMENTS - FORMAT

16      AA.      The following objections to production of hard copy documents – format

17 ("Objections to Production Format") are incorporated into the General Objections, Objections to

18 Definitions, Objections to Instructions, Objections to Production of ESI, Objections to Relevant

19 Time Period, and Specific Objections as if set forth fully therein.

20      BB.      Defendants object to Plaintiff's Section III -- Production of Hard Copy Documents

21 – Format in full.  The parties will separately negotiate a Stipulated [Proposed] Protective Order

22 and Stipulated [Proposed] Order re: Discovery of Electronically Stored Information.  Any

23 production will only be made after the entry of such orders and in accordance with such orders.

## OBJECTIONS TO SECTION IV -- PRODUCTION OF ESI

25      CC.      The following objections to production of ESI ("Objections to Production of ESI")

26 are incorporated into the General Objections, Objections to Definitions, Objections to Instructions,

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-5-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1   Objections to Production Format, Objections to Relevant Time Period, and Specific Objections as

2   if set forth fully therein.

3       DD.     Defendants object to Plaintiff's Section IV -- Production of ESI in full.  The parties

4   will separately negotiate a Stipulated [Proposed] Protective Order and Stipulated [Proposed] Order

5   re: Discovery of Electronically Stored Information.  Any production will only be made after the

6   entry of such orders and in accordance with such orders.

7                **OBJECTIONS TO SECTION V -- RELEVANT TIME PERIOD**

8       EE.     The following objections to relevant time period ("Objections to Relevant Time

9   Period") are incorporated into the General Objections, Objections to Definitions, Objections to

10  Instructions, Objections to Production Format, Objections to Production of ESI, and Specific

11  Objections as if set forth fully therein.

12      FF.     Defendants object to the relevant time period on the ground that it is overbroad

13  including "documents and information that relate to such period even if prepared or published

14  outside of the Relevant Period" and therefore would call for the production of documents neither

15  relevant to any party's claim or defense nor proportional to the needs of the case.  Unless indicated

16  otherwise with respect to specific requests, Defendants will produce responsive documents dated

17  within the period January 1, 2018 to July 23, 2020, inclusive (the "Relevant Time Period").

18              **SPECIFIC OBJECTIONS AND RESPONSES**

19      The following objections and responses to specific documents requested ("Specific

20  Objections") hereby incorporate by reference the aforementioned General Objections, Objections

21  to Definitions, Objections to Instructions, Objections to Production Format, Objections to

22  Production of ESI, and Objections to Relevant Time Period into each response to each specific

23  request for production (each a "Request," and collectively the "Requests") below as if they were

24  fully set forth therein.  Subject to the foregoing, Defendants respond to each individual Request as

25  follows:

26

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO          -6-
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                                    **WILSON SONSINI GOODRICH & ROSATI**
                                                             650 Page Mill Road
                                                             Palo Alto, CA 94304
                                                             Tel: (650) 493-9300
                                                             Fax: (650) 565-5100

**REQUEST FOR PRODUCTION NO. 1:**

eHealth's document retention policies in effect during the Relevant Period and all documents concerning any potential or actual violation of those policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overbroad and unduly burdensome, particularly with regard to the phrase "all documents concerning[.]" Defendants further object to this Request as vague and ambiguous, particularly with regard to its reference to "retention policies."

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce eHealth's document retention policies in effect during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 2:**

Directories, organizational charts, or other documents sufficient to identify eHealth's: (a) organizational structure, officers, and employees during the Relevant Period; (b) accounting structure, including external accountant services; (c) insurance company partnerships; and (d) retained legal counsel, both internal and external, during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants further object to this Request as overbroad, particularly with regard to the inclusion of the phrases "or other documents[,]" "including external accountant services[,]" "insurance company partnerships[,]" and "retained legal counsel, both internal and external[.]"

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-7-

**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1       Subject to and without waiving the foregoing objections, if and/or when the statutory

2 discovery stay is lifted, Defendants agree to produce documents sufficient to describe the

3 Company's organizational structure during the Relevant Time Period.

4 **REQUEST FOR PRODUCTION NO. 3:**

5       All documents, presentations, memoranda, and communications regarding eHealth's

6 contracts with insurance companies for enrollment of potential or actual members, including

7 obligations before and after enrollment.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

9       Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

10 automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

11 any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

12 Motions for Judgment on the Pleadings, filed December 22, 2022.

13       Defendants further object to the Request as vague and overbroad, particularly with regard

14 to the inclusion of the terms "presentations" and "communications[,]" and the phrase "for

15 enrollment of potential or actual members, including obligations before and after enrollment."

16 Defendants further object to the Request to the extent it seeks documents or materials that are

17 subject to privacy and/or confidentiality restrictions.  Defendants further object to the Request to

18 the extent it seeks materials that do not concern post-enrollment operational costs in the context of

19 ASC 606 and is not narrowly tailored and proportional to the needs of the case.

20       Subject to and without waiving the foregoing objections, if and/or when the statutory

21 discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

22 the scope of this Request.

23 **REQUEST FOR PRODUCTION NO. 4:**

24       Calendars, date books, telephone logs, telephone bills (local, long distance, and cellular),

25 time sheets, expense reports, visitor logs, and/or appointment books reflecting eHealth-related

26 activities, maintained by each of the Individual Defendants, each current or former eHealth

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-8-

**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

employee or director to be identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures, or each current or former eHealth employee to be identified as a document custodian.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants further object to this Request as vague, overly broad, and unduly burdensome, particularly with regard to the phrases "reflecting eHealth-related activities" and "maintained by[.]" Defendants further object to the Request as unduly burdensome with regard to its request for "telephone logs, telephone bills (local, long distance, and cellular), time sheets, expense reports, [and] visitor logs[.]" Defendants object that the Request is neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to the Request's inclusion of former employees, and to the extent the Request seeks documents or information that are not within Defendants' possession, custody, or control; that are subject to privacy and/or confidentiality restrictions; or that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify all personal and business phone numbers (including all cell phones), email addresses, Twitter accounts, Slack accounts, or accounts on other electronic messaging services (including, but not limited to, Signal, Telegram, WeChat, iMessage, and Duo) for each of the Individual Defendants, each current or former eHealth employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures, or each current or former eHealth employee to be identified as a document custodian.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                    -9-                    WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2       Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

3   automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

4   any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

5   Motions for Judgment on the Pleadings, filed December 22, 2022.

6       Defendants object to this Request as overly broad and unduly burdensome.  Defendants

7   object that the Request is neither relevant to any party's claim or defense nor proportional to the

8   needs of the case.  Defendants further object to the Request because it seeks information for current

9   or former eHealth employees identified by Plaintiff, an identification for which Defendants may

10  object.  Defendants further object to the Request because it seeks personal information from

11  individuals who are not defendants.  Defendants further object to the Request's inclusion of former

12  employees, and to the extent the Request seeks documents or information not within Defendants'

13  possession, custody, or control, or that are subject to privacy and/or confidentiality provisions.

14  Defendants further object to the Request to the extent it seeks materials that do not concern post-

15  enrollment operational costs in the context of ASC 606 and is more akin to an interrogatory not a

16  document request.

17      Subject to and without waiving the foregoing objections, if and/or when the statutory

18  discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

19  the scope of this Request.

20  **REQUEST FOR PRODUCTION NO. 6:**

21      A current résumé or curriculum vitae for each of the Individual Defendants and each

22  current or former eHealth employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1)

23  disclosures.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

25      Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

26  automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST
                                    -10-
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1    any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

2    Motions for Judgment on the Pleadings, filed December 22, 2022.

3         Defendants object to this Request as overly broad and neither relevant to any party's claim

4    or defense nor proportional to the needs of the case.  Defendants further object to the Request

5    because it seeks information for current or former eHealth employees identified by Plaintiff, an

6    identification for which Defendants may object.  Defendants further object to the Request's

7    inclusion of former employees, and to the extent the Request seeks documents or information not

8    within Defendants' possession, custody, or control; that are subject to privacy and/or

9    confidentiality provisions; and that do not concern post-enrollment operational costs in the context

10   of ASC 606.

11        Subject to and without waiving the foregoing objections, if and/or when the statutory

12   discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

13   the scope of this Request.

14   **REQUEST FOR PRODUCTION NO. 7:**

15        All documents regarding any Internet postings by or on behalf of any Individual Defendant

16   concerning eHealth, including documents sufficient to identify any aliases or screen names used

17   by or on behalf of any of the Individual Defendants.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

19        Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

20   automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

21   any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

22   Motions for Judgment on the Pleadings, filed December 22, 2022.

23        Defendants object to this Request as overly broad, unduly burdensome, and neither relevant

24   to any party's claim or defense nor proportional to the needs of the case, particularly with regard

25   to the terms and phrases "[a]ll documents regarding any Internet postings," "by or on behalf of,"

26   "concerning," and "any aliases or screen names[.]"  Defendants further object to the extent the

27   Request seeks documents or information not within Defendants' possession, custody, or control;

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST
-11-
**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1    that are subject to privacy and/or confidentiality provisions; that are publicly available; or that do

2    not concern post-enrollment operational costs in the context of ASC 606.

3            Subject to and without waiving the foregoing objections, if and/or when the statutory

4    discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

5    the scope of this Request.

6    **REQUEST FOR PRODUCTION NO. 8:**

7            All documents identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

9            Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

10   automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

11   any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

12   Motions for Judgment on the Pleadings, filed December 22, 2022.

13           Subject to and without waiving the foregoing objections, if and/or when the statutory

14   discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

15   the scope of this Request.

16   **REQUEST FOR PRODUCTION NO. 9:**

17           All documents concerning any eHealth board of directors meeting (whether formal or

18   informal and including committee meetings of the boards of directors), and any committee or sub-

19   committee thereof (e.g., Audit Committee, Disclosure Committee, Compensation Committee,

20   etc.), including board packages, financial closing packages, meeting minutes, exhibits, agendas

21   memoranda, resolutions, whether adopted or discussed, notes, reports, and presentations, as well

22   as all documents and communications concerning any action of the eHealth board of directors by

23   written consent relating to eHealth's financial performance, use of ASC 606, operational costs,

24   member churn, sales commission and incentives structure, Direct Response Television

25   Advertising, eHealth's business or relationship with insurance carriers, enrollment and retention

26   of actual or potential members, costs related to enrollment and retention of actual or potential

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                        -12-                    **WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

members, and commissions or accounts receivables relating to enrollment and retention of actual or potential members with insurance carriers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents concerning[,]" "informal[,]" "board packages," "financial closing packages," "whether adopted or discussed, notes, reports, and presentations[,]" "concerning any action[,]" and "relating to[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce, meeting minutes and formal presentations to eHealth's Board of Directors, Audit Committee, and/or Disclosure Committee during the Relevant Time Period to the extent they contain documents or information concerning post-enrollment operational costs in the context of ASC 606.  Defendants also agree to meet and confer with Plaintiff, once the discovery stay is no longer in effect, to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents sent to or received from any of eHealth's directors concerning eHealth's financial performance, budget, or finances, the board of directors' performance or any eHealth executive's performance, eHealth's stock price, ASC 606, the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses, or eHealth's investors concerning any of these issues.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                                    -13-                    **WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents . . . concerning[,]" "financial performance," "finances," and the "performance" of directors or executives. Defendants further object to the Request as overly broad with regard to the terms "ASC 606, the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses, or eHealth's investors[.]" Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents provided to eHealth's Board of Directors during the Relevant Time Period to the extent they contain documents or information concerning post-enrollment operational costs in the context of ASC 606. Defendants also agree to meet and confer with Plaintiff, once the discovery stay is no longer in effect, to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning meetings of any disclosure group or committee, including agendas, minutes, notes, reports, and presentations concerning eHealth's financial performance, budget, or finances, eHealth's stock price, ASC 606, the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses.

Defendants' Responses and Objections to
Lead Plaintiff's RFPs
Case No. 4:20-cv-02395-JST

-14-

Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents concerning[,]" "meetings of any disclosure group or committee," "notes, reports, and presentations," "financial performance," "finances," and the "performance" of directors or executives.  Defendants further object to the Request as overly broad, particularly with regard to the terms "ASC 606, the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses."  Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce disclosure committee materials during the Relevant Time Period to the extent they contain documents or information concerning post-enrollment operational costs in the context of ASC 606.  Defendants also agree to meet and confer with Plaintiff, once the discovery stay is no longer in effect, to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning meetings with Medicare segment sales representatives, managers, and directors, including agendas, minutes, notes, reports, and presentations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-15-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1   any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

2   Motions for Judgment on the Pleadings, filed December 22, 2022.

3        Defendants object to this Request as vague, overly broad, unduly burdensome, and neither

4   relevant to any party's claim or defense nor proportional to the needs of the case, particularly with

5   regard to the terms and phrases "[a]ll documents concerning[,]" "meetings[,]" and "notes, reports,

6   and presentations." Defendants further object to this Request as overly broad as the meetings are

7   not limited as to subject, and to the extent it seeks materials that do not concern post-enrollment

8   operational costs in the context of ASC 606.

9        Subject to and without waiving the foregoing objections, if and/or when the statutory

10   discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

11   the scope of this Request.

12   **REQUEST FOR PRODUCTION NO. 13:**

13        All documents concerning meetings about applying ASC 606 to eHealth's business,

14   including agendas, minutes, notes, reports, and presentations.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

16        Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

17   automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

18   any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

19   Motions for Judgment on the Pleadings, filed December 22, 2022.

20        Defendants object to this Request as vague, overly broad, unduly burdensome, and neither

21   relevant to any party's claim or defense nor proportional to the needs of the case, particularly with

22   regard to the terms and phrases "[a]ll documents concerning[,]" and "notes, reports, and

23   presentations." Defendants further object to the Request as overly broad as it includes all

24   documents concerning meetings about "applying ASC 606 to eHealth's business," and is not

25   limited to meetings in which post-enrollment operational costs in the context of ASC 606 were

26   discussed. Defendants further object to this Request as overly broad as the participants in the

27   meetings are not limited in any way, and to the extent it seeks Privileged Information.

28

    -16-

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce responsive documents during the Relevant Time Period to the extent they contain documents or information concerning post-enrollment operational costs in the context of ASC 606. Defendants also agree to meet and confer with Plaintiff, once the discovery stay is no longer in effect, to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents to, from, or concerning eHealth's independent auditor Ernst & Young regarding ASC 606 and the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses, including, but not limited to Ernst & Young's quarterly reviews, annual audits, audit documentation, or other consulting services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents to, from, or concerning[,]" and "other consulting services." Defendants further object to the Request as overly broad, particularly with regard to the phrase "ASC 606 and the Company's commission receivables, revenues, cost of revenues, marketing and advertising expenses, and customer care and enrollment expenses[.]" Defendants object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-17-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning eHealth's proposed, draft, or final budgets, or financial plans, including any quarterly or annual budget or financial plan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents concerning[,]" "draft," "financial plans," and "financial plan." Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce eHealth's final annual budgets for 2018, 2019, and 2020, and to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show eHealth's quarterly and annual gross revenues and operating income directly or indirectly related to its Medicare segment, including documents sufficient to show the percentage of eHealth's total gross revenues and operating income attributable to its Medicare segment, and analyses regarding the impact, if any, of direct-to-consumer television campaigns, customer retention efforts, GoMedigap services, and other relevant operating costs.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-18-

**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents sufficient to show the Company's quarterly and annual operating income and expenses for its Medicare segment, including expenses related to customer retention efforts, and to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents regarding the adoption and implementation of ASC 606, including all assumptions underlying revenue recognition and LTV calculations, as well as subsequent evaluations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents regarding[,]" "adoption and implementation of ASC 606," "assumptions[,]" and "subsequent evaluations."  Defendants further object to the Request to the

Defendants' Responses and Objections to
Lead Plaintiff's RFPs
Case No. 4:20-cv-02395-JST

-19-

**Wilson Sonsini Goodrich & Rosati**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1   extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-

2   enrollment operational costs in the context of ASC 606.

3         Subject to and without waiving the foregoing objections, if and/or when the statutory

4   discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

5   the scope of this Request.

6   **REQUEST FOR PRODUCTION NO. 18:**

7         All documents with third-party consultants regarding the adoption of and transition to ASC

8   606, the underlying revenue recognition assumptions and LTV calculations, its implementation,

9   and subsequent evaluations.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

11        Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

12  automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

13  any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

14  Motions for Judgment on the Pleadings, filed December 22, 2022.

15        Defendants object to this Request as vague, overly broad, unduly burdensome, and neither

16  relevant to any party's claim or defense nor proportional to the needs of the case, particularly with

17  regard to the phrases "[a]ll documents . . . regarding[,]" "adoption and implementation of ASC

18  606," "assumptions[,]" "implementation," and "subsequent evaluations."   Defendants further

19  object to the Request to the extent that it seeks Privileged Information and materials that do not

20  concern post-enrollment operational costs in the context of ASC 606.

21        Subject to and without waiving the foregoing objections, if and/or when the statutory

22  discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

23  the scope of this Request.

24  **REQUEST FOR PRODUCTION NO. 19:**

25        All documents regarding eHealth's demographic analyses of member customers and

26  advertising strategies, including those prepared by third parties.

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                              -20-                    **WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents regarding[,]" "demographic analyses[,]" and "advertising strategies[.]"  Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents regarding commissions receivables, eHealth's application of ASC 606, including persistence assumptions and calculations, statistical tools and methodologies to estimate member attrition, and "tail" revenue assumptions and calculations, and applicable forecasts, budgets, projections, and variances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents regarding[,]" "persistence assumptions and calculations," statistical tools and methodologies[,]" "'tail' revenue assumptions and calculations, and applicable

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-21-

**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

forecasts, budgets, projects, and variances." Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents regarding post-enrollment operational costs in the context of ASC 606, and to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents regarding: (a) costs of revenues; (b) costs to limit turnover and churn, maintain and retain customers, and prevent cancellations of customers; and (c) customer care and enrollment costs, including actual costs and applicable forecasts, budgets, projections, and variances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents regarding post-enrollment operational costs, including the costs related to customer retention, and to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                    -22-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1    **REQUEST FOR PRODUCTION NO. 22:**

2         All documents regarding eHealth's "Book of Business" and other documents from

3    insurance carriers provided to eHealth, including data pertaining to new members, existing

4    members, and policy cancellations.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

6         Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

7    automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

8    any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

9    Motions for Judgment on the Pleadings, filed December 22, 2022.

10        Defendants object to this Request as vague, overly broad, unduly burdensome, and neither

11   relevant to any party's claim or defense nor proportional to the needs of the case, particularly with

12   regard to the phrases "[a]ll documents regarding[,]" and "eHealth's 'Book of Business[.]'"

13   Defendants further object to the Request to the extent it seeks materials that do not concern post-

14   enrollment operational costs in the context of ASC 606.

15        Subject to and without waiving the foregoing objections, if and/or when the statutory

16   discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

17   the scope of this Request.

18   **REQUEST FOR PRODUCTION NO. 23:**

19        All documents regarding commissions and bonuses paid to Medicare segment sales

20   representatives, including eHealth's commission and bonus plans and structures, and all

21   documents pertaining to eHealth's systems monitoring to assess performance of sales

22   representatives and call centers.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

24        Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

25   automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

26   any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

27   Motions for Judgment on the Pleadings, filed December 22, 2022.

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                                   -23-                    **WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1    Defendants object to this Request as vague, overly broad, unduly burdensome, and neither

2    relevant to any party's claim or defense nor proportional to the needs of the case, particularly with

3    regard to the phrases "[a]ll documents regarding[,]" and "eHealth's systems monitoring to assess

4    performance of sales representatives and call centers."  Defendants further object to the Request

5    to the extent it seeks documents or materials that are subject to privacy and/or confidentiality

6    restrictions.  Defendants further object to the Request because it seeks materials that do not concern

7    post-enrollment operational costs in the context of ASC 606.

8    Subject to and without waiving the foregoing objections, if and/or when the statutory

9    discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

10    the scope of this Request.

11    **REQUEST FOR PRODUCTION NO. 24:**

12    All documents concerning the acquisition of GoMedigap, including the purchase

13    agreement and contracts.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15    Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

16    automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

17    any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

18    Motions for Judgment on the Pleadings, filed December 22, 2022.

19    Defendants object to this Request as vague, overly broad, unduly burdensome, and neither

20    relevant to any party's claim or defense nor proportional to the needs of the case, particularly with

21    regard to the phrase "[a]ll documents concerning[.]"  Defendants further object to the Request to

22    the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern

23    post-enrollment operational costs in the context of ASC 606.

24    Subject to and without waiving the foregoing objections, Defendants will not produce

25    documents responsive to this Request.

26

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                    -24-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning the integration of and services provided by GoMedigap.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrase "[a]ll documents concerning[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, and to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents concerning eHealth's marketing initiatives, including Direct Response Television Advertising, the quality of customers obtained through its marketing initiatives, and associated metrics and revenue impacts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents concerning[,]" "quality of customers obtained[,]" and

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-25-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

"associated metrics and revenue impacts." Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning drafts of eHealth's Forms 10-K, 10-Q, and 8-K, quarterly and annual earnings press releases, meeting minutes, reports, memoranda, analyses, or notes concerning such filings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, and unduly burdensome, particularly with regard to the phrases "[a]ll documents concerning[,]" and "analyses, or notes concerning such filings." Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning communications with, requests by, or actions of any federal or state governmental or regulatory agency or entity, including the United States Securities and Exchange Commission, the Financial Industry Regulatory Authority, or the New York Stock Exchange, concerning eHealth's public statements or transactions in eHealth securities.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-26-

**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents concerning[,]" "communications with, requests by, or actions of[.]" Defendants further object to the Request to the extent it seeks documents or materials that are not within Defendants' possession, custody, or control; are publicly available; or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants will meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Draft and final versions of all press releases issued by or on behalf of eHealth.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overly broad and unduly burdensome, particularly with regard to the phrase "all press releases[.]" Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                                    -27-                    WILSON SONSINI GOODRICH & ROSATI
                                                                                     650 Page Mill Road
                                                                                     Palo Alto, CA 94304
                                                                                     Tel: (650) 493-9300
                                                                                     Fax: (650) 565-5100

1    Subject to and without waiving the foregoing objections, if and/or when the statutory

2  discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

3  the scope of this Request.

4  **REQUEST FOR PRODUCTION NO. 30:**

5    All documents concerning compliance with or violations of any media, social media,

6  insider trading, code of business conduct and ethics, and corporate disclosure policies or

7  procedures in place at eHealth, including copies of the underlying policies or procedures.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

9    Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

10  automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

11  any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

12  Motions for Judgment on the Pleadings, filed December 22, 2022.

13    Defendants object to this Request as vague, overly broad, unduly burdensome, and neither

14  relevant to any party's claim or defense nor proportional to the needs of the case, particularly with

15  regard to the terms and phrases "[a]ll documents[,]" "compliance[,]" and "violations[.]"

16  Defendants further object to the Request to the extent it seeks Privileged Information, or materials

17  that do not concern post-enrollment operational costs in the context of ASC 606.

18    Subject to and without waiving the foregoing objections, if and/or when the statutory

19  discovery stay is lifted, Defendants will meet and confer with Plaintiff to clarify and narrow the

20  scope of this Request.

21  **REQUEST FOR PRODUCTION NO. 31:**

22    All documents concerning any policies or practices for sales representatives, managers, or

23  other employees that interacted with actual or potential customers or with insurance carriers

24  regarding member enrollment, retention, or churn, including those focused on Medicare segment

25  sales.

26

27

28

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 31:</u>**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents[,]" "practices for sales representatives…[,]" "that interacted with[,]" and "focused on[.]" Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**<u>REQUEST FOR PRODUCTION NO. 32:</u>**

All documents constituting any insurance policies, indemnification agreements, hold harmless agreements, director and officer policies, errors, and omissions policies, general liability policies or by-laws under which any defendant may claim coverage to satisfy part or all of any possible liabilities as a result of any of the claims asserted in this action.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 32:</u>**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague and overly broad as it seeks "[a]ll documents[.]" Defendants further object to the Request to the extent it requests documents or information that are publicly available.

1    Subject to and without waiving the foregoing objections, if and/or when the statutory

2    discovery stay is lifted, Defendants agree to produce the Company's indemnification agreements

3    with the Individual Defendants, the Company's charter and bylaws, and the Company's corporate

4    liability and director and officer liability insurance policies.

5    **REQUEST FOR PRODUCTION NO. 33:**

6    All documents concerning Individual Defendants' holdings and transactions in eHealth

7    stock, including all documents related to: (a) eHealth securities held; (b) transactions in eHealth

8    securities, including purchases, sales, donations, or use of eHealth securities as collateral; and (c)

9    any loans of eHealth stock or options, including, but not limited to, any prepaid variable forward

10   contract or sale lending agreement.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

12   Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

13   automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

14   any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

15   Motions for Judgment on the Pleadings, filed December 22, 2022.

16   Defendants object to this Request as vague and overly broad, particularly with regard to

17   the phrases "[a]ll documents" and "related to[.]"  Defendants further object to the Request to the

18   extent it seeks documents or materials that are subject to privacy and/or confidentiality restrictions.

19   Defendants further object to the Request to the extent it seeks documents or materials that are

20   publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

21   Subject to and without waiving the foregoing objections, if and/or when the statutory

22   discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

23   the scope of this Request.

24   **REQUEST FOR PRODUCTION NO. 34:**

25   All documents concerning the Individual Defendants' compensation from eHealth,

26   including all documents related to:

27   (a)    any severance package, termination agreement, or parachute payments;

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST
                                  -30-
                                          WILSON SONSINI GOODRICH & ROSATI
                                          650 Page Mill Road
                                          Palo Alto, CA 94304
                                          Tel: (650) 493-9300
                                          Fax: (650) 565-5100

(b)     payments made pursuant to §280G of the Internal Revenue Code, 26 U.S.C. §280G;

(c)     all bonuses and/or other compensation policies, terms, and agreements;

(d)     any performance reviews;

(e)     the benchmarking of salaries against peer groups;

(f)     performance-based and service-based long-term equity incentive awards, such as restricted stock units (RSUs) and non-monetary compensation and stock grants; and

(g)     all payments, loans, or taxable benefits received from eHealth.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague and overly broad, particularly with regard to the phrases "[a]ll documents" and "related to[.]"  Defendants further object to the Request to the extent it seeks documents or materials that are subject to privacy and/or confidentiality restrictions. Defendants further object to the Request to the extent it seeks documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning the resignation, termination, demotion, removal from office, or change in job title of any of your directors, officers, or executives that interacted with the Company's customers, insurance carriers, or had any responsibility concerning the Company's commissions or customer enrollment and retention, including the Individual Defendants, and the assumption of their duties by any other person along with the reasons therefor.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                    -31-                    **WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents[,]" "interacted with[,]" "executives," and "any responsibility concerning[.]"   Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are subject to privacy and/or confidentiality restrictions or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All documents concerning the resignation, termination, demotion, removal from office, or change in job title of any of your directors, officers, or executives that implemented, discussed, or raised issues with eHealth's application of ASC 606, or had any responsibility concerning the Company's application of ASC 606, including the Individual Defendants, and the assumption of their duties by any other person along with the reasons therefor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

regard to the phrases "[a]ll documents[,]" "any responsibility[,]" "executives," and "assumption of their duties[.]"   Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are subject to privacy and/or confidentiality restrictions, are publicly available, or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All documents regarding any Rule 10b5-1 trading plan by or behalf of any Individual Defendant or eHealth officer or employee identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague and overly broad, particularly with regard to the phrase "[a]ll documents[.]"  Defendants further object to the Request to the extent it seeks documents or materials that are subject to privacy and/or confidentiality restrictions.  Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are publicly available.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce all 10b5-1 trading plans implemented by the Individual Defendants.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-33-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**REQUEST FOR PRODUCTION NO. 38:**

Identification of the members of any committee concerning investor relations and their means of communication, including email addresses, email groups, Slack channels and their equivalents, office numbers, secretaries, and/or personal assistants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, particularly with regard to the phrase "any committee concerning investor relations[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606 and is more akin to an interrogatory than a document request.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to produce documents sufficient to show the members of any committee concerning investor relations, and to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All documents concerning any communications, press releases, conference calls, presentations, or meetings with any eHealth shareholders, securities analysts, financial analysts, individual or institutional investors, financial publications, news reporters, journalists, or investment bankers concerning eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct Response Television Advertising, including draft and final versions of all public conference call scripts or presentations and any draft questions and answers.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-34-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the terms and phrases "[a]ll documents[,]" "communications," "meetings[,]" "concerning[,]" and "any draft[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents concerning any coverage of eHealth by securities analysts or the news media concerning eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct Response Television Advertising, including any draft or final reports or articles sent to or received by you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents[,]" and "any coverage[.]"  Defendants further object to the

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-35-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1   Request to the extent it seeks documents or materials that are publicly available or do not concern

2   post-enrollment operational costs in the context of ASC 606.

3        Subject to and without waiving the foregoing objections, if and/or when the statutory

4   discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

5   the scope of this Request.

6   **REQUEST FOR PRODUCTION NO. 41:**

7        All communications with, and documents sent to or received from, any analyst or analyst

8   firm covering eHealth concerning eHealth's financial performance, use of ASC 606, operational

9   costs, member churn, sales commission and incentives structure, and Direct Response Television

10  Advertising.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

12       Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

13  automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

14  any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

15  Motions for Judgment on the Pleadings, filed December 22, 2022.

16       Defendants object to this Request as vague, overly broad, unduly burdensome, and neither

17  relevant to any party's claim or defense nor proportional to the needs of the case, particularly with

18  regard to the terms and phrase "[a]ll communications[,]" "concerning[,] and "covering[.]"

19  Defendants further object to the Request to the extent it seeks documents or materials that are

20  publicly available or do not concern post-enrollment operational costs in the context of ASC 606.

21       Subject to and without waiving the foregoing objections, if and/or when the statutory

22  discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

23  the scope of this Request.

24  **REQUEST FOR PRODUCTION NO. 42:**

25       All communications with, and documents sent to or received from, any investors in eHealth

26  common stock concerning eHealth's financial performance, use of ASC 606, operational costs,

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-36-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

member churn, sales commission and incentives structure, and Direct Response Television Advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrase "[a]ll communications[.]"  Defendants further object to the Request to the extent it seeks materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Transfer records or other documents identifying ownership of eHealth common stock.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrase "other documents[.]"  Defendants further object to the Request to the extent it seeks documents or materials that are not in Defendants' possession, custody, or control; are

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-37-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

subject to privacy and/or confidentiality restrictions, or do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning eHealth's share price, market capitalization, number of shareholders, volume of shares traded and/or the value of options, or any other eHealth security, including documents concerning price movements in eHealth common stock and the possible or actual factors or reasons that led to any change in the price of eHealth common stock during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly with regard to the phrases "[a]ll documents[,]" and "possible or actual factors or reasons[.]" Defendants further object to the Request to the extent it seeks Privileged Information, or documents or materials that are publicly available.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning Defendants' consideration of whether and/or when eHealth should disclose to investors any information about the ongoing operating expenses and costs in retaining new and existing customers.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-38-

**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, and unduly burdensome, particularly with regard to the phrases "[a]ll documents[,]" and "consideration[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All documents concerning the retention, engagement, and/or consultation with any public/investor relations, disclosure and/or legal advisors in connection with eHealth's public disclosures during the Relevant Period, including communications with or documents sent to or received from any such consultant or advisor concerning eHealth's financial performance, use of ASC 606, operational costs, member churn, sales commission and incentives structure, and Direct Response Television Advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, and unduly burdensome, particularly with regard to the phrases "[a]ll documents[,]" and "concerning[.]"  Defendants further

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-39-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1  object to the Request to the extent it seeks Privileged Information, or materials that do not concern

2  post-enrollment operational costs in the context of ASC 606.

3      Subject to and without waiving the foregoing objections, if and/or when the statutory

4  discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

5  the scope of this Request.

6  **REQUEST FOR PRODUCTION NO. 47:**

7      All documents concerning any statement made by any members of senior management to

8  the media, investors, analysts, or public relations firms concerning eHealth, eHealth's financial

9  performance, use of ASC 606, operational costs, member churn, sales commission and incentives

10  structure, and direct-to-consumer television marketing.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

12      Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

13  automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

14  any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

15  Motions for Judgment on the Pleadings, filed December 22, 2022.

16      Defendants object to this Request as vague, overly broad, unduly burdensome, particularly

17  with regard to the phrases "[a]ll documents[,]" and "any members of senior management[.]"

18  Defendants further object to the Request to the extent it seeks Privileged Information and to the

19  extent it seeks documents or materials that are publicly available or do not concern post-enrollment

20  operational costs in the context of ASC 606.

21      Subject to and without waiving the foregoing objections, if and/or when the statutory

22  discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

23  the scope of this Request.

24  **REQUEST FOR PRODUCTION NO. 48:**

25      All documents, agendas, presentations, memoranda, communications, responses, and draft

26  responses, concerning the Muddy Waters report.

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST                    -40-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, unduly burdensome, particularly with regard to the phrases "[a]ll documents[,]" "presentations," "communications," "draft responses," and "concerning[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All documents concerning eHealth's disclosure, as set forth in ¶¶62-67 of the Complaint, including all reasons for and the timing of the disclosure on July 23, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague and overly broad, particularly with regard to the terms and phrases "[a]ll documents[,]" "concerning[,]" and "all reasons for and the timing of[.]"  Defendants further object to the Request to the extent it seeks Privileged Information, or materials that do not concern post-enrollment operational costs in the context of ASC 606.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-41-

**WILSON SONSINI GOODRICH & ROSATI**
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1    Subject to and without waiving the foregoing objections, if and/or when the statutory

2 discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

3 the scope of this Request.

4 **REQUEST FOR PRODUCTION NO. 50:**

5    All documents supporting or relating to any of Defendants' affirmative and other defenses

6 set forth in Defendants' Answer, including, but not limited to:

7    (a)    all documents regarding Defendants purported justification for doing any and/or all

8 of the acts alleged in the Complaint;

9    (b)    all documents regarding the proximate cause of any loss allegedly suffered by Lead

10 Plaintiff or members of the Class, including the individuals or entities that proximately caused any

11 damages allegedly suffered by Lead Plaintiff or members of the Class;

12    (c)    all documents regarding any factual historical basis for any of Defendants' alleged

13 false or misleading statements;

14    (d)    all documents regarding any good faith defenses; and

15    (e)    all documents regarding statements made to Lead Plaintiff or members of the Class

16 regarding the material facts concerning their investments.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

18    Defendants object to the Request because discovery is stayed pursuant to the PLSRA's

19 automatic discovery stay, which operates as a blanket stay on discovery during the pendency of

20 any motion under Rule 12, and which is in full effect pending the resolution of Defendants'

21 Motions for Judgment on the Pleadings, filed December 22, 2022.

22    Subject to and without waiving the foregoing objections, if and/or when the statutory

23 discovery stay is lifted, to the extent Defendants intend to rely on documents not already subject

24 to production in response to Plaintiff's Requests, Defendants will produce those documents on a

25 rolling basis while preserving an objection to this request to the extent it requests Privileged

26 Information.

27

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-42-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

**REQUEST FOR PRODUCTION NO. 51:**

All documents received from any third-party subpoenaed in this Action and all communications with any such third-party concerning the Action or any subpoena issued in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as overly broad, particularly with regard to the phrase "all communications[.]"  Defendants further object to the Request to the extent it seeks documents or materials that are subject to privacy and/or confidentiality restrictions.

Subject to and without waiving the foregoing objections, if and/or when the statutory discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow the scope of this Request.

**REQUEST FOR PRODUCTION NO. 52:**

To the extent not captured by the above requests, all documents or communications you know to be relevant to the action. This request is made without regard to the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendants object to the Request because discovery is stayed pursuant to the PLSRA's automatic discovery stay, which operates as a blanket stay on discovery during the pendency of any motion under Rule 12, and which is in full effect pending the resolution of Defendants' Motions for Judgment on the Pleadings, filed December 22, 2022.

Defendants object to this Request as vague, overly broad, and unduly burdensome, particularly with regard to the phrase "all documents or communications you know to be relevant[.]" Defendants further object to the Request to the extent it seeks Privileged Information.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-cv-02395-JST

-43-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1       Subject to and without waiving the foregoing objections, if and/or when the statutory

2  discovery stay is lifted, Defendants agree to meet and confer with Plaintiff to clarify and narrow

3  the scope of this Request.

4  Dated:  January 18, 2023                    **WILSON SONSINI GOODRICH & ROSATI**
                                                Professional Corporation
5
                                                By:  /s/*Gregory L. Watts*
6                                                    Gregory L. Watts

7                                               GREGORY L. WATTS, SBN 197126
                                                STEPHANIE L. JENSEN, *pro hac vice forthcoming*
8                                               701 Fifth Avenue, Suite 5100
                                                Seattle, WA 98104-7036
9                                               Telephone:     (206) 883-2500
10                                              Facsimile:     (206) 883-2699
                                                Email:         gwatts@wsgr.com
11                                                             sjensen@wsgr.com

12                                              CATHERINE E. MORENO, SBN 264517
13                                              BETTY CHANG ROWE, SBN 214068
                                                DYLAN G. SAVAGE, SBN 310452
14                                              650 Page Mill Road
                                                Palo Alto, CA 94304-1050
15                                              Telephone:     (650) 493-9300
16                                              Facsimile:     (650) 565-5100
                                                Email:         cmoreno@wsgr.com
17                                                             browe@wsgr.com
                                                               dsavage@wsgr.com
18
19                                              *Attorneys for Defendants eHealth, Inc., Scott N.*
                                                *Flanders and Derek N. Yung*
20
                                                **MORRISON AND FOERSTER LLP**
21
                                                By:  /s/*David J. Wiener*
22                                                   David J. Wiener

23                                              ANNA ERICKSON WHITE
24                                              DAVID J. WIENER
                                                425 Market Street
25                                              San Francisco, CA 94105-2482
                                                Telephone:     (415) 268-7000
26                                              Facsimile:     (415) 268-7522
                                                Email:         awhite@mofo.com
27                                                             dwiener@mofo.com

28                                              *Attorneys for Defendant David K. Francis*

## **CIVIL L.R. 5-1(h)(3) ATTESTATION**

In compliance with Civil Local Rule 5-1(h)(3), I, Gregory L. Watts, hereby attest that David Wiener has concurred in the serving of these Responses and Objections to Lead Plaintiff's Requests for Production of Documents.

DEFENDANTS' RESPONSES AND OBJECTIONS TO
LEAD PLAINTIFF'S RFPS
CASE NO. 4:20-CV-02395-JST

-45-

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Fax: (650) 565-5100

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on January 18, 2022, I caused a copy of the foregoing Defendants'

3   Responses and Objections to Lead Plaintiff's Requests for Production of Documents to be served

4   upon the following, by electronic mail, pursuant to the parties' mutual agreement to accept service

5   via email in accordance with Fed. R. Civ. P. 5(b)(2)(F).

6   Shawn A. Williams                          David J. Wiener
    Robbins Geller Rudman & Dowd LLP           Judson Earle Lobdell
7   Post Montgomery Center                     Anna E. White
    One Montgomery Street, Suite 1800          Morrison Foerster LLP
8   San Francisco, CA 94104                    425 Market Street
    Email: shawnw@rgrdlaw.com                  San Francisco, CA 94105
9                                              Email: dwiener@mofo.com
10  Michael Albert                                    jlobdell@mofo.com
    Douglas R. Britton                                awhite@mofo.com
11  Jennifer N. Caringal
    Danielle S. Myers                          *Counsel for Defendant David K. Francis*
12  Lucas F. Olts
    Raphaella Friedman
13  Megan A. Rossi
    Robbins Geller Rudman & Dowd LLP
14  655 West Broadway, Suite 1900
    San Diego, CA 92101
15  Email: malbert@rgrdlaw.com
            dougb@rgrdlaw.com
16          jcaringal@rgrdlaw.com
            dmyers@rgrdlaw.com
17          lolts@rgrdlaw.com
            rfriedman@rgrdlaw.com
18          mrossi@rgrdlaw.com
19
20  *Counsel for Chicago & Vicinity Laborers'*
    *District Council Pension Fund*
21
22      I declare under penalty of perjury that the foregoing is true and correct.  Executed at Seattle,

23  Washington on January 18, 2022.

24                                             s/ *Stephanie L. Jensen*
                                               Stephanie L. Jensen, *Pro Hac Vice Forthcoming*
25                                             **WILSON SONSINI GOODRICH & ROSATI, P.C.**
                                               701 Fifth Avenue, Suite 5100
26                                             Seattle, WA  98104-7036
                                               Telephone: (206) 883-2500
27                                             Email:  sjensen@wsgr.com

28

# EXHIBIT 3

## Ben Engfelt

| | |
|---|---|
| **From:** | Jensen, Stephanie <sjensen@wsgr.com> |
| **Sent:** | Monday, January 30, 2023 7:57 PM |
| **To:** | Luke Olts; Megan Rossi; Doug Britton; Raffi Friedman |
| **Cc:** | Watts, Gregory; Rowe, Betty; Jensen, Stephanie; Peterson, John; DWiener@mofo.com |
| **Subject:** | RE: In re eHealth Securities Litigation, Case No. 4:20-cv-02395-JST1/12 |

EXTERNAL SENDER
Counsel,

As explained in our January 18, 2022 responses and objections to your client's requests for production ("RFPs"), discovery in this matter was automatically stayed pursuant to the Private Securities Litigation Reform Act ("PSLRA") on December 22, 2022, when Defendants filed their Rule 12(c) Motions for Judgment on the Pleadings, and it remains stayed pending resolution of these Motions.  *See* 15 U.S.C. § 78u-4(b)(3)(B) ("all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss"); *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) ("'no discovery may proceed until the court has sustained the legal sufficiency of a complaint'") (quoting *SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. Of Cal.*, 189 F.3d 909, 912-13 (9th Cir. 1999)); *id.* at 968 n.11 (citing *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (a motion for judgment on the pleadings is the functional equivalent of a motion to dismiss)); *Gardner v. Major Automotive Companies*, WL 1230135*3 (E.D.N.Y. 2012) ("a Rule 12(c) motion is a 'motion to dismiss' within the meaning of the PSLRA automatic stay provision, and [ ] therefore the stay is triggered by defendants' Rule 12(c) motion.").

In the interest of ensuring the PSLRA's automatic stay is no broader than necessary, Defendants served their responses and objections to the RFPs so that, if the case is not resolved by the Rule 12(c) Motions, the parties may immediately move forward in meeting and conferring, where necessary, regarding the scope of the RFPs.  However, as the draft Electronic Discovery Agreement proposed by Plaintiff includes deadlines (prior to the resolution of the Rule 12 Motions) by which the parties will have met and conferred regarding the scope of discovery, including custodians, custodial and non-custodial sources, date ranges, file types, or any additional proposed methods to cull documents such as search terms, etc., the PSLRA's automatic discovery stay precludes the parties from negotiating and entering this proposed agreement.

As you know, Defendants' Rule 12(c) Motions will be fully briefed as of February 9, 2023.  Putting aside the strong statutory and case law supporting the automatic application of the PSLRA's discovery stay pending resolution of the Rule 12(c) Motions, it makes little sense to trouble the Court with a motion to compel or motion to lift the stay that is unlikely to be decided before the Court rules on Defendants' pending Rule 12(c) Motions.

Stephanie

## WILSON SONSINI

**Stephanie L. Jensen | Of Counsel | Wilson Sonsini Goodrich & Rosati**
701 Fifth Avenue, Ste 5100 | Seattle, WA  98104 | direct: 206.883.2556 | mobile: 206.930.8803 | sjensen@wsgr.com
🌐 👤 in 🐦 f

**From:** Luke Olts <LOlts@rgrdlaw.com>
**Sent:** Friday, January 27, 2023 2:00 PM
**To:** Megan Rossi <MRossi@rgrdlaw.com>; DWiener@mofo.com; Rowe, Betty <browe@wsgr.com>; Jensen, Stephanie

<sjensen@wsgr.com>; Peterson, John <jpeterson@wsgr.com>; Watts, Gregory <GWatts@wsgr.com>
**Cc:** Doug Britton <DougB@rgrdlaw.com>; Raffi Friedman <RFriedman@rgrdlaw.com>
**Subject:** RE: In re eHealth Securities Litigation, Case No. 4:20-cv-02395-JST1/12

EXT - lolts@rgrdlaw.com

---

Counsel:

We write yet again to follow up on our request for your comments on the proposed ESI agreement, and to request a meet and confer next week on Plaintiff's discovery requests.  If, as you state in your responses to those requests, Defendants are refusing to engage in any discovery until the resolution of your Motion for Judgment on the pleadings, we will be forced to bring this issue to the Court.

Please let us know your position by 5 pm on Monday.

Thank you,

Luke

---

**From:** Megan Rossi <MRossi@rgrdlaw.com>
**Sent:** Monday, January 9, 2023 12:13 PM
**To:** DWiener@mofo.com; Rowe, Betty <browe@wsgr.com>; Jensen, Stephanie <sjensen@wsgr.com>; Peterson, John <jpeterson@wsgr.com>; 'Watts, Gregory' <GWatts@wsgr.com>
**Cc:** Doug Britton <DougB@rgrdlaw.com>; Luke Olts <LOlts@rgrdlaw.com>; Raffi Friedman <RFriedman@rgrdlaw.com>
**Subject:** In re eHealth Securities Litigation, Case No. 4:20-cv-02395-JST1/12

Counsel,

We previously sent the attached proposed Electronic Discovery Agreement for your review on December 21, 2021. We believe we have not yet received any comments or edits. If Defendants have comments or edits, when do you expect to provide those? Additionally, please let us know your availability this week for a phone call to discuss the proposed Electronic Discovery Agreement.

Thank you,

Megan

**Megan A. Rossi**
Associate

Robbins Geller
Rudman & Dowd LLP

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058



**NOTICE: This email message is for the sole use of the intended**

`recipient(s) and may contain information that is confidential and`
`protected from disclosure by the attorney-client privilege, as`
`attorney work product, or by other applicable privileges.  Any`
`unauthorized review, use, disclosure or distribution is prohibited.`
`If you are not the intended recipient, please contact the sender`
`by reply email and destroy all copies of the original message.`

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.