ROLNICK KRAMER SADIGHI LLP
Jeffrey A. Ritholtz (*pro hac vice* application forthcoming)
jritholtz@rksllp.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 597-2800
Facsimile: (212) 597-2801

THE LONG LAW FIRM, PLLC
James A. Long CSB No. 326404
8605 Santa Monica Blvd.
PMB 48629
West Hollywood, CA 90069
(315) 991-8000 Telephone
jlong@long.law

*Attorneys for the Alger Funds (see signature block)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE eHEALTH INC. SECURITIES LITIGATION | Case No. 4:20-cv-2395-JST<br><br>**ALGER FUNDS' LIMITED MOTION TO INTERVENE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing Information:**<br>Date:     July 27, 2023<br>Time:     2:00 p.m. (Pacific Time)<br>Place:    Courtroom 6 (2nd Floor) |

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

**PLEASE TAKE NOTICE** that on July 27, 2023 at 2:00 p.m. (Pacific Time) in Courtroom 6, 2nd Floor of the United States District Courthouse, located at 1301 Clay Street, Oakland, California, before the Honorable Judge Jon S. Tigar, the Alger Funds (as defined in the below Memorandum of Points and Authorities) will and hereby do move the Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an Order granting their limited request to intervene to suspend the running of the statute of repose as to their individual claims in the action titled *In re eHealth Securities Litigation*, No. 4:20-cv-2395-JST.

The Alger Funds are unnamed putative members of the plaintiff class and seek to intervene in the above-titled action for the sole and limited purpose of protecting their individual claims from expiration under the Securities Exchange Act of 1934's statute of repose, and thus preserving their ability to seek relief individually for the misconduct alleged in the class action. The Alger Funds seek to intervene in the action by permissive intervention.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the arguments of counsel at any hearing on this Motion.

Dated: April 25, 2023

THE LONG LAW FIRM, PLLC

By:   /s/ James A. Long
        James A. Long

ROLNICK KRAMER SADIGHI LLP
Jeffrey A. Ritholtz (*pro hac* vice application forthcoming)

*Attorneys for the Alger Funds*

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 2

ARGUMENT ................................................................................................................................. 5

    1.    The Motion to Intervene is Timely .............................................................................. 8

    2.    The Alger Funds' Claims Share Common Questions of Law and Fact With Those

        of the Class ................................................................................................................. 10

CONCLUSION ............................................................................................................................. 10

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Aldapa v. Fowler Packing Co.*,
No. 1:15-cv-00420-DAD-SAB, 2016 WL 3361807 (E.D. Cal. June 16, 2016)........................ 9

*American Pipe & Construction Co. v. Utah*,
414 U.S. 538 (1974)......................................................................................... 6

*Beckman Industries, Inc. v. International Insurance Co.*,
966 F.2d 470 (9th Cir. 1992) ......................................................................... 5, 10

*Bertrand v. eHealth, Inc., et al.*,
No. 4:20-cv-2967-JST.................................................................................. 2

*Boston Retirement System v. Alexion Pharmaceuticals, Inc., et al.*,
No. 3:16-cv-02127 (D. Conn.)........................................................................ 5, 7

*California Public Employees' Retirement System v. ANZ Securities, Inc.*,
137 S. Ct. 2042 (2017)..................................................................................... 6

*DeLuca v. Farmers Insurance Exchange*,
No. 17-cv-00034-EDL, 2018 WL 11436065 (N.D. Cal. Dec. 21, 2018) .................................. 9

*Dixon v. Cost Plus*,
No. 12-CV-02721-LHK, 2012 WL 2499931 (N.D. Cal. June 27, 2012) ................................ 11

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ......................................................................... 7

*In re Envision Healthcare Corp. Securities Litigation*,
No. 3:17-cv-01112 (M.D. Tenn.)..................................................................... 5, 7, 9

*In re JDS Uniphase Corp. Securities Litigation*,
No. C 02-1486 CW, 2005 WL 2562621 (N.D. Cal. Oct. 12, 2005) ......................................... 8

*In re Lendingclub Securities Litigation*,

282 F. Supp. 3d 1171 (N.D. Cal. 2017) ................................................................................ 5

*Low v. Altus Financial S.A.*,

44 Fed. App'x 282 (9th Cir. 2002) ..................................................................................... 9

*Merck & Co. v. Reynolds*,

559 U.S. 633 (2010) ........................................................................................................... 6

*Ontario Teachers' Pension Plan Board, et al. v. Teva Pharmaceutical Industries Ltd., et al.*,

No. 3:17-cv-00558-SRU (D. Conn.) ........................................................................... 5, 7, 10

*Patel v. eHealth, Inc. et al.*,

No. 5:20-cv-2395-JST ......................................................................................................... 2

*Perry v. Schwarzenegger*,

No. C 09-2292 VRW, 2010 WL 1469749 (N.D. Cal. Aug. 4, 2010) ................................. 6

*Samsung Electronics Co., Ltd. v. Panasonic Corp.*,

No. 10-cv-03098-JSW, 2016 WL 11781870 (N.D. Cal. Sept. 26, 2016) ........................... 9

*Sloan v. General Motors LLC*,

No. 16-cv-07244-EMC, 2020 WL 5517244 (N.D. Cal. Sep. 14, 2020) ........................... 10

*Spangler v. Pasadena City Board of Education*,

552 F.2d 1326 (9th Cir.1977) ......................................................................................... 6, 9

*Su v. Siemens Industry, Inc.*,

No. 12-cv-03743-JST, 2013 WL 3477202 (N.D. Cal. July 10, 2013) ............................. 10

*United States v. Carpenter*,

298 F.3d 1122 (9th Cir. 2002) ...................................................................................... 8, 10

*Winston v. United States*,

No. 14-cv-05417-MEJ, 2015 WL 9474284 (N.D. Cal. Dec. 29, 2015) ............................. 9

**Statutes**

28 U.S.C. § 1658(b) ............................................................................................................... 6

**Other Authorities**

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

v

James J. Mayer, *Rejecting the Class Action Tolling Forfeiture Rule*, 94 N.Y.U. L. REV. 899 (2019) ................................................................................................................. 6

**Rules**

Fed. R. Civ. P. 12(c) ............................................................................................... 4

Fed. R. Civ. P. 24(b) ............................................................................................ 1, 5

Fed. R. Civ. P. 25 ................................................................................................... 3

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

1

The Alger Funds[1] respectfully submit this Memorandum of Points and Authorities in support of their motion, pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, to intervene in the above-captioned action ("Action") for the sole purpose of preserving their individual claims, as alleged in the operative class action complaint, from expiration under the Securities Exchange Act of 1934's ("Exchange Act") statute of repose. By this motion to intervene, the Alger Funds provide Defendants[2] notice of their individual claims and thereby preserve the timeliness of those claims, following direct guidance from the Supreme Court that intervention is the proper method for passive class members to do so.

## INTRODUCTION

The Alger Funds face a rare predicament for which relief from this Court is warranted. This Action was first filed over three years ago, in April 2020, but due to circumstances beyond the Alger Funds' control—including the death, and required replacement, of the original lead plaintiff—remains subject to motions for judgment on the pleadings and has not even advanced to discovery. The Alger Funds are putative, passive, class members in the Action, and are now in jeopardy of having their individual claims eliminated by the five-year statute of repose under the Exchange Act. If the Alger Funds do nothing, they will be left without a remedy in the event this Court ultimately denies class certification. And even if this Court were to ultimately grant class certification—whether in the context of settlement or not—the Alger Funds will have no

---

[1] The "Alger Funds" are, for purposes of this motion: Alger Health Sciences Fund, Alger Dynamic Opportunities Fund, Alger Large Cap Growth Portfolio, Alger Mid Cap Growth Fund, Alger Mid Cap Growth Institutional Fund, Alger Midcap Growth Portfolio, Alger SICAV – Alger Dynamic Opportunities Fund, Alger SICAV – Alger Small Cap Focus Fund, Alger SICAV – Alger Weatherbie Specialized Growth Fund, Alger Small Cap Focus Fund, Alger Small Cap Growth Fund, Alger Small Cap Growth Institutional Fund, Alger Weatherbie Specialized Growth Fund, Alger Weatherbie Specialized Growth Portfolio, Weatherbie Growth Fund, and Weatherbie Long/Short Fund. Each of the Alger Funds purchased shares of eHealth during the period from April 26, 2018 to July 16, 2020 and were damaged as a result, making them members of the putative class as currently pled.

[2] "Defendants" are eHealth, Inc. ("eHealth"), Scott N. Flanders, Derek N. Yung, and David K. Francis.

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

meaningful right to opt out of the class action should the class take actions contrary to the Alger Funds' interests.  In either case, the Alger Funds will be prejudiced.

The solution to this predicament is one invited *directly* by the Supreme Court, and which has been endorsed by multiple district courts: a "simple motion to intervene" for the limited purpose of preventing the expiration of individual claims via the statute of repose.  Intervention in this context accomplishes precisely what the Supreme Court envisioned in developing the *American Pipe* tolling doctrine: promoting economy and efficiency of litigation while protecting otherwise passive class members' individual rights.  In seeking this limited intervention, the Alger Funds explicitly do *not* seek to be appointed as representative plaintiffs or to otherwise interpose themselves into the Action in any way.  Rather, the Alger Funds seek only to preserve their status as putative class members, with all attendant rights and protections, and to prevent their claims from being extinguished in the event that the case later develops in a way that would cause them to exercise their opt-out rights or be forced to bring their own claims.  In all six instances in which motions to intervene have been brought for this purpose in federal court, the motions have been granted.  The Court should permit intervention here as well.

### FACTUAL BACKGROUND

The initial complaint in this Action, *Patel v. eHealth, Inc. et al.*, No. 4:20-cv-2395-JST, was filed on April 8, 2020.  (ECF No. 1.)  A second complaint against the same Defendants, and including substantively similar claims, *Bertrand v. eHealth, Inc., et al.*, No. 4:20-cv-2967-JST, was filed on April 30, 2020.  On June 24, 2020, following the requirements of the PSLRA, the Court issued an Order consolidating the two actions and appointing Billy White as lead plaintiff.  (ECF No. 39.)  Mr. White was an individual who purchased shares of eHealth.

On August 25, 2020, Mr. White filed an amended class action complaint against Defendants for violations of the federal securities laws under Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder, on behalf of those who purchased or otherwise acquired shares of eHealth common stock between March 19, 2018 and July 23, 2020

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

(the "Class Period").  (ECF No. 46, "Complaint.")[3]  The Complaint alleged that eHealth, a health insurance broker that sells primarily Medicare-related policies on behalf of private insurers, as well as eHealth's senior officers, concealed information from investors concerning worsening "member churn"—*i.e.*, the percentage of eHealth's customers that cancelled policies after one year.  These omissions allowed eHealth to recognize between three and five years of commissions immediately upon selling policies, and in turn report misleadingly high revenue and profit earnings during the Class Period.  On April 8, 2020, a well-known research firm published a report detailing eHealth's accounting misconduct and informing the public that eHealth had overstated revenues and profits by over $100 million in 2019 alone, causing a significant decline in eHealth's stock price.  On July 23, 2020, eHealth announced its earnings results for the second quarter of 2020 and revealed substantive aspects of the allegations of misconduct previously reported by the research firm, again causing its stock price to fall.

Defendants filed a motion to dismiss the Complaint on October 23, 2020, which was fully briefed by January 29, 2021.  (ECF Nos. 47, 51, 54.)  On August 12, 2021, the Court granted the motion to dismiss as to seven of ten alleged material misstatements or omissions by Defendants, but denied the motion as to three misstatements made during earnings calls on April 26, 2018 and February 20, 2020.  (ECF No. 64.)  On August 23, 2021, the Court entered a Scheduling Order for class certification briefing, which required lead plaintiff to move for class certification by January 21, 2022, and contemplated the completion of all class certification briefing by March 22, 2022. (ECF No. 70.)  This date was more than a year in advance of the statute of repose deadline for any misstatements pled in the Class Action that survived the Court's motion to dismiss ruling. Defendants answered the Complaint on October 1, 2021.  (ECF No. 76.)

On November 11, 2021, counsel for Mr. White filed a Notice of Death of Party pursuant to Federal Rule of Civil Procedure 25 advising the Court that former lead plaintiff Billy White had

---

[3] At that time, it would be almost three more years until any alleged misrepresentations might no longer be actionable under the statute of repose—plenty of time for the case to reach at least class certification.

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

4

passed away. (ECF No. 78.) This unfortunate and unexpected occurrence resulted in delay of this matter, through no fault of the current parties, the Court, or unnamed putative class members.

On January 10, 2022, the Court ordered the publication of notice in connection with the re-opening of the lead plaintiff appointment process. (ECF Nos. 83, 85.) Contested motions for appointment of lead plaintiff were filed by Chicago & Vicinity Laborers' District Council Pension Fund ("Lead Plaintiff"), Qui-Nhi Tran-Nguyen, and Patricia Bertrand. (ECF Nos. 87, 90, 97.) On November 9, 2022, the Court granted the pension fund's motion, approved it as Lead Plaintiff, and approved its selection of Robbins Geller Rudman & Dowd LLP as lead counsel. (ECF No. 113.)

On December 22, 2022, Defendants filed motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which were fully briefed by February 9, 2023. (ECF Nos. 117, 119, 124-27.) On April 5, 2023, the Court vacated the hearing on the motions, stating that it "finds the matter suitable for disposition without oral argument." (ECF No. 134.) While the motions for judgment on the pleadings have been pending, Defendants have refused to engage in any discovery, taking the position that the automatic stay provision under the Private Securities Litigation Reform Act of 1995 ("PSLRA") was triggered when those motions were filed. (ECF No. 128.) Accordingly, no, or effectively no, discovery in the Action has been taken to date, and no class certification motion has been filed.

The Alger Funds—by virtue of their purchases of eHealth securities during the Class Period—are putative, unnamed, class members in the Action who were damaged by Defendants' misconduct and whose individual claims are now under threat of elimination by the five-year statute of repose imposed by the Exchange Act. At this time, the Action has not advanced past motions on the pleadings, class certification has not been filed (no less decided), and effectively no discovery has been taken, but the statute of repose on the misstatements this Court has found actionable looms. The Alger Funds seek intervention solely to preserve the timeliness of their individual claims so that, should this Court deny class certification, they may press their own individual claims; or, should this Court eventually grant certification (whether in a contested or

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

settlement context), the Alger Funds may make an informed decision whether to remain class members or "opt out" of the Class and pursue their individual claims.

## ARGUMENT

This is a limited motion to intervene for the sole purpose of suspending the statute of repose with respect to the Alger Funds' individual claims against Defendants, to the extent that the class action version of those claims survived this Court's well-reasoned order on Defendants' motion to dismiss. An intervention motion to preserve the timeliness of individual claims in the securities class action context was specifically invited by the United States Supreme Court in *California Public Employees' Retirement System v. ANZ Securities, Inc.* ("*ANZ Securities*"), which held that a "simple motion to intervene" would be one potential way for an individual class member to protect its individual claims from expiry under the statute of repose. 137 S. Ct. 2042, 2054 (2017). To the Alger Funds' knowledge, similar motions have been brought before federal courts on six occasions, and all have been granted.[4]  The same result is appropriate here.

Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  An applicant for permissive intervention typically "need only show that (1) independent grounds for jurisdiction exist; (2) the motion is timely; and (3) the applicant's claim or defense shares a common question of law or fact with the main action."  *See In re Lendingclub Secs. Litig.*, 282 F. Supp. 3d 1171, 1177 (N.D. Cal. 2017).  However, an independent jurisdictional basis is not required where, as here, "intervenors do not seek to litigate a claim on the merits[,]" but rather "ask the court only to exercise that power which it already has"—to recognize the Alger Funds as intervenors solely for purposes of preserving their claims.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

---

[4] *See Ontario Teachers' Pension Plan Board, et al. v. Teva Pharmaceutical Industries Ltd., et al.*, No. 3:17-cv-00558-SRU, (D. Conn.) ("*Teva*"), ECF Nos. 284, 636, 695; *In re Envision Healthcare Corp. Securities Litigation*, No. 3:17-cv-01112 (M.D. Tenn.) ("*Envision*"), ECF No. 315; *Boston Retirement System v. Alexion Pharmaceuticals, Inc., et al.*, No. 3:16-cv-02127 (D. Conn.) ("*Alexion*"), ECF Nos. 208, 234.

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

6

"Discretionary factors" that courts may consider for permissive intervention include "the nature and extent of the applicant's interest, whether the applicant's interests are adequately represented by other parties and whether intervention will prolong or unduly delay the litigation." *Perry v. Schwarzenegger*, No. C 09-2292 VRW, 2010 WL 11469749, at *6 (N.D. Cal. Aug. 4, 2010) (citing *Spangler v. Pasadena City Bd. "of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

This action is a securities class action brought under the federal securities laws, in particular, the Exchange Act. A private action under Sections 10(b) and 20(a) of the Exchange Act must be filed within the earlier of "(1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658(b). Courts have construed 28 U.S.C. § 1658(b) as imposing a two-year statute of limitations, and a five-year statute of repose. *See Merck & Co. v. Reynolds*, 559 U.S. 633, 650 (2010). In *American Pipe & Construction Co. v. Utah*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class." 414 U.S. 538, 553-54 (1974). *American Pipe* has been extensively cited and applied to toll statutes of limitations. *See* James J. Mayer, *Rejecting the Class Action Tolling Forfeiture Rule*, 94 N.Y.U. L. REV. 899 (2019) (discussing application of *American Pipe* tolling across circuits). However, in *ANZ Securities*, the Supreme Court held that *American Pipe* tolling does not apply to the statute of repose in the federal securities laws. *See* 137 S. Ct. 2042, 2051 (2017).

To address the incongruity between the *American Pipe* tolling rule and the statute of repose for federal securities claims, the Supreme Court in *ANZ Securities* recognized a motion to intervene as the proper method to preserve the timeliness of claims, holding that a "simple motion to intervene . . . may well suffice" to protect class members' interests in their claims, and their rights to litigate on an individual basis. *Id.* at 2054. Indeed, the Supreme Court found that the intervention process is unlikely to be "onerous" and district courts have "ample means" to ensure "that any additional filings proceed in an orderly fashion." *Id.*

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

Multiple courts have since followed the Supreme Court's guidance, permitting intervention for the purpose of preserving timeliness of claims against the statute of repose. In *Teva*, the District of Connecticut—in summary docket entry orders—granted three motions to intervene for the sole purpose of protecting individual securities claims from the expiration of the statue of repose. *See Teva*, ECF Nos. 284, 636, 695. In *Envision*, the Middle District of Tennessee similarly permitted putative class members to intervene for this purpose. *See Envision*, ECF No. 315. In both *Teva* and *Envision*, intervention motions were granted although they were filed *after* motions on the pleadings were decided and discovery commenced. Intervention is even more compelling here, where, according to Defendants, the PSLRA has acted to prevent the action from progressing past the pleading stage while the statue of repose is set to expire. More akin to this case, therefore, is *Alexion*, where the District of Connecticut permitted intervention for two groups of proposed intervenors, including a subset of the Alger Funds seeking to intervene here, for the purpose of preserving individual claims *prior to* decisions on motions to dismiss and the onset of discovery. *See Alexion*, ECF Nos. 208, 234. Like the Alger Funds in this case, the PSLRA stay denied those intervenors critical information about the viability of their individual claims and the adequacy of the class remedy that would otherwise influence their decisions about whether to pursue individual claims. And in both instances, the court granted the motions, finding the relief was supported by the Supreme Court's language in *ANZ Securities*. *See id.*

Undergirding all six instances where this type of motion has been granted is that a putative class member in a securities class action is placed in a (well-recognized) bind as a result of the securities laws' statute of repose and the occasionally deliberate pace of litigation (often not the fault of the Court or the parties). Here, under the original schedule set by the Court, a motion for class certification would likely have been decided by this time and the Alger Funds would have been able to make an informed decision based on the outcome of that motion: if the motion were denied, the Alger Funds could bring their individual claims, and if the motion were granted, the Alger Funds could make an informed decision as to whether to remain class members or exercise

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

their constitutional rights to opt out and bring their own claims. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998) ("The procedural due process rights of [class] members include an opportunity to be excluded from the action" and "the right to intelligently and individually choose whether to continue in a suit as class members.")

But this case, through no fault of the Court or the parties, has proceeded more slowly—predominantly because of the unfortunate death of the original lead plaintiff. Now, the Alger Funds face the prospect that without intervention, their valuable individual claims will be lost to the statute of repose before any class certification motion is made, no less decided. If this Court were to *deny* certification in the future, the Alger Funds' individual claims would have already become untimely, denying the Alger Funds any recovery despite the Court finding there to be viable Exchange Act claims at the motion to dismiss level. In the alternative, if the Court were to grant certification in the future, the Alger Funds' critical opt out rights would be illusory given that the Alger Funds' individual claims would have expired under the statute of repose. The Court should permit the Alger Funds to intervene to prevent that prejudicial result.

### 1. The Motion to Intervene is Timely

The Alger Funds' motion is timely. As a threshold matter, the Alger Funds bring this motion *within* the statute of repose applicable to all claims that survived this Court's motion to dismiss ruling—specifically, before the expiry of the statute of repose as to the April 26, 2018 misstatement.

The timeliness of a motion to intervene depends upon the consideration of three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002). "The most important consideration in evaluating the timeliness of a motion to intervene is whether any delay in moving for intervention may prejudice existing parties; as long as prejudice is not likely to result from the timing of the motion, courts interpret the timeliness

9

requirement liberally." *In re JDS Uniphase Corp. Secs. Litig.*, No. C 02-1486 CW, 2005 WL 2562621, at *3 (N.D. Cal. Oct. 12, 2005) (citation omitted).

There is no prejudice to any of the existing parties if the Alger Funds are allowed to intervene for the limited purpose of preventing the expiration of their claims under the statute of repose. The Alger Funds are *not* seeking to become lead plaintiffs or other representative parties, nor to disrupt or interfere with the progress of the Action in any way, and expressly retain the protections against discovery that apply to passive, unnamed class members. *See, e.g.*, *DeLuca v. Farmers Ins. Exch.*, No. 17-cv-00034-EDL, 2018 WL 11436065, at *2 (N.D. Cal. Dec. 21, 2018) (denying discovery of absent class members); *Aldapa v. Fowler Packing Co.*, No. 1:15-cv-00420-DAD-SAB, 2016 WL 3361807, at *7 (E.D. Cal. June 16, 2016) (same). Such limited intervention will impose no additional burdens on the Court or the parties, and it will neither prolong nor delay the Action. *See Spangler*, 552 F.2d at 1329; *see also Envision*, ECF No. 315 (granting intervention for the same limited purpose "[b]ecause it does not appear that [Intervenor's] intervention would affect the original Parties in any way"). On the other hand, the Alger Funds and the parties would face significant prejudice if the Alger Funds were not permitted to intervene, as the Alger Funds' individual claims would be extinguished or they would be forced to file a protective individual complaint, causing the Alger Funds, the parties, and the Court to expend unnecessary resources.

The Alger Funds' motion is also timely because the case remains at an early stage. Motions on the pleadings are pending, effectively no discovery has been taken, and no trial date has been set. *See, e.g.*, *Samsung Elecs. Co., Ltd. v. Panasonic Corp.*, No. 10-cv-03098-JSW, 2016 WL 11781870, at *3 (N.D. Cal. Sept. 26, 2016) ("[E]arly stage" of litigation favored intervention where motion to dismiss was pending and discovery had not yet commenced); *Winston v. U.S.*, No. 14-cv-05417-MEJ, 2015 WL 9474284, at *3 (N.D. Cal. Dec. 29, 2015) ("As discovery has yet to commence and no significant substantive rulings have been made, the case remains in the early stages of litigation. Thus, the proceedings have not advanced to the point where intervention is inappropriate."); *Low v. Altus Fin. S.A.*, 44 Fed. App'x 282, 284 (9th Cir. 2002) (finding

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

intervention timely three years after the complaint was filed because "the district court ha[d] made no factual findings, there ha[d] been no summary judgment proceedings, discovery [wa]s in its early stages with no set cut-off date, and there [wa]s no trial date.").

Measured from the most relevant dates in a case subject to the PSLRA, the Alger Funds' motion is clearly timely.  For example, the current Lead Plaintiff was appointed only a few months ago (ECF No. 113), and unnamed class members learned that discovery was at a standstill only a couple of months ago (ECF No. 128).  As recently as two weeks ago, the Alger Funds were prepared to have counsel listen to the Court's hearing on the motions for judgment on the pleadings to see if intervention would be avoidable, but that hearing was canceled, and the Court indicated it intends to decide the motions on the papers.  For this limited intervention motion, timeliness is satisfied given the procedural posture of the case, and rote reference to when the very first (since superseded) complaint was filed is not a relevant factor.  *See Teva*, Dkt. Nos. 284, 636, 695; *Carpenter*, 298 F.3d at 1125 (holding motion to intervene was timely when filed eighteen months after complaint because "[t]he intervenors acted as soon as they had notice that the proposed settlement was contrary to their interests").

### 2. The Alger Funds' Claims Share Common Questions of Law and Fact With Those of the Class

The Alger Funds are members of the putative class, and therefore their claims necessarily share common questions of law and fact with those of the class.  *See Sloan v. Gen. Motors LLC*, No. 16-cv-07244-EMC, 2020 WL 5517244, at *8 (N.D. Cal. Sep. 14, 2020) (class members "clearly share common questions of law and fact under Rule 24(b)(1)(B)").  The Alger Funds' individual federal securities claims arise out of the same misconduct, misrepresentations, and omissions alleged in the Complaint.  They satisfy all requirements for permissive intervention.

### CONCLUSION

For the foregoing reasons, the Alger Funds respectfully request that the Court join every other court that has heard this form of limited intervention motion and grant this motion to allow them to intervene for the sole purpose of preserving their claims against the expiration of the statute

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

of repose, with the Alger Funds otherwise remaining passive members of the putative class with all other associated rights.[5]

Dated:  April 25, 2023                    THE LONG LAW FIRM, PLLC


                                    By:  _____/s/ James A. Long_____
                                              James A. Long

                                    ROLNICK KRAMER SADIGHI LLP
                                    Jeffrey A. Ritholtz (*pro hac* vice application forthcoming)

                                    *Attorneys for the Alger Funds, consisting of Alger Health Sciences Fund, Alger Dynamic Opportunities Fund, Alger Large Cap Growth Portfolio, Alger Mid Cap Growth Fund, Alger Mid Cap Growth Institutional Fund, Alger Midcap Growth Portfolio, Alger SICAV – Alger Dynamic Opportunities Fund, Alger SICAV – Alger Small Cap Focus Fund, Alger SICAV – Alger Weatherbie Specialized Growth Fund, Alger Small Cap Focus Fund, Alger Small Cap Growth Fund, Alger Small Cap Growth Institutional Fund, Alger Weatherbie Specialized Growth Fund, Alger Weatherbie Specialized Growth Portfolio, Weatherbie Growth Fund, and Weatherbie Long/Short Fund*

---

[5] The Alger Funds do not attach a pleading to their motion as typically required by Rule 24(c) due to the procedural posture of this intervention and because the Alger Funds do not intend to file a pleading at this time, even if intervention is granted.  That is no reason to deny the motion where the other requirements for intervention are satisfied.  *See, e.g.*, *Beckman*, 966 F.2d at 474 ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."); *Su v. Siemens Indus., Inc.*, No. 12-cv-03743-JST, 2013 WL 3477202, at *2 (N.D. Cal. July 10, 2013) (permitting intervention without pleading where intervenor "described his interest in th[e] case sufficiently to provide notice to the Court and the parties"); *Dixon v. Cost Plus*, No. 12-CV-02721-LHK, 2012 WL 2499931, at *6 (N.D. Cal. June 27, 2012) (same).  None of the six prior granted motions to intervene for this limited purpose attached a proposed pleading.

ALGER FUNDS' LIMITED MOTION TO INTERVENE
Case No. 4:20-cv-2395-JST

ROLNICK KRAMER SADIGHI LLP
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020