1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

IN RE eHEALTH INC. SECURITIES
LITIGATION

Case No.  20-cv-02395-JST   (LJC)

8
9

**ORDER REGARDING DISCOVERY
DISPUTE**

10

Re: Dkt. No. 128

11
12
13

Before the Court is the parties' Joint Discovery Letter, in which Lead Plaintiff requests,

14

and Defendants eHealth, Inc., Scott N. Flanders, Derek N. Yung, and David K. Francis

15

(collectively, Defendants) oppose, an order compelling Defendants to engage in the discovery

16

process.  Lead Plaintiff seeks an order that includes a requirement that Defendants meet and confer

17

on a Stipulated Protective Order regarding discovery of Electronically Stored Information (ESI)

18

and to produce documents responsive to his "First Request for Production of Documents

19

('RFPs')".  ECF No. 128.  The RFPs consist of fifty-two requests for production.  Id. at 23–32.[1]

20

Defendants contend that, pursuant to the Private Securities Litigation Reform Act of 1995

21

(PSLRA), an automatic stay of discovery applies at this stage of the litigation, while Defendants'

22

Motions for Judgment on the Pleadings are pending.  ECF Nos. 117 and 119.  This dispute is fully

23

briefed and suitable for decision without oral argument.  Civil L.R. 7-1(b).  Having read the

24

briefing filed by the parties and carefully considered their arguments and the relevant legal

25

authority, the Court DENIES Lead Plaintiff's request.

26
27
28

---

[1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system when the document is electronically filed on the court docket.

## I.   BACKGROUND

In the Joint Discovery Letter, the following litigation history is set forth.  On August 12, 2021, the Court granted in part and denied in part Defendants' Motion to Dismiss.  ECF No. 64.  The Court held that the Complaint had sufficiently alleged that Defendants' statements on April 26, 2018, and February 20, 2020, were actionable.  Id.  Defendants filed an Answer on October 1, 2021.  ECF No. 76.  A suggestion of death was filed shortly thereafter for then-Lead Plaintiff Billy White.  ECF No. 78.  Chicago & Vicinity Laborers' District Council Pension Fund was appointed as Lead Plaintiff and filed a Motion to Supplement the Complaint.  ECF Nos. 113, 116.  Lead Plaintiff served the RFPs on December 19, 2022, and sent a draft of an ESI Protocol to Defendants on December 21, 2022, asking to meet and confer.  Defendants declined to engage in any meet and confer, and served their responses and objections to the RFPs on January 18, 2023, stating they would not engage in discovery while their Motions for Judgment on the Pleadings were pending.[2]

## II.   DISCUSSION

Under the PSLRA, "all discovery and other proceedings *shall* be stayed during the pendency of *any* motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).  The Supreme Court has noted that the stays of discovery under the PSLRA are "automatic".  Chadbourne & Parke LLP v. Troice, 571 U.S. 377, 383 (2014); see, also, In re American Funds Securities Litigation, 493 F.Supp.2d 1103, 1104 (C.D. Cal. 2007) (PSLRA "enacted the mandatory stay of discovery[.]").

In Petrie v. Electric Game Card, Inc., the Ninth Circuit addressed the application of PSLRA's discovery stay, specifically the retroactive application of the statute to prohibit a party from accepting third-party responses to properly-issued requests for written discovery.  761 F.3d 959, 968 (9th Cir. 2014).  The Ninth Circuit stated, "[t]he common sense reading of the PSLRA's plain language 'all discovery and other proceedings shall be stayed' is that no litigant shall take any steps in pursuit of discovery during the pendency of any motion to dismiss."  Id.  The parties

---

[2] The Court notes that Defendants had filed their Motions for Judgment on the Pleadings two days after Lead Plaintiff served its discovery requests.

United States District Court
Northern District of California

1   in Petrie did not distinguish between motions to dismiss and motions for judgment on the

2   pleadings, and the Ninth Circuit, therefore, assumed that "the PSLRA discovery stay provision is

3   triggered by a motion for judgment on the pleadings in the same manner it is triggered by a motion

4   to dismiss." Id. at 968 n.11.  Indeed, the Ninth Circuit has long held that motions filed pursuant to

5   Rule 12(b) and Rule 12(c) are "functionally identical," as they test the sufficiency of a plaintiff's

6   allegations but differ with respect to the time of filing.  Cafasso, U.S. ex rel. v. General Dynamics

7   C4 Systems, Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (citing Dworkin v. Hustler Magazine,

8   Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)).

9       Lead Plaintiff does not argue that the discovery stay provision is ambiguous or explain

10  how the text lends itself to a meaning other that the common sense reading that the Ninth Circuit

11  articulated.  Instead, Lead Plaintiff argues that Defendants' Motions for Judgment on the

12  Pleadings "are really improper requests for reconsideration" of the Court's prior order finding

13  sufficient allegations for certain securities claims, or alternative the motions present questions of

14  fact that must be considered at summary judgment or trial.  ECF No. 128 at 2.  However, the

15  undersigned is not in a position to prejudge the merits of Defendants' pending motions.

16      Lead Plaintiff has not offered any compelling argument as to why this Court should

17  interpret the PSLRA differently from district courts that treat a Rule 12(c) motion the same as a

18  Rule 12(b)(6) motion for purposes of the discovery stay provision.  In the Eastern District of New

19  York, a court found that "a Rule 12(c) motion is a 'motion to dismiss' within the meaning of the

20  PSLRA automatic stay provision, and that therefore the stay is triggered by defendants' Rule 12(c)

21  motion."  Gardner v. Major Auto. Companies, No. 11-CV-1664 FB, 2012 WL 1230135, at *4

22  (E.D.N.Y. Apr. 12, 2012).  Lead Plaintiff contends that this Court should disregard Gardner, as a

23  Report and Recommendation issued by a magistrate judge.  However, no objections to the

24  recommendations were filed, and thus, the Report and Recommendation serves as the District

25  Court's discovery order.  See Gardner v. Major Auto. Companies, No. 11-CV-1664 FB,

26  (E.D.N.Y.), ECF Nos. 40–41.  In the Southern District of Texas, a court found a "motion for

27  judgment on the pleadings under Rule 12(c) may trigger the [PSLRA] stay in the same way as a

28  Rule 12(b)(6) motion."  Fed. Deposit Ins. Corp. as Receiver for Franklin Bank v. Morgan Stanley

United States District Court
Northern District of California

1 | & Co. LLC, No. CV H-12-CV-1777, 2012 WL 12894738, at \*2 (S.D. Tex. Oct. 30, 2012).

2 |   At most, Lead Plaintiff asserts a policy argument.  Congress, however, has balanced the

3 | various policy interests at stake in securities litigation, including a plaintiff's need for discovery,

4 | and adopted an automatic stay provision that necessarily entails some delay.  Lead Plaintiff warns

5 | that allowing successive stays would result in undue delays in discovery, citing, a "defendant

6 | could file repeated motions for leave to file a motion to reconsider or motions for reconsideration

7 | and prolong the PSLRA discovery stay."  In re LeapFrog Enter., Inc. Sec. Litig., No. 15-CV-

8 | 00347-EMC, 2017 WL 3263114, at \*1 (N.D. Cal. July 28, 2017).  The LeapFrog court was

9 | concerned with motions for reconsideration, which are different from the Motions for Judgment

10 | on the Pleadings pending in this case.  As this Court already noted, a "motion for judgment on the

11 | pleadings, like a motion to dismiss for failure to state a claim, addresses the sufficiency of a

12 | pleading," and a court "applies essentially the same standard on a Rule 12(c) motion as motions

13 | brought pursuant to Rule 12(b)(6)."  Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys.,

14 | Inc., 411 F. Supp. 2d 1172, 1174 (N.D. Cal. 2005).  In other words, a court is concerned with the

15 | sufficiency of the complaint in examining a motion for judgment on the pleadings, granting relief

16 | only after "taking all the allegations in the pleading as true."  Heliotrope Gen., Inc. v. Ford Motor

17 | Co., 189 F.3d 971, 978–79 (9th Cir. 1999) (internal quotation marks omitted).  And the purpose

18 | for the PSLRA automatic stay is to solidify sufficient pleadings before engaging in costly

19 | discovery.  In contrast, a motion for reconsideration does not focus on the pleadings but allows a

20 | court the discretion "to vacate judgments whenever such action is appropriate to accomplish

21 | justice."  Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009) (internal quotation marks

22 | omitted).

23 |   Moreover, a party seeking a motion for judgment on the pleadings is entitled to a PSLRA

24 | automatic stay notwithstanding a prior filing of a motion to dismiss.  As the Ninth Circuit has

25 | noted, "[w]hen an amended complaint is filed after an earlier complaint has been upheld (at least

26 | in part), the bulk of district courts have ruled that filing a motion to dismiss the amended

27 | complaint also triggers a stay of any discovery."  Petrie, 761 F.3d at 968 (citing multiple cases,

28 | including Fosbre v. Las Vegas Sands Corp., No. 2:10-cv-00765-KJD-GWF, 2012 WL 5879783, at

United States District Court
Northern District of California

*3 (D. Nev. Nov. 20, 2012)); see, e.g., Wang v. Lightspeed Env't, Inc., No. 12-14283, 2014 WL 29120, at *10 n.2 (E.D. Mich. Jan. 3, 2014) ("[T]he automatic stay has been held to apply to both initial and successive motions to dismiss.").  Lead Plaintiff's reliance on In re Salomon Analyst Litigation, 373 F. Supp. 2d 252, 254–56 (S.D.N.Y. 2005), is unpersuasive, compared to the reasoning advanced in a later decision, Fosbre, 2012 WL 5879783, at *2–3.

As such, on this record, this Court holds that Defendants' Motions for Judgment on the Pleadings trigger the PSLRA automatic stay of discovery.

Lead Plaintiff is not without recourse to seek a court order allowing discovery.  Under the PSLRA, the automatic stay of discovery can be lifted if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B).  Lead Plaintiff, at this time, has not shown the need to preserve evidence or any evidence of prejudice such that this Court should lift the discovery stay. Indeed, Lead Plaintiff had not made a particularized demand for discovery or advanced argument to establish undue prejudice.

## III.    CONCLUSION

The Court DENIES Plaintiffs' request to compel discovery while Defendants' have their Motions for Judgment on the Pleadings pending.

**IT IS SO ORDERED.**

Dated: June 12, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge